08CV5427
JUDGE KENNELLY
MAGISTRATE JUDGE BROWN
RCC

# EXHIBIT B

# EMPLOYEE CONFIDENTIALITY
# AND ASSIGNMENT OF INVENTIONS AGREEMENT

THIS EMPLOYEE CONFIDENTIALITY AND ASSIGNMENT OF INVENTIONS AGREEMENT ("Agreement") is made by the undersigned employee ("I" or "me") with Motorola, Inc. ("Motorola"). Motorola includes its successors, assigns, current and former affiliates ("affiliates" defined to mean entities that own, are owned by, or are under common ownership with Motorola, Inc.). In consideration of my employment by Motorola and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, I agree as follows:

1. **NONDISCLOSURE OF CONFIDENTIAL INFORMATION**

   Definitions: As used in this Agreement, "Confidential Information" means all confidential information and trade secrets (whether or not specifically labeled or identified as "confidential"), in any form or medium, that is disclosed to, or developed or learned by me and that relates to the business, products, services, research or development of Motorola or its suppliers, distributors or customers and that has not become publicly known. As used in this Agreement, Confidential Information includes all "Intellectual Property", which means all patent applications, ideas, inventions, formulae, know-how, devices, designs, models, methods, techniques and processes, specifications, tooling, computer programs, copyrightable works, mask works, technical and product information concerning circuits, and all other intellectual property rights.

   I recognize that Motorola is engaged in a continuous program of research and development, and that as an employee, I will have access to Confidential Information that has independent economic value to Motorola in part because it is confidential. I further recognize that Motorola has taken reasonable steps to protect its Confidential Information from disclosure to the public, including entering into this Agreement. During and after my employment, I will not disclose or use any Confidential Information except to the extent I am required to disclose or use such Confidential Information in the performance for my assigned duties; and I will use my best efforts to safeguard the Confidential Information and protect it against disclosure, misuse, espionage, loss and theft. In the event Motorola has entered into confidentiality agreements, which contain provisions different from and more restrictive than those set forth in this Agreement, I agree to comply with any such different and more restrictive provisions of which I am notified. Confidential Information or Intellectual Property of third parties, including my former employers, may have been disclosed to me and I lawfully may be bound not to disclose such information to others. I agree not to disclose such information or violate such nondisclosure restrictions and agree to provide Motorola with copies of any written agreements with former employers that contain such restrictions.

2. **OWNERSHIP OF INTELLECTUAL PROPERTY**

   I hereby assign and agree to assign to Motorola all right, title and interest that I may have or acquire in and to any Intellectual Property that relates in whole or in part to Motorola's business or actual or demonstrably anticipated research or development, to the extent such Intellectual Property is not already owned by Motorola as a matter of law. I shall reduce to writing any Intellectual Property not already in such form and promptly and fully communicate to Motorola all such Intellectual Property and I shall, both during and after my employment, cooperate with Motorola, at its reasonable expense, to protect Motorola's interests in such Intellectual Property. In the event that Motorola is unable to secure my signature to any document required for any application process for such Intellectual Property, I hereby irrevocably appoint Motorola and its duly authorized officers and agents, as my agents and attorneys-in-fact, to act on my behalf to do any lawfully permitted acts to further the prosecution or issuance of patents for such Intellectual Property with the same legal effect as if executed by me.

   I hereby irrevocably waive any and all "moral rights" that I may have in the Intellectual Property created hereunder (the "Work Product"), or any part thereof, in connection with Motorola's use(s) thereof. To the extent such waiver may be unenforceable, I agree that I will, without further remuneration (except for out-of-pocket expenses), execute and deliver to Motorola such waiver of my moral rights concerning the Work Product and Motorola's uses(s) thereof. I acknowledge and understand that the term "moral rights" as used herein includes the right of an author to be known as the author of his/her work to prevent others from being named as the author of his/her work to prevent

@BCL@D803C1A6.doc

1

others from making deforming changes in his/her work and to prevent others from using the work or the author's name in such a way as to reflect negatively on his/her professional standing.

During the term of my employment with Motorola and for a period of six (6) months after termination, I will promptly disclose to Motorola all Intellectual Property, that relates in whole or in part to Motorola's business or actual or demonstrably anticipated research or development, and that is created, conceived or reduced to practice by me, either alone or jointly with others, whether or not patentable or subject to copyright. I acknowledge and agree that any Intellectual Property related to Motorola's business or research or development, and that is created, conceived or reduced to practice by me (whether alone or jointly with others) within six (6) months after termination of my employment with Motorola will be presumed to have been conceived or made during the period of my employment with Motorola, unless and until established to the contrary by me. I hereby assign such Intellectual Property to Motorola.

I agree that this Agreement does not require assignment of any of my rights in an invention if I can establish that: no equipment, supplies, facilities or Confidential Information of Motorola were used; the invention was developed entirely on my own time and did not result from any work performed by me for Motorola; or that the invention does not relate, at the time of conception or reduction to practice, to Motorola's business or its research or development. I acknowledge and agree that any materials, authored, prepared, contributed to or written by me, in whole or in part, shall be done as "work made for hire" as defined and used in the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*. Prior to my employment at Motorola, I did not make or acquire any interest in inventions, that are the subject of issued patents or pending patent applications, or that might become the basis for one or more patent applications, other than those listed on Exhibit A.

3. **OWNERSHIP AND RETURN OF MATERIALS**

All documents and materials, which I have had access to or produced in connection with my services for Motorola, or which belong to Motorola, whether or not such materials contain Confidential Information, shall remain the sole property of Motorola. Upon termination, or at any time requested, I shall promptly deliver to Motorola all such materials and copies in my possession and control and shall provide written confirmation that I have returned all such materials.

4. **NON-SOLICITATION BY EMPLOYEE**

In further consideration of my employment by Motorola, I agree that during the term of my employment with Motorola and for a period of twelve (12) months after termination of my employment with Motorola, I shall not, directly or indirectly, induce or attempt to induce (i) any employee of Motorola or any of its subsidiaries or affiliates to leave the employ of Motorola or such subsidiary or affiliate or (ii) any other person to terminate a relationship with Motorola or any of its subsidiaries or affiliates. To the extent that any other agreements that I previously have entered into, or may enter into in the future, with Motorola contain provisions regarding my non-solicitation obligations that are different than or more restrictive than those set forth in this Agreement, I agree to comply with any such different and more restrictive provisions to which I have agreed.

5. **NONCOMPLIANCE**

I acknowledge and agree that the limitations set forth herein are reasonable with respect to scope, and duration, and are properly required for the protection of the legitimate business interest of Motorola. I acknowledge that my compliance with this Agreement is necessary to protect Motorola's goodwill and Confidential Information, that my failure to comply with this Agreement will irreparably harm the business of Motorola, and that monetary damages would not provide an adequate remedy to Motorola in the event of such non-compliance. Therefore, Motorola shall be entitled to obtain an injunction and other equitable relief in any court of competent jurisdiction against a breach by me of this Agreement, without the posting of bond or other security, in addition to whatever other remedies it may have. I agree that any action relating in any way to this Agreement shall be brought solely in a court of competent jurisdiction for the location of the Motorola facility at which I worked and consent to the jurisdiction of any such court and hereby waive any defense or objection related to improper or inconvenient forum, venue

or jurisdiction. In the event that Motorola successfully enforces this Agreement against me in any court, I will indemnify Motorola for the actual costs incurred by Motorola in enforcing this Agreement, including but not limited to attorneys' fees.

### 6. EMPLOYEE AT WILL

This Agreement does not constitute an employment agreement and I understand that I remain an employee at will. This means that I may resign at any time and Motorola may terminate my employment at any time, with or without cause and with or without notice.

### 7. MISCELLANEOUS

This Agreement shall be governed by, and construed and interpreted in accordance with the laws of Illinois (or if I am employed outside of the United States, the applicable local legal jurisdiction for the location of the Motorola facility at which I worked) without regard to conflict of law principles.

I agree that Motorola may present a copy of this Agreement to any of my actual or prospective subsequent employers. I also agree that upon termination and for a period of 12 months thereafter, I will immediately inform Motorola of the identity of any subsequent employer, my new position and job duties and responsibilities and any other information necessary to determine my compliance with the terms of this Agreement.

Any waiver by Motorola of the breach of or its right to enforce any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach or right of enforcement. The provisions of this Agreement are severable; if any provision is found to be unenforceable, the remaining provisions shall remain in full force and effect. If the scope of any provision in this Agreement is found to be too broad to permit its full enforcement, I consent to judicial modification of such provision and enforcement to the maximum extent permitted by law.

This Agreement and Exhibit A attached to this Agreement contain the entire agreement between the parties with respect to the subject matter hereof and supersede any previous understandings or agreements, whether written or oral, by or between the parties. No amendment to this Agreement, and no waiver of any one or more of the provisions of this Agreement, shall be effective unless set forth in writing and signed by the parties hereto.

### 8. UNDERSTAND AGREEMENT

I REPRESENT AND WARRANT THAT: (A) I HAVE READ AND UNDERSTAND THIS AGREEMENT; (B) I HAVE HAD THE OPPORTUNITY TO OBTAIN ADVICE FROM LEGAL COUNSEL OF MY CHOICE IN ORDER TO INTERPRET THIS AGREEMENT; AND (C) I HAVE BEEN GIVEN A COPY OF THIS AGREEMENT.

**IN WITNESS WHEREOF**, I acknowledge that this Agreement is neither a contract of employment nor a guarantee of continued employment and, intending to be legally bound hereby, I have executed this Agreement this _____ day of _____, 20___.

Signature:_____

Full Name:_____

Employee ID No. (i.e., Social Security #, government ID #, Motorola Commerce ID):_____

**EXHIBIT A**

**TO THE**

**EMPLOYEE CONFIDENTIALITY**
**AND ASSIGNMENT OF INVENTIONS AGREEMENT**

The following is a complete list of all inventions or improvements or works of authorship or other Intellectual Property relevant to the subject matter of my employment with, and/or the business of, Motorola, Inc. ("Motorola") that have been made or conceived or first reduced to practice by me alone or jointly with others prior to my employment by Motorola.

- [ ] No inventions, improvements, works of authorship or other Intellectual Property.
- [ ] See below.
- [ ] Additional sheets attached.




DATE:_____

Signature:_____

Full Name:_____

Employee ID No. (i.e., Social Security #, government ID #, Motorola Commerce ID):_____

@BCL@D803C1A6.doc

4