**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MOTOROLA, INC., a Delaware Corporation, | ) |
| Plaintiff / Counterclaim Defendant, | ) |
| v. | ) Case No. 08 CV 5427 |
| LEMKO CORPORATION, an Illinois Corporation, and XIAOHONG SHENG, an individual, | ) Judge Matthew F. Kennelly |
| Defendants / Counterclaim Plaintiffs, | ) Magistrate Judge Geraldine Soat Brown |
| SHAOWEI PAN, an individual, HANJUAN JIN, an individual, XIAOHUA WU, an individual, and XUEFENG BAI, an individual, | ) |
| Defendants. | ) |

## PLAINTIFF MOTOROLA'S MOTION TO COMPEL AND FOR ENTRY OF ELECTRONIC DISCOVERY PROTOCOL

In accordance with the Federal Rules of Civil Procedure 26(b)(2)(B) and 34, Plaintiff Motorola, Inc. ("Motorola") moves the Court to compel the production of the documents and things identified herein and to enter the attached Electronic Discovery Protocol (Exhibit A). In support of this motion, Motorola states the following:

1. On April 6, 2009, Plaintiff Motorola, pursuant to Federal Rule of Civil Procedure 34, served Requests for the Production of Documents and Things on Defendants Sheng, Pan, Bai, and Wu, including a request for "[a]ll electronic media containing electronic files created by Pan, from 2005 to the present, for electronic imaging, in the EnCase image format, by Plaintiff Motorola's experts, including, but not limited to, work computer(s) for Pan, servers, mainframes,

- 2 -

network file systems, workstations, laptop computers, personal digital assistants (PDAs), personal or home computers, private branch exchange (PBX), voice mail, digital printers or copiers, cell phones, backup media, CD-ROMs, DVDs, floppy diskettes, zip disks, tape archives, removable hard drives, flash or "thumb" drives, digital camera media, and all other electronic media containing information existing or stored that contain electronic files." (See Exhibits B-E, Request No. 1.)

     2.     Defendants Sheng, Bai, Pan, and Wu objected to Request No. 1 claiming, among other reasons, that the request is "unduly burdensome" and the information is not reasonably accessible due to the "high cost." (See Exhibits B-E, Responses to Request No. 1.)

     3.     On April 29, 2009, Plaintiff Motorola took the deposition of Defendant Lemko on the topics of its electronically stored information, and, thereafter, pursuant to Federal Rule of Civil Procedure 34, on May 6, 2009, served Requests for the Production of Documents of Things based on the information learned from that deposition. (See Exhibit F.)

     4.     Counsel for Plaintiff Motorola submitted a proposed Electronic Discovery Protocol to all counsel of record on March 23, 2009 and again on May 6, 2009, and, to date, has received no response thereto.

     5.     This Court has scheduled, at Defendants' request, a Settlement Conference for June 26, 2009, in advance of which certain discovery, in particular discovery regarding electronically stored information, was to be completed. The objections to the Request No. 1 (and the other requests, as well) made by Defendants Sheng, Bai, Pan, and Wu are specious and serve only to cause delay. Moreover, the complete failure to respond to the proposed Electronic Discovery Protocol by all Defendants also serves only to cause delay.[1]

---

[1] In fact, the delay already caused will make it extremely difficult for Motorola to submit a formal settlement demand by June 12, 2009.

6. Pursuant to Federal Rule of Civil Procedure 26(b)(2)(B), a party from whom discovery is sought "must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court *may nonetheless order discovery* from such sources if the requesting party shows good cause…" (emphasis added). Plaintiff Motorola's Request No. 1 is neither unduly burdensome nor too costly, as the imaging is estimated to cost approximately $750 per computer, $500 per cell phone, and $250 per portable storage device. Also, the imaging of each individual Defendant's computers is expected to take only <u>one</u> <u>day</u>. (See Exhibit A, ¶¶ 9-10.) Furthermore, requests like Request No. 1 are routinely granted, and protocols similar to Exhibit A for the production of electronically stored information are routinely entered. *See, e.g., Experian Info. Solutions, Inc. v. I-Centrix LLC*, No. 04-cv-4437, 2005 U.S. Dist. LEXIS 42868, (N.D. Ill. July 21, 2005); *see also Martin v. Redline Recovery Serv. LLC*, No. 08-cv-6153, 2009 U.S. Dist. LEXIS 35468 (N.D. Ill. Apr. 1, 2009); *Simon Property Group L.P. v. mySimon, Inc.*, 194 F.R.D. 639, 641 (S.D. Ind. 2000); *Playboy Enterprises, Inc. v. Welles*, 60 F.Supp.2d 1050, 1053 (S.D. Cal. 1999). Finally, this is an action pursuant to the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030 *et. al.*, based on Defendants' unauthorized computer use and access. The discovery of electronically stored information through imaging of the Defendants' computers is absolutely essential to the investigation of Defendants' wrongdoing, and therefore good cause exists.

WHEREFORE, Motorola respectfully requests that the Court prevent any further delay and grant this Motion, compelling production of the electronic media as described herein, and enter the Electronic Discovery Protocol in the form attached hereto as Exhibit A.

*   *   *

Date:  May 15, 2009                              Respectfully submitted,


  /s/ R. Mark Halligan
_____

**R. Mark Halligan (IL 6200723)**
rmhalligan@nixonpeabody.com
**Deanna R. Swits (IL 6287513)**
dswits@nixonpeabody.com
**NIXON PEABODY LLP**
161 N. Clark Street, Suite 4800
Chicago, Illinois  60601-3213
Tel:  (312) 425-3900
Fax: (312) 425-3909

*Attorneys for Plaintiff Motorola, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that this 15th day of May, 2009, he or she caused the attached **MOTION TO COMPEL AND FOR ENTRY OF ELECTRONIC DISCOVERY PROTOCOL** to be served via ECF, upon:

Michael Dean Karpeles (mickael.karpeles@goldbergkohn.com)
Matthew K. Organ (matthew.organ@goldbergkohn.com)
Goldberg Kohn Bell Black Rosenbloom & Moritz, Ltd.
55 East Monroe Street, Suite 3300
Chicago, Illinois  60603

Robert R. Cohen (frankelandcohen@aol.com)
Matthew Douglas Lango (mlango@fandelandcohen.com)
Frankel & Cohen
77 West Washington, Suite 1720
Chicago, Illinois  60602

John Michael Riccione (jriccione@agdglaw.com)
William J. Serritella, Jr. (wserritella@agdglaw.com)
Amy Michelle Rapoport (arapoport@agdglaw.com)
Aronberg Goldgehn Davis & Garmisa
330 North Wabash Avenue, Suite 1700
Chicago, Illinois  60601

and via email upon:

Telly Stefaneas, Esq.
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
Telly_stefaneas@me.com

      /s/ R. Mark Halligan
   *An Attorney for Plaintiff Motorola, Inc.*