# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MOTOROLA, INC., a Delaware Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 08 CV 5427 |
| v. | ) ) ) | |
| LEMKO CORPORATION, an Illinois Corporation, SHAOWEI PAN, an individual, HANJUAN JIN, an individual, XIAOHUA WU, an individual, XUEFENG BAI, an individual, and XIAOHONG SHENG, an individual, | ) ) ) ) ) ) ) ) | Judge Matthew F. Kennelly |
| Defendants. | ) ) | |

## ELECTRONIC DISCOVERY PROTOCOL

Plaintiff Motorola, Inc. ("Motorola" or "Plaintiff"), by and through its undersigned attorneys, proposes the following Joint Electronic Discovery Protocol concerning imaging and review of computer hard drives:

1. The imaging shall be performed by Impact Forensics LLC ("Impact") and Weyand Associates, Inc. (together, the "Forensic Consultants").

2. A "Producing Party" is a party that produces a computer to be imaged in this action.

3. A "Requesting Party" is a party that requests a computer to be imaged or the party that proposes search terms for an imaged drive.

4. A "computer" is defined as all servers, desktop computers, laptop computers, external hard drives, "Blackberry", "Q", and/or other smart phone devices, and thumb drives and "flash" drives.

5. Impact will image Defendant Lemko's computers on-site at Lemko's Schaumburg, Illinois facility. The computers initially to be imaged include Lemko's email server(s), file server(s), and work computers identified as the computers used in the normal course of business by any of the Defendants or any other person previously employed by Motorola, Inc. In addition, Impact can remove back-up tapes from Lemko's facility for the purpose of copying same and searching for the presence of responsive Electronically Stored Information ("ESI") according to the search terms outlined in Paragraph 13 below.

6. Impact will image the computers of Defendants Pan, Bai, Wu, and Sheng at Impact's computer forensics lab in Chicago, Illinois. Defendants Pan, Bai, Wu, and Sheng shall, through their respective attorneys, arrange for the delivery of all computers in their possession to Impact by the date in Paragraph 10 below.

7. The computers and servers will be imaged using industry standard processes, software and hardware including EnCase. The images will be actual "forensic" images (at the bit level).

8. A Producing Party has the right to have its own computer forensics consultants, as identified through the Undertaking to the Protective Order entered in this action, on-site during the imaging process to observe the process. Impact will provide the Producing Party's consultants with an exact forensic copy of each of the images taken within five (5) days of the imaging. Impact will create industry-standard chain of custody and security documentation of the imaging process and resulting media-stored images.

9. The imaging of Defendant Lemko's computers will take place at a mutually agreeable time sometime between May 26, 2009 and June 8, 2009.

10. The imaging of the computers of Defendants Pan, Bai, Wu, and Sheng will take place on May 26, 2009.

11. The images will remain in the custody of the Forensic Consultants until the completion of this case or any appeal thereof. At the conclusion of the case, each side may make arrangements with the Forensic Consultants for the return of its client's or clients' imaged computers.

12. Impact will be permitted to remove the images from Lemko's facility and the Forensic Consultants will perform searching and maintain appropriate security on the images and will abide by and sign the agreed protective order related to this matter.

13. The Forensic Consultants will search the ESI contained on the images for relevant emails and data from the date range of January 1, 2004 to the present.

14. After the searching is completed, the Forensic Consultants will deliver to the Producing Party a file listing of electronic documents and other information that are relevant (the "Relevant Documents and Other Information"). This file listing will be presented in Excel format for the Producing Party's attorneys to review. The Producing Party's attorneys will examine the list and will, within five (5) days, provide the Requesting Party's attorneys and the Forensic Consultants with a listing of those files they deem to be privileged or confidential (the "Privilege Log"). The Forensic Consultants will remove the items identified on the privileged log from the previously identified Relevant Documents and will then produce all non-privileged Relevant Documents in native searchable form on storage media with metadata to both parties for review. The Forensic Consultants will produce electronic Relevant Documents in the format

requested by the parties (eg., an electronic review tool or litigation review database such as Concordance).

15. The parties do not waive the right to assert that a produced document contains privileged information.

16. Each Producing Party shall be responsible for paying for the cost of his, her, or its imaged hard drive and associated searches.

17. Each party agrees to preserve all ESI related to this matter and will remove from service or create computer forensics images of any and all devices or computers that may contain relevant ESI related to the Plaintiff or this matter. This includes computers, servers, blackberries or other hand-held devices, storage media, back-up tapes and any other media which could include related ESI. For example, back-up tapes related to the time-period of the events associated with this matter will be removed from rotation, protected from loss or overwrite, and otherwise secured.

**SO ORDERED**, this _____ day of _____, 2009

Judge Matthew F. Kennelly