# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MOTOROLA, INC., a Delaware Corporation, )<br>)<br>Plaintiff / Counterclaim Defendant, )<br>)<br>v. )<br>)<br>LEMKO CORPORATION, an Illinois Corporation, )<br>)<br>Defendant / Counterclaim Plaintiff, )<br>)<br>SHAOWEI PAN, an individual, HANJUAN JIN, )<br>an individual, XIAOHUA WU, an individual, )<br>XUEFENG BAI, an individual, and XIAOHONG )<br>SHENG, an individual )<br>)<br>Defendants. ) | Case No. 08 CV 5427<br><br>Judge Matthew F. Kennelly<br>Magistrate Judge Geraldine<br>Soat Brown |

## DEFENDANT'S RESPONSE TO
## PLAINTIFF'S FIRST REQUEST TO PRODUCE DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Xiaohong Sheng, by her attorney, Michael P. Persoon, hereby objects and responds to Plaintiff Motorola's First Request to Produce Documents. To the extent that she has not objected to the items in this request, she will produce copies of non-privileged documents in her possession, custody, or control that are responsive to the request and have not previously been produced or otherwise made available to Plaintiff Motorola.

### General Objections

1) Defendant Sheng objects to each request to the extent it is beyond the scope of what is required of her under the Federal Rules of Civil Procedure, this Court's Local Rules, and any standing order of Judge Kennelly.

2) Defendant Sheng objects to each and every request to the extent that: they call for a legal conclusion; request documents or information already in the possession, custody, or control of Plaintiff Motorola; or request documents or information not in the possession, custody, or control of Defendant Sheng.

3) Defendant Sheng objects to each request to the extent that it requests answers or the production of documents which are protected from disclosure by any privilege or doctrine recognized in law, equity, or the rules of this Court, including, e.g. attorney-client privilege or the work product doctrine. Defendant and her attorney shall

screen all productions. Even with such screening, there is a possibility that privilege information may inadvertently be disclosed. **By accepting production, the Plaintiff agrees that to the extent such an inadvertent disclosure is made, it shall not constitute a waiver of privilege and that it shall return all such documents to her with the utmost haste.**

4) The objections and responses set forth are based on information presently known to Defendant Sheng and her attorneys and are made without prejudice as to her right to assert further objections should grounds for any such objection be discovered at a later time.

5) Defendant Sheng reserves the right to rely on any facts or evidence that may subsequently develop or come to her attention at a future date. Sheng continues to investigate all matters relating to this case, and reserves the right to amend or supplement any of the answers included herein.

6) Defendant Sheng reserves the right to object to the introduction into evidence of any document or answer provided herein. The fact that she has answered any request, in whole or in part, shall not constitute a waiver by her of any objection to the relevance or admissibility of any such document or answer.

7) The disclosure of any document or any answer provided herein shall not be considered or construed as the admission of any fact by Defendant Sheng.

### Request for Production

1. All electronic media containing electronic files created by Sheng, from 2005 to the present, for electronic imaging, in the EnCase image format, by Plaintiff Motorola's experts, including, but not limited to, work computer(s) for Sheng, servers, mainframes, network file systems, workstations, laptop computers, personal digital assistants (PDAs), personal or home computers, private branch exchange (PBX), voice mail, digital printers or copiers, cell phones, backup media, CD-ROMs, DVDs, floppy diskettes, zip disks, tape archives, removable hard drives, flash or "thumb" drives, digital camera media, and all other electronic media containing information existing or stored that contain electronic files.

**RESPONSE:** Sheng objects to this request on the following grounds: the request is beyond the scope of Fed. R. Civ. P. 34(a); is overly broad; is unduly burdensome; seeks information not in Sheng's possession, custody, or control; and seeks information not relevant or likely to lead to the discovery of relevant evidence.

2. A true and accurate copy of any and all communications by and between Sheng and other Defendant named in this action, including, but not limited to, letters, emails,

facsimiles, memoranda, agreements, and communications in which Sheng or any Defendant named in this action is a TO:, CC: or BCC: recipient.

**RESPONSE:** Any such documents shall be available for inspection and copying at the offices of Ms. Sheng's attorneys, at a time reasonably agreeable to the parties:

Investigation continues and Defendant shall make supplemental disclosures in the instance they are warranted.

3. A true and accurate copy of any and all documents and communications that relate or refer to Lemko's recruitment, employment, and/or termination of Sheng, including, but not limited to, that which relates to information provided in response to Interrogatory No. 1 of Plaintiff's First Set of Interrogatories to Defendant Xiaohong Sheng.

**RESPONSE:** Defendant has previously provided such documents as are presently known in her initial disclosures.

Investigation continues and Defendant shall make supplemental disclosures in the instance they are warranted.

4. A true and accurate copy of any document relied upon or statement identified in Defendant Sheng's Answer to the Amended Complaint and Counterclaims.

**RESPONSE:** Defendant has previously provided such documents in her initial disclosure.

Investigation continues and Defendant shall make supplemental disclosures in the instance they are warranted.

5. Any and all documents, electronic media, and other things in your possession, custody or control that were taken, not returned, downloaded, copied, reproduced, transferred, moved from, transmitted from, or derived from Motorola.

**RESPONSE:** Defendant has no documents, electronic media, or other things in her possession, custody, or control responsive to this request.

Investigation continues and Defendant shall make supplemental disclosures in the instance they are warranted.

      6. A true and correct copy of any and all documents consisting of, or referring or relating to, phone records for Sheng from 2005 to the present, including, but not limited to, home phone or cellular phone records.

**RESPONSE:** Sheng objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks information that is not in her possession, control, or custody and is neither relevant not likely to lead to relevant discoverable information.

      7. A true and correct copy of any and all documents relied upon in answering Plaintiff's First Set of Interrogatories (Nos. 1-6) to Defendant Xiaohong Sheng.

**RESPONSE:** Defendant has previously provided such documents in her initial disclosure.

      Investigation continues and Defendant shall make supplemental disclosures in the instance they are warranted.

**DATED:**     May 7, 2009         **By:**   /s/ **Michael Persoon**
                                                                     **One of Sheng's Attorneys**

Michael P. Persoon, ARDC # 6293547
Thomas H. Geoghegan, ARDC # 3126689
Despres, Schwartz, & Geoghegan Ltd.
77 W. Washington St., Suite 711
Chicago, IL 60602

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on this Seventh day of May, 2009, he caused a true and correct copy of Defendant Xiaohong Sheng's RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES and RESPONSE TO PLAINTIFF'S FIRST REQUEST TO PRODUCE DOCUMENTS to be served upon the following via electronic mail:

Robert R. Cohen
Matthew D. Lango
Frankel & Cohen
77 W. Washington St.
Suite 1720
Chicago, IL 60602
Frankelandcohen@aol.com

R. Mark Halligan
Deanna Swits
Nixon Peabody LLP
161 N. Clark St.
48th Floor
Chicago, IL 60602
dswits@nixonpeabody.com
mhalligan@nixonpeabody.com

John Riccione
Amy Rapoport
William Serritella
Aronberg Goldgehn Davis & Garmisa
330 N. Wabash Ave.
Suite 1700
Chicago, IL 60611
jriccione@agdglaw.com
arapoport@agdglaw.com
wserritella@agdglaw.com

And upon the following via first class mail:

Telly Stefaneas
Telly Stefaneas, Esq.
53 W. Jackson Blvd.
Suite 1437
Chicago, IL 60604

By: /s/ Michael Persoon

Despres, Schwartz, & Geoghegan Ltd.
77 W. Washington St.
Sutie 711
Chicago, IL 60602
Ph: (312) 372-2511
Fax: (312) 372-7391