# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MOTOROLA, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LEMKO CORPORATION, an Illinois Corporation, SHAOWEI PAN, an individual, HANJUAN JIN, an individual, XIAOHUA WU, an individual, XUEFENG BAI, an individual, and XIAOHONG SHENG, an individual,<br><br>Defendants. | )))))))))))))))))))) | Civil Action No. 08 CV 5427<br><br>Judge Matthew F. Kennelly |

## DEFENDANT XUEFENG BAI'S OBJECTIONS AND RESPONSES TO PLAINTIFF MOTOROLA'S FIRST SET OF REQUESTS TO PRODUCE

Defendant, Xuefeng Bai ("Bai"), by and through his attorneys, Aronberg Goldgehn Davis & Garmisa, for his response to the First Request for Production of Documents of Plaintiff, Motorola, Inc. ("Motorola"), states as follows:

## GENERAL OBJECTIONS

Bai makes the following General Objections, which shall apply to each and every Request to Produce. These General Objections may be specifically referred to in the responses to certain Requests for the purpose of clarity. However, the failure to refer specifically to a General Objection is not intended and shall not be construed as a waiver of the General Objection. Further objections to specific Requests are in addition to, and not in lieu of, Bai's General Objections.

1.     Bai objects to the Requests to the extent that they seek documents which are protected from disclosure by attorney-client privilege, work product privilege and/or any other applicable privilege.

2.     Bai objects to the Requests to the extent that they seek documents constituting of or memorializing confidential settlement negotiations, assessments or communications made in contemplation of litigation.

3.     Bai objects to the Requests to the extent that they seek documents or information that may be derived or ascertained from documents or information already in possession of Motorola or equally available to it.

4.     Bai objects to the Requests to the extent that they seek documents comprising of confidential business or financial information.

5.     Bai objects to the Requests to the extent that they seek information that is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of relevant admissible evidence.

6.     Bai objects to the Requests to the extent that they seek information not relating to the time period from which the allegations of the lawsuit arise.

7.     Bai objects to the Requests to the extent that they are overly broad and unduly burdensome.

8.     Bai objects to the Requests to the extent that they seek information that is not in his possession, custody or control.

9.     By stating that he is producing documents or otherwise making information available, Bai does not mean that he has determined that any such documents or information exist nor does Bai waive any objection regarding the use of any such documents or information. Bai expressly reserves his rights to assert any objections regarding the use, dissemination, competency, privilege, relevancy, materiality, probative value and admissibility of any

documents produced and the contents thereof in any subsequent proceeding or trial of this or any other action.

10. The inadvertent production of any document that is properly protected from disclosure by the attorney-client, work-product or any other applicable privilege shall not be construed as a waiver of such privilege.

11. Discovery in this litigation is not complete and Bai has not completed his factual investigation, discovery or trial preparation. Therefore, Bai reserves his right to rely on any facts, documents or other evidence which may be developed or subsequently come to his attention and to supplement these responses as additional information becomes known to him.

## REQUESTS FOR PRODUCTION

1. All electronic media containing electronic files created by Bai, from 2005 to the present, for electronic imaging, in the EnCase image format, by Plaintiff Motorola's experts, including, but not limited to, work computer(s) for Bai, servers, mainframes, network file systems, workstations, laptop computers, personal digital assistants (PDAs), personal or home computers, private branch exchange (PBX), voice mail, digital printers or copiers, cell phones, backup media, CD-ROMs, DVDs, floppy diskettes, zip disks, tape archives, removable hard drives, flash or "thumb" drives, digital camera media, and all other electronic media containing information existing or stored that contain electronic files.

**RESPONSE:** Bai objects to this Request No. 1 on the grounds that it is vague, overly broad, unduly burdensome, seeks information that is not in Bai's possession, custody or control and seeks information that is not relevant or reasonably calculated to lead to the discovery of relevant admissible evidence. Bai further objects to this Request No. 1 on the ground that the information sought is not reasonably accessible to him because of the high cost he must incur to retrieve any responsive information which is not in his possession, custody or control. Also, much of the electronic media requested is used by Bai for both business and personal purposes on a daily basis and cannot reasonably be taken out of service for the purposes of imaging.

2. A true and accurate copy of any and all communications by and between Bai and other Defendant named in this action, including, but not limited to, letters, emails, facsimiles, memoranda, agreements, and communications in which Bai or any Defendant named in this action is a TO:, CC:, or BCC: recipient.

**RESPONSE:** Bai objects to this Request No. 2 on the grounds that it is not limited to any specific period of time, is overly broad, unduly burdensome, seeks documents and information that is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of relevant admissible evidence, seeks documents and information that may be derived or ascertained from documents or information already in possession or Motorola or equally available to it and seeks documents and information that is not in Bai's possession, custody or control. Bai further objects to this Request No. 2 on the ground that the information and documents sought are not reasonably accessible to him because of the high cost he must incur to retrieve any responsive information which is not in his possession, custody or control.

3. A true and accurate copy of any and all documents and communications that relate or refer to Lemko's recruitment, employment, and/or termination of Bai, including, but not limited to, that which relates to information provided in response to Interrogatory No. 1 of Plaintiff's First Set of Interrogatories to Defendant Xuefeng Bai.

**RESPONSE:** Bai objects to Request No. 3 on the grounds that it is overly broad, unduly burdensome, seeks information and documents relating to confidential business or financial information and seeks information and documents that are not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of relevant admissible evidence.

4. A true and accurate copy of any document relied upon or statement identified in Defendant Bai's Answer to the Amended Complaint.

**RESPONSE:** Bai does not have any information or documents which are responsive to this Request No. 4.

5.  Any and all documents, electronic media, and other things in your possession, custody or control that were taken, not returned, downloaded, copied, reproduced, transferred, moved from, transmitted from, or derived from Motorola.

**RESPONSE:** Bai objects to this Request No. 5 on the grounds that it is vague, overly broad and unduly burdensome. Subject to and without waiving said objections and General Objections, Bai does not possess or control any information or documents which are responsive to this request.

6.  A true and correct copy of any and all documents consisting of, or referring or relating to, phone records for Bai from 2005 to the present, including, but not limited to, home phone or cellular phone records.

**RESPONSE:** Bai objects to this Request No. 6 on the grounds that it is overly broad, unduly burdensome and seeks information that is not in his possession, custody or control and seeks information that is not relevant or reasonably calculated to lead to the discovery of relevant admissible evidence. Subject to and without waiving said objections and General Objections, Bai does not possess or control any information or documents which are responsive to this Request No. 6.

7.  A true and correct copy of any and all documents relied upon in answering Plaintiff's First Set of Interrogatories (Nos. 1-6) to Defendant Xuefeng Bai.

**RESPONSE:** Bai does not have any information which is responsive to this Request No. 7.

DATED: May 6, 2009

XUEFENG BAI

By: _____
One of his attorneys

-5-

John M. Riccione, ARDC # 6209375
William J. Serritella, Jr., ARDC # 6210001
Amy M. Rapoport, ARDC # 6293612
Aronberg Goldgehn Davis & Garmisa
330 North Wabash, Suite 1700
Chicago, Illinois 60611
(312) 828-9600

## CERTIFICATE OF SERVICE

    John M. Riccione, an attorney, hereby certifies that a true and correct copy of the foregoing Defendant Xuefeng Bai's Objections and Responses to Plaintiff's First Set of Requests to Produce and First Set of Interrogatories (Nos. 1-6), and Shaowei Pan's Objections and Responses to Plaintiff's First Set of Requests to Produce and First Set of Interrogatories (Nos. 1-6), was served upon:

| | |
|---|---|
| Thomas Howard Geoghegan | Robert R. Cohen |
| Michael Paul Persoon | Matthew D. Lango |
| Despres Schwartz & Geoghegan | Frankel & Cohen |
| 77 W. Washington St., Suite 711 | 77 West Washington St., Suite 1720 |
| Chicago, Illinois 60602 | Chicago, Illinois 60602 |
| | |
| R. Mark Halligan, Esq. | Telly Stefaneas |
| Nixon Peabody LLP | Telly Stefaneas, Esq. |
| 161 North Clark Street, 48th Floor | 53 West Jackson Boulevard, Suite 1437 |
| Chicago, Illinois 60601 | Chicago, IL 60604 |

by e-mail and/or regular mail on this 6th day of May, 2009, on or before 5:00 p.m.

                                                                       /s/ John M. Riccione, Esq.