# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MOTOROLA, INC., a Delaware Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 08 CV 5427 |
| v. | ) ) ) | |
| LEMKO CORPORATION, an Illinois Corporation, SHAOWEI PAN, an individual, HANJUAN JIN, an individual, XIAOHUA WU, an individual, XUEFENG BAI, an individual, and XIAOHONG SHENG, an individual, | ) ) ) ) ) ) ) | Judge Matthew F. Kennelly |
| Defendants. | ) ) ) | |

**PLAINTIFF MOTOROLA'S FIRST SET OF REQUESTS (NOS. 1-12) TO DEFENDANT LEMKO CORPORATION FOR THE PRODUCTION OF DOCUMENTS AND THINGS**

Plaintiff Motorola, Inc. ("Motorola"), by and through its attorneys, pursuant to Federal Rule of Civil Procedure 34, hereby requests that Defendant Lemko Corporation ("Lemko") produce the documents and things requested below, in accordance with the Definitions and Instructions herein and with the Electronic Discovery Protocol entered in this action, at the offices of the undersigned attorneys for Motorola, Inc., within thirty (30) days of the date of service.

**REQUESTS FOR PRODUCTION**

1. All computers used by any of the named Defendants and any of the twenty-two engineers currently employed by Lemko, for electronic imaging, in the EnCase image format, by Plaintiff Motorola's experts, including, but not limited to, work computer(s), workstations, laptop

computers, personal digital assistants (PDAs), personal or home computers, private branch exchange (PBX), voice mail, digital printers or copiers, cell phones, backup media, CD-ROMs, DVDs, floppy diskettes, zip disks, tape archives, removable hard drives, flash or "thumb" drives, digital camera media, and all other electronic media containing information existing or stored that contain electronic files.

**RESPONSE:**

2.     A true and accurate copy of any and all communications by and between Lemko and other Defendant named in this action, including, but not limited to, letters, emails, facsimiles, memoranda, agreements, and communications in which Bai or any Defendant named in this action is a TO:, CC:, or BCC: recipient.

**RESPONSE:**

3.     A true and accurate copy of any and all documents and communications that relate or refer to Lemko's recruitment, employment, and/or termination of any other Defendant named in this action.

**RESPONSE:**

4.     A true and accurate copy of any document relied upon or statement identified in Defendant Lemko's Answer to the Amended Complaint and Counterclaim.

**RESPONSE:**

5.     Any and all documents, electronic media, and other things in your possession, custody or control that were taken, not returned, downloaded, copied, reproduced, transferred, moved from, transmitted from, derived from, or otherwise refer to and/or are related to Motorola.

**RESPONSE:**

6.   A true and accurate copy of any and all "bug logs" and supporting data thereto, from 2005 to the present, including but not limited to those from the Bugzilla application and supporting data and systems thereto.

**RESPONSE:**

7.   A true and accurate copy of any email logs, from 2005 to the present, for any of the named Defendants and any of the twenty-two engineers currently employed by Lemko.

**RESPONSE:**

8.   The MySql database(s) and any supporting applications thereto, for electronic imaging, in the EnCase image format, by Plaintiff Motorola's experts.

**RESPONSE:**

9.   All correspondence and communications between Lemko and Network Solutions, from 2005 to the present, including but not limited to all communications and correspondence referring or relating to the Lemko website www.lemko.com and the Lemko email system, including but not limited to users, passwords, authorization, account maintenance, and "tickets" or service requests.

**RESPONSE:**

10.   The "office network" server for electronic imaging, in the EnCase image format, by Plaintiff Motorola's experts.

**RESPONSE:**

11.     The "Linux backup hard drive" and/or "backup server" and any supporting equipment thereto, for electronic imaging, in the EnCase image format, by Plaintiff Motorola's experts.

**RESPONSE:**

12.     A true and accurate copy of any and all documents and communications that relate or refer to Lemko's business and/or other activities in India and/or China, from 2005 to the present.

**RESPONSE:**

## DEFINITIONS AND INSTRUCTIONS

1.     The term "you," "your," and "Lemko" shall refer to Defendant Lemko, including including any affiliated or related companies or entities, any predecessors, current or former subsidiaries, or current or former parent companies, affiliated or divisions, and their present and former officers, directors, employees, attorneys, agents, consultants, and all other persons acting or purporting to act on its behalf.  The term "Lemko personnel" shall refer to Defendant Lemko's present and former officers, directors, employees, consultants, attorneys, and agents, and all other persons acting or purporting to act on its behalf.

2.     The term "Motorola" shall refer to Plaintiff Motorola, Inc., including any affiliated or related companies or entities, any predecessors, current or former subsidiaries, affiliates or divisions, and their present and former officers, directors, employees, attorneys, agents, consultants and all other persons acting or purporting to act on their behalf.

3. The term "person" means person and persons or people, and includes any natural person and/or corporations, companies, associations, partnerships, firms, governmental bodies, hospital, charitable institutions, or any other organization or entity.

4. The term "document" means, but is not limited to, the original and any non-identical copy of any written, printed, or graphic material, photographic matter, sound reproduction, or computer input, output or extract (whether image, data, or code), including any correspondence, teletype message, memorandum of oral statements, conversations, and/or events, letters, emails, facsimiles, telegrams, personnel files, notes, reports, compilations, studies, tabulations, tallies, maps, diagrams, sketches, graphs, plans, pictures, records, securities, certificates, certificates of deposit, agreements, contracts, and/or licenses, however produced, reproduced or recorded, whether physically, mechanically, or electronically, which: (1) is now or was formerly in the possession, custody, or control of Defendant Lemko, or (2) is known or believed to be responsive to any of the following requests, regardless of who now has or formerly had custody, possession, or control.

5. The term "electronic media" means, but is not limited to video, CD-ROM, DVD, floppy diskette, tape, zip disk, thumb drive, video or audio recordings, or any other types of media, whether in analog or digital format.

6. The term "communication" means the transmittal of information, including, but not limited to, documents, writings, recordings, correspondence, computer files and printouts, and electronic mail.

7. If any document would be responsive to any request, and the document was at one time in existence, but has been lost, discarded, or destroyed, identify such document as completely as possible, providing as much of the following information as possible:

   a. the type of document;
   b. its date;

  c.  the date or approximate date the document was lost, discarded, or destroyed;

  d.  the reason or reasons for its loss or destruction;

  e.  the circumstances and manner in which it was lost, discarded, or destroyed;

  f.  the identity of any and all person(s) who either authorizing the disposal or destruction of the document, or having knowledge of the circumstances surrounding the disposal or destruction of the document;

  g.  the identity of any and all person(s) who lost, discarded, or destroyed the document; and

  h.  the identity of any and all person(s) having knowledge of the contents of the document.

8. The words "identify" or "identity," when used with regard to a person, require that the full name, address, and telephone number of such persons be provided, together with the identity of said person's employer, business address, and the business telephone number. When used with regard to a business organization, "identity" or "identify" requires that the organization's name and business address be stated.

9. The words "identify," "identity," or "identification," when used in reference to a document, mean that the respondent is required to state its date, its subject matter and substance, its author and each addressee and copy, and the type of document (e.g. letter, memorandum, telegram, chart, computer input or output, photograph, sound reproduction, etc.) or, if the above information is not available, some other means of identifying it, and its present location and the name of each of its present custodians.

10. "Relate" "relates" or "relating" shall each mean and include contain or containing, constitute or constituting, comprise or comprising, refer or referring, represent or representing,

describe or describing, discuss or discussing, and record or recording, explain or explaining, portray or portraying, and depict or depicting.

11. "Date" means the exact day, month, and year if ascertainable, or if not ascertainable, the best approximation of the day, month, and year with a specification that such is an approximation. An approximation may include explaining the date in terns of relationship to other events.

12. Unless the text clearly requires otherwise, you should interpret:

    a.    the singular form of a word to include the plural, and vice versa;

    b.    the conjunctive "and" to include the disjunctive "or," and vice versa;

    c.    the word "any" to include the word "all," and vice versa; and

    d.    the past tense of a word to include the present tense, and vice versa.

13. If you assert that an request is objectionable, please specify according to Federal Rule of Civil Procedure 34(b)(2)(C) which part is objectionable and the reasons. If you assert that part of a request is objectionable, please permit inspection to the rest.

14. In the event that Defendant Lemko wishes to assert either attorney-client privilege, attorney work-product privilege, and/or any other privilege or protection as to any document for which identification and production has been requested by and of the following document requests, then as to each document subject to such assertion, Motorola requests that Defendant Lemko provide such identification to include:

    a. the nature of the document;

    b. the sender, author, and recipient of any and all copies;

    c. the date of the document;

    d. the name of each person to whom the original or any copy was circulated;

    e. the names appearing on any circulation list associated with such document;

 f. a summary statement of the subject matter(s) of such document in sufficient detail to enable the Court to conduct an analysis to reach a determination of any claim of attorney-client privilege or work-product privilege; and

 g. a separate indication of the basis of privilege or work product for each such document.

*   *   *

Date:  May 6, 2009      Respectfully submitted,

             /s/ R. Mark Halligan

**R. Mark Halligan (IL 6200723)**
rmhalligan@nixonpeabody.com
**Deanna R. Swits (IL 6287513)**
dswits@nixonpeabody.com
**NIXON PEABODY LLP**
161 N. Clark Street, Suite 4800
Chicago, Illinois  60601-3213
Tel:  (312) 425-3900
Fax: (312) 425-3909

*Attorneys for Plaintiff Motorola, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the attached **PLAINTIFF MOTOROLA'S FIRST SET OF REQUESTS TO DEFENDANT LEMKO FOR THE PRODUCTION OF DOCUMENTS AND THINGS** was served, via email, this 6th day of May, 2009, upon:

>Thomas H. Geoghegan (dsg77@aim.com)
>Michael P. Persoon (mike.persoon@gmail.com)
>Despres, Schwartz & Geoghegan, Ltd.
>77 West Washington St., Suite 711
>Chicago, Illinois 60602
>Ph: (312) 372-2511
>Fax: (312) 372-7391

>Robert R. Cohen (frankelandcohen@aol.com)
>Matthew Douglas Lango (mlango@fandelandcohen.com)
>Frankel & Cohen
>77 West Washington, Suite 1720
>Chicago, Illinois 60602

>John Michael Riccione (jriccione@agdglaw.com)
>William J. Serritella, Jr. (wserritella@agdglaw.com)
>Amy Michelle Rapoport (arapoport@agdglaw.com)
>Aronberg Goldgehn Davis & Garmisa
>330 North Wabash Avenue, Suite 1700
>Chicago, Illinois 60611

and via U.S. Mail upon:

>Telly Stefaneas, Esq.
>53 West Jackson Boulevard
>Suite 1437
>Chicago, IL 60604

>>/s/ R. Mark Halligan
>>An Attorney for Plaintiff Motorola, Inc.

- 9 -