**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MOTOROLA, INC., a Delaware Corporation, | ) | |
| | ) | |
| Plaintiff / Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | Case No. 08 CV 5427 |
| | ) | |
| LEMKO CORPORATION, an Illinois Corporation, | ) | |
| and XIAOHONG SHENG, an individual, | ) | Judge Matthew F. Kennelly |
| | ) | |
| Defendants / Counterclaim Plaintiffs, | ) | Magistrate Judge Geraldine |
| | ) | Soat Brown |
| SHAOWEI PAN, an individual, HANJUAN JIN, an | ) | |
| individual, XIAOHUA WU, an individual, and | ) | |
| XUEFENG BAI, an individual, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY
FROM DEFENDANT LEMKO AND PLAINTIFF'S RENEWED MOTION
TO COMPEL DISCOVERY FROM DEFENDANTS SHENG, PAN, WU AND BAI**

In accordance with the Federal Rules of Civil Procedure 26(b)(2)(B) and 34, Plaintiff

Motorola, Inc. ("Plaintiff"), by and through its attorneys, moves the Court to compel the

production of the documents and things by Defendants.  In support of its motion, Plaintiff states

as follows:

Plaintiff Motorola served discovery requests on each of the Defendants in this case that

were primarily designed to uncover the extent of Motorola's proprietary source code and other

proprietary and confidential information that the Defendants have misappropriated and

downloaded from Motorola's protected computers, and transferred to each other and to other

unauthorized third-parties and Motorola competitors, in breach of their fiduciary duties to

Motorola.  Accordingly, the four primary subjects of discovery are (1) the electronic media controlled and used by the Defendants; (2) communications among and between the co-defendants; (3) the Individual Defendants' relationship with Defendant Lemko; and (4) the confidential and proprietary Motorola information in the possession, custody and control of the Defendants.

Except for the searches conducted on the electronic images of three computers owned by Defendant Pan that this Court ordered as a preliminary discovery stage, the Defendants have provided no meaningful discovery in the approximately **six months** since Plaintiff served its discovery requests, and **11 weeks** since counsel participated in the extensive discovery meet and confer ordered by the Court.  Specifically, Defendant Sheng has provided nothing beyond the **33 pages** of documents produced with her initial disclosures.  Defendant Lemko has provided only **two non-disclosure agreements and four personnel files**.  Defendants Pan, Wu, and Bai have produced **nothing**.

The time to put an end to Defendants cries that Plaintiff is conducting a baseless "fishing expedition" is here.  The evidence on the three computers alone definitively shows that Defendants' denials and protestations are meritless and deceitful, and that there is ample justification for Plaintiff to obtain the balance of the discovery it has requested.  This Court ordered the imaging of the three Pan computers as a starting point, not as the ending point of discovery.  Defendants have demonstrated that they will not comply with their obligations under the Federal Rules and turn over responsive information voluntarily.  It should be compelled by court order.

A.      **Procedural Background**

On April 6, 2009, Plaintiff served Requests for the Production of Documents and Things on and Interrogatories on the four individual defendants, Sheng, Pan, Bai, and Wu.  Defendants

Sheng, Bai, Pan, and Wu objected to all of the Requests for Production, claiming, among other reasons, that the request is "unduly burdensome" and the information is not reasonably accessible due to the "high cost." (See Exs. A - D.)

On April 29, 2009, Plaintiff took the deposition of Defendant Lemko on the topics of its electronically stored information, and, thereafter, pursuant to Federal Rule of Civil Procedure 34, on May 6, 2009, served Requests for the Production of Documents of Things based on the information learned from that deposition.

On May 15, 2009, Motorola filed a motion to compel discovery from Individual Defendants Sheng, Pan, Wu and Bai. (Dkt 113.) At that time, Motorola did not seek to compel discovery from Defendant Lemko because Lemko's responses to outstanding production requests were not yet due.

When Motorola presented its motion to compel, the Court ordered the imaging of the three computers in Defendant Pan's possession, but did not rule on the remainder of the relief sought in the motion. (Dkt. 126.)[1] Instead, on July 16, 2009, the Court ordered the parties to meet and confer regarding outstanding discovery issues and to file a joint status report with the Court by July 24, 2009. (Dkt. 191.)

Counsel for the parties sat down for <u>four hours</u> and painstakingly discussed the outstanding discovery issues. At this meeting, counsel for each of the parties made commitments to provide or supplement their discovery responses and production of information in this case. These commitments were memorialized in a discovery report filed with the Court. (Dkt. 192.)

---

[1] After extensive motion practice and briefing relating to the computer images, the Court disposed of Plaintiff's motion to compel on August 26, 2009, by minute order stating "Motion to compel 113 is moot." (Dkt. 204.) As explained herein, however, Motorola's motion to compel discovery from the individual Defendants is not in fact moot.

Notwithstanding the express commitments that were made by the Defendants in July, with only limited exception[2] Defendants still have not done any of the things that they expressly agreed to do.

**B.      Plaintiff's Requests For Production And Defendants' Responses Thereto**

**1.      Request No. 1 (Individual Defendants):  Electronic Media**

Motorola requested that each of the individual defendants turn over their personal electronic media for imaging, specifically "[a]ll electronic media containing electronic files created by Pan, from 2005 to the present, for electronic imaging, in the EnCase image format, by Plaintiff's experts, including, but not limited to, work computer(s) for Pan, servers, mainframes, network file systems, workstations, laptop computers, personal digital assistants (PDAs), personal or home computers, private branch exchange (PBX), voice mail, digital printers or copiers, cell phones, backup media, CD-ROMs, DVDs, floppy diskettes, zip disks, tape archives, removable hard drives, flash or "thumb" drives, digital camera media, and all other electronic media containing information existing or stored that contain electronic files."  (Exs. A – D, Request No.1.)

Each of the defendants objected to this request on a number of grounds, and these objections were the subject of Motorola's prior motion to compel.  (Dkt. 113.)  The Court permitted the imaging of only three computers, each belonging to Defendant Pan (and perhaps his wife, Defendant Wu, although it is likely that Wu has additional computers or storage devices other than the computers that she may have shared with her husband). (Dkt. 126, 132.)  Counsel

---

[2]      As discussed below, Defendants Lemko, Pan and Bai each served supplemental responses to the Requests for Production on September 2, 2009, but the supplementation was limited to providing the personnel files, identifying Lemko's ISP provider and providing information about the Defendants' telephone carriers.  (Exs. E, F, G)  Defendants' supplemental responses and production did not address in any manner the lion-share of the outstanding discovery that Motorola seeks from the Defendants.

for each of the defendants maintained their objections to this request at the parties' meet and confer.  Accordingly, <u>Plaintiff's prior motion was not moot, and it is hereby renewed</u>.

### 2. Requests No. 1, 10, 11 (Lemko): Electronic Media

As for Lemko, Plaintiff's Request for Production sought, for electronic imaging in the EnCase format: (1) the computers or other electronic media used by any of the named Defendants; (2) the computers or other electronic media used by any of the twenty-two engineers currently employed by Lemko; (3) the two "office network" servers identified in the 30(b)(6) deposition; and (4) the "Linux backup hard drive" and/or "backup server."  (See Exhibit H, Requests No. 1, 10-11.)

Defendant Lemko refused to produce any of this information on grounds of over-breadth, burden, relevance, high cost, and because it requested the disclosure of confidential or privileged information.  *Id.*  Defendant Lemko's objections include that this request includes "over 50 servers, 39 employees' desktops and laptops, and possibly home computers."  (See Dkt. 115.)  In Reply to its previous Motion to Compel (Dkt. 124), and during the discovery conference of July 23, 2009, Plaintiff clarified that it, at that time, it was willing to conduct staged discovery and requested only the <u>two servers</u> identified by Lemko in its Rule 30(b)(6) deposition as (1) the "office network" server and (2) the "Linux backup hard drive" or "backup server."  (Ex. H, Request No. 6,8; Ex. I,  Lemko Dep. 21:6-9, 23:7-24:16, 30:3-7, 30:16-31:4, 38:7-39:5, Apr. 29, 2009.)

Plaintiff further clarified that, at that time, it sought only the computers of the five *individual* defendants named in this lawsuit and that the computers of the twenty-two engineers could be addressed at a future date.  However, in light of the continued delay of Defendant Lemko, that future date has arrived, and for efficiency's sake, Defendant Lemko must be compelled to allow imaging of all of the requested computers at this juncture—the time and

expense of imaging is small compared with the cost of the forensic search itself, and it simply makes sense that all of the requests be completed when the forensic experts are on-site at Lemko doing the imaging so that it does not have to be repeated.  *See Covad Comm. Co. v. Revonet, Inc.*, No. 06-1892 (CKK/JMF), 2009 U.S. Dist. LEXIS 47841, *9-10, 26-27 (D.D.C. May 27, 2009) (where multiple servers were forensically imaged and required to be reviewed, the court stated "[t]he expense associated with taking a forensic image is small compared with the cost of the forensic search itself and provides both parties and the Court with the best possible present depository of the crucial information in the database. The process is obviously not as time consuming as the forensic search itself and lessens some of the cost of forensic searching since the search can be done off-site rather than on the premises housing the servers or computers. Any interference with business operations will be insignificant because I will require the searching to be done over a weekend...Creating a forensic image is no more burdensome than using the server for everyday business activities and may ultimately benefit Revonet by creating a forensic record of its data...").

The only other electronic evidence Plaintiff seeks is the "bug logs" and the "MySql database" that were identified in the Lemko Rule 30(b)(6) deposition.  (Ex. I Lemko Dep. 20:8-21:5.)

The information revealed through the forensic examination of Pan's computers, which were initially portrayed by defendants as only "personal" computers, shows that at least eight former—and even current—Motorola employees were (or are) involved with Lemko while still employed at Motorola.  Furthermore, it is becoming clear that Pan had a veritable stockpile of Motorola proprietary information and trade secrets, including Motorola source code, and that there is a high probability that this information was transferred to Lemko and others based on

Pan's extensive use of USB storage devices on these computers.  (See Ex. J, Declaration of Chad Gough (redacted) at ¶ 7.)

Lemko has not voluntarily turned over information responsive to Motorola's requests. Indeed, as discussed in relation to Request No. 5 below, Lemko steadfastly maintains that it has no documents or files related to Motorola.   Under these circumstances, Motorola must be permitted to access the Lemko computers requested.  *See Acumed LLC v. Advanced Surgical Servs.,* 561 F.3d 199, 230 (3d. Cir. 2009) (allowing access to appellant's hard drive because "appellant failed to produce all of the required documents"); *Ty, Inc. v. Le Clair*, No, 99 C 5179, 2000 U.S. Dist. LEXIS 7660 at *2 (N.D. Ill. June 2, 2000) (permitting plaintiff to inspect the hard drives of some of defendants' computers since defendants had been "less than candid" about the existence of data); *Jacobson v. Starbucks Coffee Co*., No. 05-1338, 2006 U.S. Dist. LEXIS 98174 at *22 (D. Kan. Oct. 31, 2006) (granting motion to compel production of hard drive's mirror image due to the "history of incomplete and inconsistent responses to plaintiff's production requests.   Unquestionably, the computer contains relevant information which defendant initially did not timely review for documents.").

### 3.    Request No. 2:  Communications Among and Between Co-Defendants

Motorola requested that each of the individual defendants provide discovery regarding their communications with each other.  (Exs. A – D, Request No. 2)  Each of the individual defendants objected on multiple grounds, including burden, relevance, the allegedly high cost to retrieve, and, inexplicably, because the information may be derived or ascertained from documents or information already in the possession of Motorola.  (Exs. A – D)  At the July meet and confer, counsel for Defendant Sheng agreed to produce documents responsive to this request, but has in fact produced no documents since serving her initial disclosures on April 17, 2009.  (Dkt. 192 at 7.)  On September 2, 2009, Defendants Pan and Bai served supplemental

responses agreeing to produce documents responsive to this request, subject to their objections, but neither has in fact produced any documents.  (Exs. E, F, Request No. 2)

Instead, in a complete derogation of this Court's orders and the Federal Rules of Civil Procedure, counsel for Defendant Lemko responded that they would "allow [counsel for Plaintiff] to come to our office to review the emails, of course with the exception of the emails protected by the attorney-client privilege.  The emails will be designated "Attorneys Eyes Only" due to their highly confidential content which pertains to Lemko's business information and trade secrets."  (See Ex. K, Correspondence dated September 10, 2009.)

Plaintiff further requested that Defendant Lemko produce communications between Lemko and the individual defendants, but, at the meet and confer, Plaintiff limited this request to communications between the individual defendants in Defendant Lemko's possession, custody, or control, not communications between Lemko and the individual defendants.  Nonetheless, Lemko has failed to produce any communications responsive to this request.  Defendants assert that Lemko does not keep its own email and has no email server.  (Dkt. 115 at 4.)  In light of this statement, Plaintiff also requests that Defendant Lemko either be compelled to request and produce those email messages from Network Solutions, or, in the alternative, to grant permission for Plaintiff to request those email messages from Network Solutions pursuant to 18 U.S.C. § 2701 et seq. (2009).

### 4.    Request No. 3:  Documents relating to Lemko's Recruitment or Termination of the Defendant, or the Defendant's Employment at Lemko

Defendants Pan and Bai objected to this request on burden and relevance grounds, but their counsel indicated at the meet and confer that he would try to obtain documents responsive to this request, including Pan's and Bai's Lemko personnel file.  (Dkt 192 at pgs. 5, 6) Subsequently, Lemko produced personnel files of Pan, Bai, Sheng and Jin.  This production does

not satisfy Lemko's discovery obligation for Request No. 3 in its entirety.  Defendants Pan, Bai and Sheng have produced no documents responsive to Request No. 3.  Wu stated that she had no documents that were responsive to this request.  (Ex. D, Request No. 3)

**5.       Request No 5:  Motorola Documents**

This request sought documents and electronically stored information that was "taken, not returned, downloaded, copied, reproduced, transferred, moved from, transmitted from, or derived from Motorola."   <u>Defendants' responses continue to outright deny the existence of any</u> <u>responsive documents, despite massive evidence to the contrary</u>.  (Exs. A – C, H)

Indeed, Defendants' arguments over the course of this litigation as to why this discovery should not be had reveal the extent to which Defendants have misrepresented the nature of the evidence in their possession, custody or control.  First Defendants stated that the Pan computers were only personal computers containing only **personal information**.  Next, after, after it had become clear that the directory file listing contained many files containing the word "Motorola," Defendants argued "**<u>it is not surprising that the word "Motorola" will be seen on many files</u>** **<u>on these computers, since every communication related to this case, including those</u>** **<u>between lawyer and client, reference Motorola.  However, most all of such references are</u>** **<u>attorney-client or work product privileged communications.</u>**"   (Dkt. 151, June 5, 2009 Response to Plaintiff's Submission to Examine the Drive Images of the three Pan Computers, at p. 10.).

Then, Defendants made a complete about-face and argued that "**<u>neither Motorola nor</u>** **<u>the Court should be surprised by the presence of Motorola-related files on Wu's and Pan's</u>** **<u>home computers</u>**" because Wu worked from home in order to meet tight deadlines and "Pan, as a well-known expert in telecommunication/wireless networks, provided invaluable assistance to Wu and the other Motorola engineers on her project teams."  (Dkt. 198, August 19, 2009

Response to Plaintiff's Motion to Authorize the Forensic Examination of the drive images of the three Pan computers, pp. 2-3)

Even after conceding that Wu and Pan had "Motorola-related files" on their computers, Defendants did not revise their discovery responses or produce any of these files in response to Request No. 5.   Defendants Lemko, Bai and Sheng likewise claim to have no Motorola documents in their possession, custody or control.  (Exs. A, B, H, Request No. 5)

Only Defendant Wu agreed to produce documents responsive to this request.  (Ex. D, Request No. 5)  And although the information on the Pan drive images suggests that Wu (Pan's wife) does in fact have a substantial amount of information and documents responsive to this request in her possession, custody or control, and despite the fact that <u>approximately five months have elapsed</u> since Wu filed her written responses, and <u>another 11 weeks have elapsed</u> since Wu's counsel participated in the discovery meet and confer and again agreed to produce the documents, **<u>Defendant Wu has yet to produce a single document in discovery</u>**.  She should be compelled to do so.

### C.      <u>Plaintiff Is Entitled To The Discovery</u>

At this stage of the litigation, there can be no question that Motorola's discovery requests are not "a fishing expedition," as defense counsel has claimed repeatedly throughout the pendency of this case.  The evidence that was found on Pan's computers affirms both the relevance of the information requested and the likelihood that responsive information is within defendants' possession, custody or control.

As this court is now aware, the examination by Plaintiff's forensic experts revealed that, contrary to Pan's previous representations, Pan's home computers were in fact riddled with Motorola proprietary source code and other proprietary and confidential materials.  And there is additional evidence that Pan utilized a large number (83) unique USB storage devices on these

three computers, which indicates that they were used as a hub for the transfer of Motorola's confidential materials to other persons or entities.  (See Ex. J, Declaration of Chad Gough (redacted) at ¶ 7.)

Based on this activity, Motorola should be entitled to discover the extent to which its proprietary source code and other proprietary and confidential information was transferred to Lemko, and through Lemko to other third parties.  *See, e.g., Mintel Intern. Group, Ltd. v. Neergheen*, No. 08 c 3939, 2009 WL 1033357 (N.D. Ill. Apr. 17, 2009) ("the Rules ... permit 'fishing for evidence as they should' [and] '[n]o longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case'").

## CONCLUSION

For each of the foregoing reasons, Plaintiff respectfully requests that this Court grant its motion and (a) compel the Individual Defendants to fully respond to Requests No. 1, 2, 3 and 5, and (b) compel Defendant Lemko to respond fully to Requests No. 1-3 and 5-11.


Date:   October 2, 2009                    Respectfully submitted,


                                            /s/ R. Mark Halligan
                                           **R. Mark Halligan (IL 6200723)**
                                           rmhalligan@nixonpeabody.com
                                           **Deanna R. Swits (IL 6287513)**
                                           dswits@nixonpeabody.com
                                           **Jodi Rosen Wine (IL 6209883)**
                                           jwine@nixonpeabody.com

                                           **NIXON PEABODY LLP**
                                           300 S. Riverside Plaza, 16th Floor
                                           Chicago, Illinois  60606
                                           Tel:  (312) 425-3900
                                           Fax: (312) 425-3909

                                           *Attorneys for Plaintiff Motorola, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the attached **PLAINTIFF MOTOROLA'S REPLY IN SUPPORT OF ITS MOTION TO AUTHORIZE FORENSIC EXAMINATION OF DRIVE IMAGES** was served, via the Court's ECF system, this 24th day of August, 2009, upon:

William J. Leonard(williamjleonard@yahoo.com)
Wang, Leonard & Condon
33 N. LaSalle Street
Suite 2020
Chicago, Illinois 60602

John Michael Riccione (jriccione@agdglaw.com)
William J. Serritella, Jr.(wserritella@agdglaw.com)
Amy Michelle Rapoport (arapoport@agdglaw.com)
Aronberg Goldgehn Davis & Garmisa
330 North Wabash Avenue, Suite 1700
Chicago, Illinois  60601

Telly Stefaneas, Esq. (Telly_Stefaneas@me.com)
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604

Michael Paul Persoon (mike.persoon@gmail.com)
Jorge Sanchez (attysanchez@gmail.com)
Thomas Howard Geoghegan (dsg77@aim.com)
Despres Schwartz & Geoghegan, Ltd.
77 W. Washington St., Suite 711
Chicago, IL 60602

Charles B. Leuin
Michael Karpeles
Greenberg Traurig LLP
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
leuinc@gtlaw.com
karpelesm@gtlaw.com


　　　　　　　　　　　　　 /s/    R. Mark Halligan
　　　　　　　　　　　　An Attorney for Plaintiff Motorola, Inc.