# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MOTOROLA, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 08 C 5427 |
| LEMKO CORP., et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Motorola, Inc. has filed a second amended complaint against defendants Lemko Corp., Xiaohong Sheng, Shaowei Pan, Hanjuan Jin, Xiaohua Wu, Xuefeng Bai, Nicholas Labun, Bohdan Pyskir, Hechun Cai, Jinzhong Zhang, Angela Favila, Ankur Saxena, Raymond Howell, Faye Vorick, and Nicholas Desai. Defendants Lemko, Pan, Bai, Labun, Pyskir, Cai, Zhang, Saxena, Vorick, and Desai, joined by Howell (who is representing himself), have moved to dismiss the claims against them for failure to state a claim and to strike certain allegations.

### Motorola's claims

Motorola asserts the following claims:

- Count 1, against Lemko, Pan, Jin, Wu, Bai, and Sheng under the Computer Fraud and Abuse Act (CFAA);

- Count 2, against all defendants, under the Illinois Trade Secrets Act (ITSA);

- Count 3, against Jin, Wu, Bai, and Sheng, for breach of fiduciary duty;

- Count 4, against Pan, Labun, Pyskir, Cai, Zhang, Favila, and Saxena, for breach of fiduciary duty;

- Count 5, against Pan, Labun, and Pyskir, for usurpation of corporation opportunities;

- Count 6, against Lemko, Pan, and Labun for a declaratory judgment regarding patent ownership;

- Counts 7 through 13, against Pan, Labun, Pyskir, Cai, Zhang, Favila, and Saxena, respectively, for breach of contract;

- Count 14, against Lemko, for tortious interference with contract;

- Count 15, against Pan, Labun, Pyskir, Cai, Zhang, Favila, and Saxena, for fraud;

- Count 16, against Pan, Wu, and Lemko, for spoliation of evidence;

- Count 17, against Lemko, for copyright infringement; and

- Count 18, against Pan, Labun, Pyskir, Cai, Zhang, Favila, Saxena, Jin, Howell, Vorick, and Desai, for civil conspiracy.

A number of the defendants were, at various points in time, Motorola employees. Many of them are now with Lemko. In general terms, Motorola's claims arise from its allegations that several of the defendants, while still Motorola employees, established or worked for the benefit of Lemko, a competing venture, and took Motorola assets and diverted Motorola opportunities, and that other defendants assisted them in doing so.

## Discussion

A court considering a motion to dismiss under Rule 12(b)(6) must accept the

facts alleged in the complaint as true and draw reasonable inferences in favor of the plaintiff. *See, e.g., Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). To survive the motion, the complaint must include enough facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

1.      **Limitations defenses (Counts 1, 2, 4, 5, 14, 15, and 18)**

The moving defendants argue that Counts 1, 2, 4, 5, 14, 15, and 18 are time-barred. It is undisputed that a five year limitations period applies to Counts 2, 4, 5, 14, 15, and 18.

"Complaints need not anticipate, and attempt to plead around, potential affirmative defenses. When *Erickson v. Pardus*, 551 U.S. 89 (2007), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), restated the [pleading] requirements of Fed. R. Civ. P. 8, the Justices did not revise the allocation of burdens concerning affirmative defenses . . . ." *Davis v. Indiana State Police*, 541 F.3d 760, 763 (7th Cir. 2008) (Easterbrook, C.J.). The defendants read the Seventh Circuit's decision in *In re MarchFirst Inc.*, 589 F.3d 901 (7th Cir. 2009), as changing this, and requiring Motorola to allege, in its complaint, facts sufficient to negate not-yet-raised affirmative defenses. The Court does understand *MarchFirst* that way. In that case, the Seventh Circuit ruled not that the plaintiff had failed to state a claim because it had not anticipated and negated a limitations defense, but rather that the plaintiff had "ple[d] itself out of court."

3

*Id.* at 905. The court held that the complaint *itself* "establishe[d] an impenetrable defense to its claims that would have to be contradicted for [plaintiff] to prevail on the merits" and that based on the complaint it "would be mere speculation" to determine that the discovery rule applied to establish a later trigger date for the statute of limitations. *Id.* The proposition that the plaintiff could plead itself out of court on an affirmative defense was accepted even before *Bell Atlantic* and *Iqbal*. *See, e.g., Berry v. Land O'Lakes Mun. Airport*, 377 F.3d 682, 688 (7th Cir. 2004).

Motorola's complaint establishes no such "impenetrable defense" that Motorola can get around only by "mere speculation." It is true that certain of Motorola's claims arise from events that occurred more than five years before the second amended complaint, or even the original complaint, was filed. But there is plenty in the complaint that plausibly suggests that the statute of limitations was not triggered until a date well within the limitations period. It is undisputed that Illinois' "discovery rule" applies to the claims in Counts 2, 4, 5, 14, 15, and 18. That rule "delays the commencement of the relevant statute of limitations until the plaintiff knows or reasonably should know that he has been injured and that his injury was wrongfully caused." *Jackson Jordan, Inc. v. Leydig, Voit & Mayer*, 158 Ill. 2d 240, 249, 633 N.E.2d 627, 630-31 (1994).

The entire thrust of the complaint is that the defendants acted secretly and concealed their allegedly improper activities, and also that the Motorola employees involved failed to disclose what was going on, despite having a fiduciary duty to do so. *See, e.g.,* 2d Am. Compl. ¶¶ 109, 110, 111, 112, 113, 114, 115, 129, 130, 132, 134. Taking Motorola's factual allegations as true – which, as noted above, the Court is

required to do at the pleading stage – this is entirely plausible: had defendants disclosed their establishment of a competing business and taking and diversion of Motorola assets, the Motorola employees at the core of the alleged scheme almost certainly would have lost their jobs. The complaint's allegations likewise make it entirely plausible that due to the defendants' concealment of their actions, Motorola was unable to discover its injury, its wrongful causation, or the defendants' participation until a date within the limitations period.

For these reasons, Motorola has stated a claim despite the potential assertion of a limitations defense. This would be the case even if the law, as defendants argue, required anticipation and negation of potential affirmative defenses in the plaintiff's complaint. The issue is not close.

That leaves Count 1, Motorola's claim under the CFAA, even though a two-year limitations period applies to that statute. The defendants named in that claim argue that it must be limited to conduct postdating September 23, 2006, which is two years before Motorola filed this suit.

The Court finds persuasive Judge James Zagel's ruling in *Kluber Skahan & Assocs., Inc. v. Cordogen, Clark & Assoc., Inc.*, No. 08-cv-1529, 2009 WL 466812 (N.D. Ill. Feb. 25, 2009), that given the wording of the relevant provision of the CFAA, 18 U.S.C. § 1030(g), "a plaintiff's CFAA claim can survive only if the plaintiff commences suit: (1) within two years of a defendant's alleged violation; or (2) within two years of the plaintiff discovering damage." *Id.* at *7. The Court likewise finds persuasive Judge Zagel's ruling that section 1030(g)'s statement that a plaintiff can commence suit within two years after discovering "damage" does not extend to cases in

which the plaintiff alleges only "loss" within the meaning of the CFAA, not "damage." *Id.* Because the Court has previously ruled Motorola's has alleged only "loss," and not "damage" as the CFAA defines that term, it cannot take advantage of the two-year discovery provision in section 1030(g).

Motorola also argues, however, that it is entitled to the benefit of the doctrine of equitable tolling. In *Kluber Skahan & Associates*, Judge Zagel suggested that equitable tolling does not apply to claims under the CFAA, but he did not definitively rule out the possibility. Instead, his holding was that equitable tolling is "reserved for those situations in which extraordinary circumstances prevent a party from filing on time" and that the plaintiff had alleged no such extraordinary circumstances. *Id.* at *9.

This Court is not so sure that equitable tolling does not apply to CFAA claims. The doctrine is typically read into federal statutes of limitation, *see Cada v. Baxter Healthcare, Corp.*, 920 F.2d 446, 451 (7th Cir. 1990), though not into statutes of limitation that are "jurisdictional." *Id.*; *see also, Smith v. City of Chicago Heights*, 951 F.2d 834, 838-39 (7th Cir. 1992). Neither party has discussed whether the CFAA's statute of limitations is jurisdictional in the way described in *Cada* and *Smith*. The Court is not prepared to determine the issue definitively without better input from the parties.

In addition, Motorola's complaint does not rule out the possibility of equitable tolling applying in this case. In *Kluber Skahan & Associates*, the plaintiff alleged that an employee, when leaving the plaintiff's employ, had walked away with allegedly confidential information obtained from the plaintiff's computers. The allegations in the present case are significantly different. Motorola alleges a scheme spanning multiple

6

years and involving personnel inside and outside Motorola who are claimed to have worked in concert to take and use valuable assets belonging to Motorola. Based on the second amended complaint's allegations, a reasonable inference may be drawn that the defendants actively concealed their conduct that forms the basis of Motorola's CFAA claim, which if proven would entitle Motorola to equitable tolling (assuming it applies under the CFAA). Even after *Bell Atlantic* and *Iqbal*, reasonable inferences are drawn in the plaintiff's favor on a motion to dismiss for failure to state a claim. *See Hallinan*, 570 F.3d at 820. Given these circumstances, Motorola has sufficiently alleged a basis to apply equitable tolling, assuming it applies to the CFAA's statute of limitations.

Finally, the Court dismisses Motorola's renewed claim under 18 U.S.C. § 1030(a)(5) for the reasons it did so previously; Motorola has not cured the defect the Court identified. *See Motorola, Inc. v. Lemko Corp.*, 609 F. Supp. 2d 760, 769 (N.D. Ill. 2009).

**2.     ITSA claim (Count 2; defendants Vorick and Desai)**

The Court agrees with defendants Vorick and Desai that Motorola has not alleged that they misappropriated or participated in the misappropriation of any Motorola trade secret. The allegations Motorola cites in its response, *see* 2d Am. Compl. ¶¶ 121-24, 132, appear to the Court to assert not that Vorick or Desai misappropriated a trade secret or assisted someone else to do so, but rather only that they assisted in demonstrations of what is described as "the Lemko system." It is conceivable that Motorola can make more focused and pointed allegations that would

7

suffice to rope Vorick and Desai into the ITSA claim, but at this point it has not done so.

**3.     Fiduciary duty claim (Count 3; defendant Bai)**

Defendant Bai argues that Motorola's claim for breach of fiduciary duty against him is premised exclusively on misappropriation of Motorola trade secrets and is thus preempted by the ITSA. To the extent the claim is based on trade secret misappropriation, the Court declines to dismiss it for the reason it stated in rejecting defendant Sheng's similar argument regarding an earlier version of Motorola's complaint:

> Preemption exists to the extent that Motorola's fiduciary duty claims are based on the same conduct that constitute its ITSA claims. If, however, Motorola ultimately is unable to prove the existence of a trade secret as defined by the ITSA, there would be no preemption. Thus it is premature to dismiss the breach of fiduciary duty claims.

*Motorola*, 609 F. Supp. 2d at 771 (citation omitted). For this reason, the Court need not address Bai's contention that Motorola alleges no other basis for a claim of breach of fiduciary duty.

**4.     Declaratory judgment claim (Count 6; defendants Lemko, Pan, and Labun)**

In Count 6, Motorola seeks a declaratory judgment that it owns the inventions in certain patents obtained by or assigned to Pan, Labun, and Lemko, as well as certain pending patent applications. Those defendants seek to dismiss or strike the claim to the extent it is based on pending patent applications. The Court finds persuasive Judge Andersen's determination in *Mieling v. Norkar Techs., Inc.*, 176 F. Supp. 2d 817, 819 (N.D. Ill. 2001) (cited by defendants), that a federal court has jurisdiction to issue a declaratory judgment regarding inventorship of claims in a pending patent application.

Judge Andersen went on to conclude in *Mieling* that it was appropriate to decline to exercise his jurisdiction because the Patent and Trademark Office (PTO) was better suited to adjudicate the dispute. *Id.* at 819-20. The Court is not persuaded – at least not yet – that this is the appropriate course in the present case. Contrary to defendants' argument, Motorola's claim does not appear to be based on federal law but rather on state contract and fiduciary duty law. *See* Pl.'s Resp. at 25. The Federal Circuit has at least suggested that state law may provide a viable basis for a claim along these lines. *See AT&T Co. v. Integrated Network Corp.*, 972 F.2d 1321, 1324 (Fed. Cir. 1992). Though *Integrated Network* involved an issued patent, the Court is not prepared to say that there is no basis in law for the part of Count 6 that concerns not-yet-issued patents or that the Court should defer to the PTO in determining ownership. Among other things, defendants have not attempted to show that the PTO is in a position to adjudicate the type of ownership dispute involved here.

**5.    Breach of contract claims (Counts 6-11 & 13; several defendants)**

Lemko, Pan and Labun argue that Counts 6, 7, and 8, in which Motorola seeks declarations that it owns the rights to certain inventions, are premised on provisions of Motorola employment agreements that do not comply with the Illinois Employee Patent Act, 765 ILCS 1060/2. Motorola has sufficiently alleged, however, that the inventions at issue relate to its business, which if proven would be sufficient to invoke exceptions in the two provisions of the Act upon which defendants rely. *See id.* 1060/2(1) & (3). Defendants' arguments to the contrary involve fact issues that cannot properly be determined on a motion to dismiss for failure to state a claim.

The Court also rejects various defendants' contentions that Counts 7 through 11 and 13 are deficient because they are premised on Motorola's code of conduct, which purportedly is not a binding contract. Each claim is premised on express agreements other than (or in addition to) the code of conduct and therefore is sufficient to survive a motion to dismiss. The Court sees no good reason at this stage of the case to parse out the extent to which these claims rely on the code of conduct and whether they appropriately may do so.

**6.     Fraud claim (Count 15; several defendants)**

The defendants named in Count 15, Motorola's fraud claim, argue that the claim runs afoul of the particularized pleading requirements of Federal Rule of Civil Procedure 9(b) because it "lumps each of the six Moving Defendants to whom the fraud claim pertains . . . into each allegation." Defs.' Reply at 8. The Court disagrees. A fraud complaint that "lumps all the defendants together and does not specify who was involved in what activity" typically does not satisfy Rule 9(b). *See, e.g., Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990). But the thrust of the allegation in question, *see* 2d Am. Compl. ¶ 284, is that each of the defendants named in Count 15 made the same misrepresentation: that he or she was devoting best efforts to Motorola and working full time for the company. There was no need for Motorola to say the same thing in six separate paragraphs of its complaint.

Defendants are correct, however, that Count 15 does not include allegations that identify when defendants are claimed to have made the misrepresentations constituting the fraud. In its response to the motion to dismiss, Motorola seems to argue that it relies wholly or partly on a claim of fraudulent omissions. Specifically, it argues that

10

three of the defendants named in Count 15 – Labun, Pan, and Zhang, "signed performance reviews for other of the Defendants, perpetuating the false representations that each of the Moving Defendants was working full-time for Motorola, when, in fact, each of these Moving Defendants was working for the benefit of Defendant Lemko." Pl.'s Resp. at 16. The Court agrees with defendants that Count 15, as currently stated, does not articulate a fraud-by-omission claim but rather alleges misrepresentations. For both of these reasons, Count 15 fails to meet Rule 9(b)'s requirements.

**7.      Spoliation claim (Count 16; defendants Pan and Lemko)**

The Court agrees with the argument of defendants Pan and Lemko that Count 16, Motorola's common law spoliation claim, is deficient because it is based on no more than a threat of future inability to prove one or more of its claims based on an assumption that information has been irretrievably lost, contentions that are premature given the fact that discovery is at a fairly early stage. *See Boyd v. Travelers Ins. Co.*, 166 Ill. 2d 188, 197, 652 N.E.2d 257, 272 (1995); *Vill. of Roselle v. Commonwealth Edison Co.*, 368 Ill. App. 3d 1097, 1117-18, 859 N.E.2d 1, 19 (2006).

**8.      Copyright infringement claim (Count 17; defendant Lemko)**

Motorola alleges that Lemko has infringed Motorola's claimed copyright in its source code. It is undisputed that Motorola did not register its copyright until November 17, 2009. Lemko argues that Motorola's claims for statutory remedies – attorney's fees and doubling or trebling of damages – should be stricken because any infringement necessarily commenced prior to registration, which is a predicate to the statutory remedies. The Court sees no reason to address this point at present, as it will become

an issue only in the event of a win by Motorola on this claim on summary judgment or at trial, events that are many months in the future.

**9.      Conspiracy claim (Count 18; various defendants)**

The defendants argue that Motorola's civil conspiracy claim must be dismissed because all of the defendants allegedly acted as Lemko's agents, bringing into play the so-called "intracorporate conspiracy" doctrine. During significant periods of the alleged conspiracy, however, some of the defendants were Motorola employees and some were with Lemko. Though a contention may be made that they were all effectively wearing Lemko hats, determination of their individual motivations is premature on a motion to dismiss for failure to state a claim.

## Conclusion

For the reasons stated above, the Court grants defendants' motion to dismiss and strike in part and denies it in part [docket no. 329-1 & 329-2]. The Court dismisses Counts 15 and 16 for failure to state a claim and also dismisses Count 2 as to defendants Vorick and Desai for failure to state a claim. The Court otherwise denies the motion. Defendants are directed to answer all remaining claims on or before May 4, 2010. The Court acknowledges it is possible that Motorola may attempt to amend one or more of the deficient claims, but the Court will not defer the filing of answers even if that occurs. It is time to move ahead with the case.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  April 12, 2010