# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 5427 | **DATE** | 11/15/2010 |
| **CASE TITLE** | Motorola, Inc. vs. Lemko Corp., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court denies the motion by certain defendants to dismiss counts 1 and 15 of plaintiff's third amended complaint [docket no. 499].

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

Various defendants have moved to dismiss Counts 1 and 15 of plaintiff's third amended complaint for failure to state a claim.

**Count 1**

The Court declines to dismiss Count 1, Motorola's claim under the Computer Fraud and Abuse Act, on the ground that it or part of it is time-barred. The Court is unpersuaded that the discovery rule or equitable tolling do not apply to CFAA claims of the sort Motorola has brought, either as a matter of federal common law or under the discovery rule in the CFAA itself, 18 U.S.C. § 1030(g). On the latter point, the Court acknowledges that it previously ruled that section 1030(g)'s statement that a plaintiff can sue within two years after discovering "damage" does not cover cases like this one in which the plaintiff alleges only "loss" as the CFAA defines that term. The Court is not 100 percent confident that it read the statute correctly (for example, section 1030(g) uses the terms "damage" and "damages," and the Court's earlier reading essentially gives these two terms different meanings). In any event, the Court doubts that a reading that would preclude a victim of unlawful computer intrusion who did not suffer CFAA-"damage" cannot sue unless it somehow discovers the intrusion within two years of its occurrence would be in accord with Congressional intent, seeing as how such intrusion is by nature likely to be surreptitious. Because the pursuit of the CFAA claim does not materially affect the scope of discovery, the Court can defer a definitive ruling or revisiting of that issue. (Lest there be any question, given the enormous amount of time devoted to the litigation of this case in federal court, the Court would exercise its discretion to retain jurisdiction of the case even if all federal claims were dismissed at this point. *See, e.g., Hansen v. Bd. of Trs. of Hamilton Se. School Corp.*, 551 F.3d 599, 608-09 (7th Cir. 2008)).

| STATEMENT |
|---|

**Count 15**

In Count 15, a common law fraud claim, Motorola alleges that while several of the defendants were employed by Motorola, they failed to disclose that they were working for Lemko and diverting proprietary information. Defendants argue that the only potentially applicable duty to disclose was contractual and that the claim runs afoul of the principle that one cannot make a fraud claim out of a contractual breach. The Court disagrees. The defendants had a duty to disclose material facts by virtue of their employment relationship, even in the absence of a contract or written policy. For this reason, the Court need not decide whether Motorola can pursue the claim if the only duty to disclose was contractual.