# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 5427 | **DATE** | 11/17/2010 |
| **CASE TITLE** | Motorola, Inc. vs. Lemko Corp., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court grants in part and denies in part Motorola's motion to compel Huawei to respond to Motorola's document requests [# 634] and Huawei's motion to compel Motorola to produce documents [# 631], and denies Motorola's motion to compel Lemko to produce source code pursuant to requests 90-99 [# 623].

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

In this order, the Court rules on Motorola's motion to compel Huawei to respond to Motorola's document requests [# 634], Huawei's motion to compel Motorola to produce documents [# 631], and Motorola's motion to compel Lemko to produce source code pursuant to requests 90-99 [# 623]. The Court is disappointed that Motorola and Huawei did not file a *joint* status report, as the Court specifically directed. The next time any attorneys in the case fail to comply with an order to submit a joint status report, the Court will impose an immediate monetary sanction on all involved.

1.  Motorola's motion to compel Huawei

    a.  *Requests 1-8, 14, 16, and 20-22*. There does not appear to be a dispute regarding the scope of production pursuant to these requests. The only dispute concerns timing. The Court orders Huawei to complete production of documents pursuant to these requests by December 31, 2010. The Court also orders Huawei to begin production by no later than seven days from the date of this order and to make production on a prompt rolling basis as documents are available. If Huawei back-loads the time for production of a significant proportion of these documents without a significant justification, the Court will impose sanctions on Huawei.

    b.  *Requests 9, 10, 12 and 13*. These requests are to some extent unduly burdensome. The Court adopts Huawei's proposed approach to production as set forth on the carryover paragraph at pages 2-3 of its status report.

    c.  *Requests 15 and 18*. There does not appear to be a dispute regarding the scope of production pursuant to these requests. The Court orders Huawei to complete production pursuant to these requests by December 15, 2010 (the Court does, in fact, intend the deadline to be different from that stated above). The

Court also orders Huawei to begin production promptly and to make production on a prompt rolling basis as documents are available. The Court gives the same admonition regarding back-loading as described above.

     d.     *Request 17*. The Court adopts Huawei's statement regarding the scope of production pursuant to this request as stated under heading C on page 4 of its status report.

     e.     *Request 19*. Huawei has agreed to produce certain documents in response to this request, as described at page 5 of Huawei's status report (second full sentence) and page 5 of Motorola's status report (first sentence of last paragraph). The Court is comfortable with the scope of Huawei's search as described in the fourth sentence of page 5 of its status report, with the following conditions: Huawei must identify to Motorola the persons whose hard drives are searched and must described in a sworn affidavit (or affidavits) the basis for its selection of those persons as those "likeliest to have documents responsive to this request." The Court defers the question of whether Motorola may obtain Huawei source code pending further review after production of the documents Huawei has agreed to produce. The Court orders Huawei to begin production promptly and to make production on a prompt rolling basis as documents are available. Huawei must complete its production by December 31, 2010. The Court gives the same admonition regarding back-loading as described above.

     f.     *Motorola document request set 2*. The Court orders Huawei to complete production of documents pursuant to these requests by December 31, 2010. The Court also orders Huawei to begin production promptly and to make production on a prompt rolling basis as documents are available. If Huawei back-loads the time for production of a significant proportion of these documents without a significant justification, the Court will impose sanctions on Huawei.

     g.     *Protective order*. Huawei has indicated that it wishes to designate some documents for viewing on an outside-attorney's-eyes-only basis. The current protective order does not contemplate this level of protection. If Huawei wishes a modification of the order, it must file the motion no later than Friday, November 19, 2010 and notice it for presentment on Wednesday, November 24, 2010 at 9:30 a.m. Any response by Motorola must be filed (and a complete, unredacted copy dropped off in Room 2188) by no later than 4:00 p.m. on Tuesday, November 23. 2010. Unless and until the Court orders a modification, the current protective order remains in effect.

     h.     *Lemko computers and hard drives*. The Court directs Huawei to conclude arrangements with Motorola by no later than one week from the date of this order to permit Motorola's Hong Kong-based, Chinese-speaking forensics expert to examine the Lemko computers and hard drives that Huawei has located and obtain forensic images of them. Those arrangements must enable Motorola to complete the inspection and imaging by no later than December 10, 2010.

2.     <u>Huawei's motion to compel Motorola</u>

     a.     *Request 1*. This request seeks all communications between Motorola and anyone concerning the "trade secrets" as Motorola has defined that term. In its response to Huawei's interrogatory 1, which incorporates its response to certain interrogatories by other defendants, Motorola has provided broad definitions of the trade secrets it claims Huawei misappropriated. *See, e.g.*, Docket # 607, Ex. B, Interrog. 4. The Court made it clear at the initial hearing on Huawei's motion that by defining the trade secrets so broadly, Motorola has brought upon itself a correspondingly broad scope of discovery relating to those allegations. That said, the Court also made it clear that by asking for "all communications . . . concerning" the trade secrets, Huawei's request is vastly overbroad. Based on its status report, Huawei appears to have

done little to attempt to narrow the scope of its request. It says that it has "agreed to limit this request to documents provided to third parties." That, however, is how the Court always understood the request in its original form, and because Huawei does not provide the Court a definition of "third parties," this "limitation" does not actually appear to narrow the requests. Huawei has, however, provided a set of "examples of documents responsive to the requests." This list of examples appears to the Court to provide a reasonably narrowed and focused limitation of the request that will no doubt impose upon Motorola a burden, but not an undue one. The Court hereby narrows the request to the five examples listed on page 9 of Huawei's status report. In other words, Huawei may not enforce any version of this request broader than that list of examples.

     b.    *Request 2*. The Court adopts Motorola's statement regarding the scope of production as stated under heading B on page 7 of its status report.

     c.    *Requests 3, 8, 9, 10 & 12*. These requests seek documents concerning what appears to be a deal to sell certain Motorola assets to Nokia Siemens Networks, B.V. Based upon what Motorola has represented to the Court, the sale agreement was executed in July 2010, but the deal is not targeted to close until early 2011, and no assets will be transferred until that time. Motorola also states that there are several conditions precedent to closing the transaction, including regulatory approval in China, and that Huawei is on record as objecting to such approval. Huawei has not persuaded the Court that it needs the documents it seeks to defend against Motorola's claims in this case, and in any event, requiring production would impose an undue risk of disclosure of documents whose commercial sensitivity is heightened given the fact that the proposed transaction has not yet been concluded.

     d.    *Requests 5-7*. Huawei proposes to limit production to "documents referenced in the documents Motorola identified in response to Huawei's Interrogatory No. 1" and various other categories, all of which relate to documents identified by in response to that interrogatory. The Court notes that Huawei did not bother to provide the Court in connection with the present motion a copy of Motorola's response to that interrogatory, which made it somewhat difficult for the Court to determine whether this limitation reduces the scope of the requests to a reasonable level. The Court went hunting for the interrogatory answer and located what appears to be Motorola's response, which Huawei attached to an earlier motion. *See* Docket # 607, Ex. A. That response does, in fact, identify a number of documents. Neither side, however, has told the Court anything about how many documents are "referenced in" those documents. Because Motorola bears the burden of showing overbreadth and undue burden, the absence of information on this point means it has not carried that burden. The Court also does not see any undue burden in requiring Motorola to produced draft or interim versions of the documents it identified in response to Interrogatory 1. On the other hand, Huawei's request for all e-mails and other documents exchanged between Motorola engineers working on those projects and materials the authors of the identified documents used to create them is, in the Court's view, overly broad. Accordingly, the Court limits these requests to items (a) and (b) as listed on page 11 of Huawei's status report. (If, as Motorola seems to say, there are not documents responsive to request 6 given its wording, then the response to that one should be pretty simple.)

     e.    *Request 11*. Huawei has agreed to suspend this request and send an interrogatory seeking the information. The Court agrees that that is a more appropriate approach, because the request seeks identification of persons. The best and most direct way to do that is to ask it via an interrogatory, not via a document request. To make matters clear and avoid further disputes, the Court orders that Huawei may not enforce document request 11.

     f.    *Requests 4 and 13*. Request 13, seeking "all documents you intend to rely on to support any

| STATEMENT |
|---|

of your contentions," is too vaguely worded and likely premature. The Court declines to enforce it. Request 4, seeking "all documents that *relate to* the Motorola trade secrets that you allege were misappropriated by Huawei" (emphasis added), is impossibly vague and overly broad, and the Court likewise declines to enforce it.

      g.    *Timing of production*. The Court orders Motorola to complete production of documents pursuant to the requests the Court has enforced by December 31, 2010. The Court also orders Motorola to begin production promptly and to make production on a prompt rolling basis as documents are available. If Motorola back-loads the time for production of a significant proportion of these documents without a significant justification, the Court will impose sanctions on Motorola.

3.     <u>Motorola's motion to compel Lemko (requests 90-99)</u>

     At a recent hearing, the Court specifically directed Motorola to provide, in a supplement to its motion to compel, a specific proposal for searching the imaged Lemko server and a justification for that proposal. *See* Nov. 1, 2010 Tr. at 11-12. Motorola has made little effort to do what the Court directed. Its supplement to the motion contains exactly one rather vague sentence describing its proposed search: "any source code, header files, object code, executable files, or log files with a date on or before Dec. 31, 2005." Docket # 639, p. 4. And the motion contains no explanation or justification – none – for why this approach makes sense and is otherwise appropriate. The Court concludes that Motorola has forfeited any entitlement (assuming it had one to begin with) to conduct a search of the imaged server with regard to its document requests 90, 91, and 99. The Court also notes that as stated in Lemko's response to Motorola's supplement, other discovery previously ordered appears likely to turn up any responsive material on the imaged server. *See* Lemko Resp. at 3-4.

     In addition, as Lemko correctly states, Motorola did not seek to enforce request 92-98 in its motion to compel and at the hearing on the motion. For that reason, its request in the supplement to enforce those requests is not properly before the Court at this time. The same is true of Motorola's request in the supplement to order Lemko to produce source code for its "DMA" products.

     Finally, in its supplement to its motion to compel, Motorola asks to be relieved from responding to Pan's document request 14. That issue is likewise not properly before the Court, and in any event, as Lemko correctly points out, the Court already ruled on that matter some time ago.