# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 5427 | **DATE** | 11/30/2010 |
| **CASE TITLE** | Motorola, Inc. vs. Lemko Corp., et al. | | |

**DOCKET ENTRY TEXT**

Motorola's motion to designate materials "highly confidential" pursuant to the protective order [652] is granted in part, with the exceptions noted below. Defendants are directed to identify to the Court in writing, by no later than December 3, 2010, each person to whom the November 9, 2010 *in camera* transcript or its contents has been disclosed.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

Motorola has moved to designate as "highly confidential" under a previously entered protective order certain material now designated by Lemko (and perhaps other defendants) as "attorney's eyes only" and a transcript that the Court specifically designated as *in camera* and thus not subject to disclosure to anyone who was not present at the time. The "attorney's eyes only" designation limits disclosure to outside counsel of record.

Lemko has persuasively argued that, at least for now, certain discrete items should retain the attorney's eyes designation by Lemko and that the transcript should retain its *in camera* designation and should not be subject to disclosure. These designations will remain in effect unless and until Motorola's outside counsel persuades the Court, in an outside attorney's eyes only submission, regarding the basis for the questions and comments at page 215, lines 5-10; page 225, lines 13-19; and page 323, lines 14-15 of the Howell deposition of October 27, 2010.

The items that will retain these designations as attorney's eyes or *in camera* are:

1. Howell deposition of October 27, 2010:
   page 215, lines 5-10
   page 225, lines 13-19
   page 323, lines 14-16

2. The unredacted version of Motorola's motion to compel Huawei (docket no. 634). Motorola may disclose to persons covered by the "highly confidential" designation a redacted version of the motion (not including exhibits) that omits any reference to or commentary derived from the pages and lines of the Howell deposition noted in item 1. Before making such disclosure, Motorola must submit to the Court its proposed redaction and an unredacted copy for comparison purposes and must await approval by the Court.

| STATEMENT |
|---|

       3.       The portion of the transcript of court proceedings on November 9, 2010 that the Court designated as *in camera*.

       4.       Lemko's submission to the Court of November 17, 2010 (docket no. 650).

Beyond this, the Court sees no basis for attorney's eyes only designation of the other materials covered by Motorola's motion, which consist of other passages from Howell's deposition and certain exhibits used at that deposition. As the party seeking heightened disclosure restrictions, Lemko bears the burden of showing those restrictions are reasonably necessary. It has failed to carry that burden. In its response to Motorola's motion, Lemko says, in entirely conclusory fashion, that disclosure of its customer relationships is irrelevant and would be harmful. It does not support the contention; indeed, it makes no effort to support the contention.

In sum, Motorola's motion to designate materials "highly confidential" pursuant to the protective order is granted in part, with the exceptions noted above. And to be clear, this order will be filed in the public record and as such may be made available to anyone.

There is one additional topic. Motorola's motion suggests that defendants have taken the position that the transcript of the hearing that the Court ordered would be held *in camera* could be shown to any defendant in the case. By ordering the hearing to be held *in camera*, the Court was directing that the discussion at the hearing would not be disclosed beyond the attorneys who were present. The defendants are directed to identify to the Court in writing, by no later than December 3, 2010, each person to whom the transcript or its contents has been disclosed.