# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 5427 | **DATE** | 11/30/2010 |
| **CASE TITLE** | Motorola, Inc. vs. Lemko Corp. et al. | | |

**DOCKET ENTRY TEXT**

The Court grants defendant Huawei's motion to amend the protective order [654] with the modifications stated below.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

Defendant Huawei Technologies Co., which was added to the case more recently than the other defendants, has moved to modify the protective order with regard to its document production. Specifically, it requests permission to temporarily designate all of its produced documents as "attorney's eyes only," with access limited to outside counsel of record and independent expert witnesses or consultants. The documents would be automatically redesignated as "highly confidential" 60 days after the completion date for production, which would permit broader dissemination. The completion date is December 31, 2010, meaning that the automatic redesignation would not occur until March 1, 2011 under Huawei's proposal. Plaintiff Motorola, Inc. has objected, arguing that this would unduly hamstring its preparation. It notes in particular that fact discovery is to be completed by January 31, 2011.

Huawei has shown a legitimate need for some leeway in its production of documents. The production is taking place in a compressed time frame due largely to its relatively late addition to the case, and it involves a massive quantity of documents, most of which are being produced electronically. This gives rise to a risk of inadvertent production of privileged and non-responsive material to Motorola, a competitor. The clawback provisions of the protective order and the Federal Rules are not an entirely adequate solution for this problem. For these reasons, the Court finds generally appropriate the mechanism Huawei has proposed.

Because, however, this will hamper Motorola's preparation to some extent, the Court adopts two modifications to Huawei's original proposal. First, the Court adopts the compromise set forth in Huawei's reply in the last full paragraph of page 4, permitting Motorola to show Huawei's documents to no more than four in-house attorneys who have certified in writing, under penalty of perjury, that they have no responsibility for patent prosecution or competitive decision making. The certifications must be filed with the Court. The Court notes that because these persons will be subject to the protective order's restrictions on use, Motorola should exercise care in designating them.

| **STATEMENT** |
|---|
| Second, the Court shortens to five weeks the period after which Huawei's documents will be automatically redesignated as highly confidential. Specifically, any documents that Huawei has designated as attorney's eyes only will be automatically redesignated as highly confidential as of February 4, 2011 without the need for a further order by the Court. |