# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 5427 | **DATE** | 5/24/2011 |
| **CASE TITLE** | Motorola, Inc. vs. Lemko Corp., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court grants Motorola and Huawei's joint motion to dismiss Huawei with prejudice [docket no. 725].

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

The claims in this lawsuit arise from the alleged actions of employees and former employees of plaintiff Motorola, Inc. and others affiliated with them to purloin confidential Motorola information and corporate opportunities for their own gain. Motorola later added claims that in certain respects, the defendants acted in concert with Huawei Technologies Co., Ltd., a Chinese corporation, and provided certain of the purloined information to Huawei, which in turn profited from the use of that information.

Motorola and Huawei have settled with each other and seek dismissal with prejudice of Motorola's claims against Huawei. Defendant Lemko Corp. and several individual defendants (collectively, Lemko) have objected to the motion. They request that the Court deny the motion or impose a variety of conditions to ensure Lemko's access to discovery.

Rule 41(a)(2) provides that in the present circumstances, an action may be dismissed only by court order "on terms that the court considers proper." Unconditional dismissal is inappropriate if a party demonstrates that it will suffer "plain legal prejudice" as a result of the dismissal. *See Agretti v. ANR Freight Sys., Inc.*, 982 F.2d 242, 247 (7th Cir. 1992). This may occur if the dismissal interferes with a party's contract rights or its ability to seek contribution or indemnification or if it strips the party of a legal claim or "the right to present relevant evidence at trial." *Id.* at 247.

Lemko's principal argument arises from the fact that Motorola's claims include allegations of misconduct that involve Lemko's interactions with Huawei. Lemko contends that if Huawei is dismissed from the case, Lemko "will be effectively foreclosed from obtaining discovery and evidence from Huawei vital to disproving Motorola's claims." Lemko Opp. to Jt. Mot. to Dismiss at 5. This foreclosure, Lemko contends, arises from the fact that Huawei is a Chinese entity and the documents and witnesses Lemko claims it needs are all located in that country, making them effectively unavailable due Lemko's inability to obtain access to

| STATEMENT |
|---|

them via subpoena or otherwise.

Lemko's arguments fail to take account of the fact that it is Motorola that bears the burden of proof on its claims. If Huawei is dismissed, Motorola will be equally unable to obtain documents from Huawei or testimony from its personnel. Rather, Motorola will be limited to evidence it can garner from its own documents and personnel, those of Lemko and the other defendants, and any third parties who are subject to discovery. If anyone will be hamstrung by the dismissal of Huawei, it is Motorola, the party that bears the burden of proof.

In addition, in connection with its request for dismissal of its claims against Huawei, Motorola has committed that it will not seek to introduce evidence that Huawei used or incorporated Motorola's technology in Huawei's products, and that it will not seek damages against Lemko based on Huawei's alleged products. *See* Pl.'s Suppl. to Reply in Support of Jt. Mot. to Dismiss at 4. The Court is persuaded that nine of the ten categories of information that Lemko contends it needs from Huawei are either irrelevant or minimally probative such that Lemko has not shown that it needs that information to defend against Motorola's remaining claims. As for the remaining category of information, which concerns certain computers that Lemko gave to Huawei, both Motorola and Lemko have received, and will be able to use, images of those computers and copies of other associated information. Lemko is no worse off than Motorola as it relates to this information and is likely better off, as its personnel's accounts of their dealings with Huawei personnel (assuming that is an issue at trial) likely will go unanswered by Motorola except to the extent it is able to rebut those accounts via documents or testimony of other witnesses equally available to both sides.

The Court also notes that following Motorola's addition of Huawei to the case, and prior to the partial discovery hiatus that the Court imposed to facilitate settlement negotiations, Lemko served no deposition notices on Huawei personnel and no document requests along the lines of what Lemko now claims it needs to defend itself. It is no answer to this to say that at that point, Huawei was aligned along with Lemko as a defendant. No party to a lawsuit is entitled to assume that such alignments will exist forever.

Lemko also contends that Huawei's absence will prevent it from seeking a proper "apportionment" of damages. This argument is unsupported. All of Motorola's claims on which contribution theoretically might be available are intentional torts (Lemko obliquely hints that some of them may not be, but it provides no supporting citations and thus has forfeited the point.) Illinois law, which presumptively applies, does not allow contribution for intentional tortfeasors. *See Gerill Corp. v. Jack L. Hargrove Builders, Inc.*, 128 Ill. 2d 179, 206, 538 N.E.2d 530, 542 (1989). Beyond this, Lemko does not explain what it means by "apportionment." If Lemko is legally entitled to a set-off based on consideration that Motorola may have received via its settlement with Huawei, it can obtain the necessary information about the terms of that settlement from Motorola.

If Lemko can later show what it has not yet shown – that the absence of access to discovery from Huawei actually prevents it from defending fairly against a claim that Motorola actually is pursuing – the more appropriate way to remedy that likely will be an *in limine* order limiting the claims that Motorola can pursue or the evidence it can offer. This speculative concern does not trump the general policy encouraging voluntary settlement of litigation. *Cf. Higbee v. Sentry Ins. Co.*, 253 F.3d 994, 995 (encouragement of voluntary settlements is an important federal policy).

For these reasons, the Court grants Motorola and Huawei's joint motion to dismiss Huawei with prejudice.