**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MOTOROLA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LEMKO CORPORATION, XIAOHONG | ) | |
| SHENG, SHAOWEI PAN, HANJUAN JIN, | ) | |
| XIAOHUA WU, XUEFENG BAI, | ) | |
| NICHOLAS LABUN, BOHDAN PYSKIR, | ) | |
| HECHUN CAI, JINZHONG ZHANG, | ) | |
| ANGEL FAVILA, ANKUR SAXENA, | ) | Case No. 08 CV 5427 |
| RAYMOND HOWELL, FAYE VORICK, | ) | |
| and NICHOLAS DESAI, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | Judge Matthew F. Kennelly |
| | ) | |
| * * * * * * * * * * * * * | ) | Magistrate Judge Geraldine Soat Brown |
| LEMKO CORPORATION, SHAOWEI PAN, | ) | |
| XIAOHUA WU and XIAOHONG SHENG, | ) | |
| | ) | |
| Counter-Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| MOTOROLA, INC., | ) | |
| | ) | |
| Counter-Defendant. | ) | |

**EXHIBIT INDEX TO**
**PLAINTIFF MOTOROLA, INC.'S MEMORANDUM IN SUPPORT OF ITS**
**MOTION FOR RECONSIDERATION AND ENTRY OF PROTECTIVE ORDER**

| Exhibit 1 | Transcript of June 2, 2011 Proceedings |
|---|---|
| Exhibit 2 | (Filed under Seal) |
| Exhibit 3 | (Filed under Seal) |
| Exhibit 4 | (Filed under Seal) |
| Exhibit 5 | (Filed under Seal) |
| Exhibit 6 | (Filed under Seal) |

# EXHIBIT 1

1    IN THE UNITED STATES DISTRICT COURT
     NORTHERN DISTRICT OF ILLINOIS
2           EASTERN DIVISION

3

4  MOTOROLA, INC.,                    )

5               Plaintiff,   )   Docket No. 08 C 5427

6        vs.                          )

7  LEMKO CORPORATION, et al.,    )   Chicago, Illinois
                                      )   June 2, 2011
8               Defendants.   )   10:20 a.m.

9

10             TRANSCRIPT OF PROCEEDINGS
     BEFORE THE HONORABLE MATTHEW F. KENNELLY

11

APPEARANCES:
12

13  For the Plaintiff:      NIXON PEABODY, LLP
                           BY:   MR. MARK R. HALLIGAN
14                         300 South Riverside Plaza
                           16th Floor
15                         Chicago, Illinois   60606

16

17  WINSTON & STRAWN
                           BY:   MR. LAWRENCE R. DESIDERI
                           35 West Wacker Drive
18                         Chicago, Illinois   60601

19

20  For the Defendant:      DESPRES, SCHWARTZ & GEOGHEGAN
                           BY:   MR. MICHAEL P. PERSOON
                           77 West Washington Street
21                         Suite 711
                           Chicago, Illinois   60602

22

23  GREENBERG TRAURIG
                           BY:   MR. CHARLES LEUIN
24                         77 West Wacker Drive
                           Suite 3100
25                         Chicago, Illinois   60601

WANG, LEONARD & CONDON
        BY:   MR. WILLIAM J. LEONARD
        33 North LaSalle Street
        Suite 2020
        Chicago, Illinois   60602


LEYDIG, VOIT & MAYER, LTD.
        BY:   MR. DAVID M. AIRAN
              MR. H. MICHAEL HARTMANN
        180 North Stetson Avenue
        Suite 4900
        Chicago, Illinois   60601

LAURA M. BRENNAN - Official Court Reporter
219 South Dearborn Street - Room 2102
Chicago, Illinois   60604
(312) 427-4393

1      (The following proceedings were had in open court:)

2              THE CLERK:  08 C 5427, Motorola v. Lemko.

3              MR. PERSOON:  Good morning, your Honor; Michael

4      Persoon on behalf of defendant Xiaohong Sheng.

5              THE COURT:  Why are you still here?

6              MR. HARTMANN:  I'll explain that.

7              THE COURT:  Just give your names.  Now you guys are

8      doing a shuffle on me here.  No, we have got to start over

9      there.

10             Mr. Persoon, we'll start with you.  Don't move.  No,

11     you've got to stay still.  It's not for me -- I know who you

12     are -- but just in terms of the court reporter keeping people

13     straight.

14             Go.

15             MR. AIRAN:  David Airan on behalf of Hawaii

16     Technologies Company.

17             MR. HARTMANN:  I'm Mike Hartmann on behalf of

18     nonparty Hawaii.

19             MR. PERSOON:  Michael Persoon on behalf of defendant

20     Xiaohong Sheng.

21             MR. LEONARD:  Good morning, your Honor; Bill Leonard

22     on behalf of defendant Wu.

23             MR. LEUIN:  Charles Leuin on behalf of Lemko

24     Corporation and several individual defendants.

25             MR. DESIDERI:  Lawrence Desideri on behalf of

1  Motorola, your Honor.

2       MR. HALLIGAN:  Mark Halligan, your Honor, on behalf

3  of Motorola.

4       THE COURT:  Okay.  So why are you still here?

5       MR. HARTMANN:  A housekeeping matter.  On the

6  documents that we produced to the remaining parties, 3 million

7  of them, your Honor terminated a motion last week that asked

8  for attorney/client -- I mean, counsel only --

9       THE COURT:  I figured it was moot.  It's not moot.

10      MR. HARTMANN:  Well, it's not moot.  We would like to

11  protect about 40,000 documents out of the 3 million as for

12  counsel only.  And so we would like to have agreement by the

13  parties.

14      THE COURT:  Have you discussed this?

15      MR. HARTMANN:  We have, and I believe Motorola is

16  willing to do that.  We're willing to entertain requests to

17  down-classify as needed.

18      THE COURT:  So what I would --

19      Does anybody on the defense side have a problem with

20  this?

21      MR. LEUIN:  We certainly don't have a problem

22  treating as AEO presently.  It's not like we're taking the

23  position that since they're --

24      THE COURT:  It's not necessarily forever.

25      MR. LEUIN:  That's the issue, that we really just

1  yesterday got the list of the 40,000 documents we're talking
2  about, and I think we would like to look at those and see if
3  there is anything we know now --

4  THE COURT: Fair enough.

5  MR. LEUIN: -- that needs to be dealt with while
6  we're --

7  THE COURT: The question is just in terms of whatever
8  order I have to do, whether the current protective order is
9  sufficient or whether there needs to be some sort of an
10  appendix or add-on to it or something like that. What do
11  people think?

12  MR. HARTMANN: The current order doesn't address that
13  at all.

14  THE COURT: Okay. So this is what I would like you
15  to do on this issue, and I would like you to do it within the
16  next week if the current order doesn't address the issue, and
17  maybe it does. Maybe you can show them where it does and
18  everybody is satisfied. But within the next week, I'd like
19  you to sit down and try to, you know, work out whatever kind
20  of a supplement is necessary, and just get it to me.

21  And I know everybody -- I know nobody ever agrees on
22  anything in this case. If you can't agree on this, I'm going
23  to be really disappointed. I will just kind of leave it at
24  that, okay. If there's a problem, then say, we want to
25  reinstate our motion, and then we'll get back to that. You

1    don't have to refile it, in other words.  Just say, we want to
2    reinstate.

3            MR. HARTMANN:  Thank you, Judge.

4            THE COURT:  All right.  And you don't have to hang
5    around if you don't want to.

6            MR. HARTMANN:  Thank you.

7            (Mr. Airan and Mr. Hartmann exited.)

8            THE COURT:  Okay, so I looked at the status report.
9    I first want to explain -- and it was in the same order that
10   Mr. Hartmann was referring to here -- why I used the lingo,
11   you know, without prejudice to you making the argument about
12   structuring discovery.  I just wanted to make clear that I
13   wasn't taking a position on it one way or another.  I wasn't
14   suggesting that you do that.  I was basically just saying, you
15   know, this is kind of a stale motion at this point given what
16   else -- everything that's happened in the meantime, and I was
17   terminating it because I didn't think it was -- "ripe" would
18   be the wrong word -- whatever the opposite of "stale" is.  I
19   didn't think it was a live one at this point and something
20   else needed to be done, and you've sort of done that in here.

21           I'm willing to hear brief -- double underscore, bold
22   print -- argument about, you know, each side's position that
23   you have set forth in the status report.

24           So why don't you go first.

25           MR. LEUIN:  Sure, your Honor.

1            We believe that the structured discovery that is
2    proposed by Lemko will allow us to get much more quickly to
3    the submission of the dispositive motion that is going to
4    resolve all or at least a substantial part of the case.

5            In contrast, the alternative is a return to world war
6    three, scorched earth litigation that benefits no one but
7    Motorola and its lawyers and prejudices all of the defendants
8    in the case.

9            Motorola says in the paper that they submitted
10   yesterday that the categories that we have proposed for this
11   structured discovery focus on our theory of the case.  The
12   first three categories all focus on --

13           THE COURT:  I got it.

14           MR. LEUIN:  -- the trade secrets and confidential
15   information which they repeatedly have said are at the center
16   of this case.  But when they said that -- I went back and
17   looked at the case file on -- August 24th, I'm sorry --
18   November 5th they made a filing that said --

19           THE COURT:  Of which year?

20           MR. LEUIN:  2010.

21           THE COURT:  Okay.

22           MR. LEUIN:  They made a filing that said the case is,
23   quote, centered around defendants' alleged theft of Motorola's
24   trade secrets and confidential information and copyrighted
25   source code.

1          A couple of months before that, on August 24th, Mr.
2   Halligan argued to the Court, quote:

3          "It's our position that every product that they have
4   manufactured, every product that they have made, was derived
5   from stolen proprietary Motorola source code."

6          They have said repeatedly that those are the issues
7   that are at the heart of this case, and by the structured
8   discovery that we have proposed, we want to understand what
9   they're talking about. We have asked for that repeatedly, and
10   we asked for it as part of the settlement process and still
11   never got it.

12          THE COURT: Well, you had asked for it before that.
13   I mean, you were having fights about this part of the
14   discovery going back I don't know how many months.

15          MR. LEUIN: Absolutely, and they provided just the
16   most general sweeping categories of information. They have
17   not provided ever a single Motorola confidential document that
18   they claim we took.

19          THE COURT: And I've heard that many times, which is
20   why I've suggested on multiple occasions going back, I'm not
21   sure how far back, to both you and Mr. Karpeles, why don't you
22   just file a motion for summary judgment and that would kick
23   everything into gear. Then they would say, okay, here's our
24   response, or they would say, we can't respond because we need
25   more discovery and here's the discovery. And then I can force

1   them to get really specific at that point.  I mean, I
2   suggested that long before we even went off on the settlement
3   conference route.

4           And, I mean, basically what you're telling me is,
5   yeah, well, maybe we'll get there in another three or four
6   months.  I would like to say just do it now.  Why don't you
7   just do it now?

8           MR. LEUIN:  Well, because --

9           We can do that, your Honor, but I think that it will
10  be a much more focused summary judgment motion if we
11  understand the specifics of what we're talking about, which
12  years into this case we already should, and their objection to
13  providing this very narrow, focused discovery on --

14          THE COURT:  Well, the primary objection I think that
15  you have gotten -- there's been all of this sort of what I
16  will call the sort of standard objections, you know, over-
17  burdensome, blah-blah-blah.  But the primary objection that
18  you have gotten is we don't know yet because we need to do
19  more discovery.  Okay.

20          And what's going to happen -- I mean, this is my
21  reaction to your proposal.  That's what's going to happen.
22  You're going to get an answer.  And you will get an answer
23  which will say, okay, look at our answer that we gave you
24  whatever months ago; here's some more; investigation
25  continues.  That's what you're going to get.

1         We're not going to get there in three months. We're
2   just not going to get there in three months because they're
3   going to say, and probably legitimately, that they need more
4   discovery in order to get to that point.

5         MR. LEUIN: Well, the one point I would like to make
6   in response to that is since November they have had all of
7   Lemko's source code in a room. They have had all of the
8   Subversion repositories that they claim were so critical to
9   finding out what was taken in a room. And, you know, one, the
10  first category of information in particular, but really all
11  three say, you know, you've now had this stuff for more than
12  half a year; tell us what in there you claim was taken from
13  Motorola.

14        And the fact that they say their theory of the case
15  isn't misappropriation of trade secrets anymore, well, then
16  they need to somehow dismiss claims contained in the third
17  amended complaint because the first 25 pages of their third
18  amended complaint relates to the misappropriation of trade
19  secrets.

20        THE COURT: Okay, talk to me.

21        MR. DESIDERI: Your Honor, from our perspective, we
22  view their proposal is they proceed with discovery while
23  discovery against us is stayed, which, as your Honor has just
24  observed, will not advance the case because at the completion
25  of what they ask for, we would, of course, then ask that we be

1  able to do the discovery we need that is necessary for our
2  case.

3      THE COURT:  That's pretty obvious.  You don't have to
4  convince me of that.

5      MR. DESIDERI:  Okay.  One thing I do want to point
6  out, your Honor, is that there is a difference.  We mention in
7  our papers how the defense want to proceed on their theory of
8  the case versus our theory of the case.  One of the principal
9  theories in our case is that the Lemko source code, what Lemko
10  employees developed at the time they were at Lemko is Motorola
11  source code.

12      THE COURT:  It belongs to you because they were your
13  employees, et cetera, et cetera.

14      MR. DESIDERI:  Because they were our employees.

15      THE COURT:  I get that.

16      MR. DESIDERI:  Okay.  And so if you answer --

17      THE COURT:  Sadly, I know way too much about this
18  case.

19      MR. DESIDERI:  So if you answer just these questions,
20  it would not create a dispositive motion situation at all.

21      THE COURT:  Thank you.

22      So this is what we're going to do.  First of all, I'm
23  not persuaded that this bifurcated proposal makes sense at
24  this point for the reasons that I described a few minutes ago.

25      However, secondly, the four items -- you know,

1 │ there's nothing in the law that says that a discovery request
2 │ has to be on a piece of paper that says interrogatories or
3 │ requests for production.

4 │ The four discovery requests that are set forth on
5 │ page 4 of the status report under the heading of Lemko's
6 │ Status Report on Discovery are deemed to have been served
7 │ today.  There will be no extensions of time.  So is it 30 days
8 │ under the Rules of Civil Procedure?  That's how long you have
9 │ to respond to them.

10 │ Now, I'm going to wait until you're looking at me
11 │ because I want to tell you something that I want to sink in.
12 │ Don't give me the -- I'm looking for the polite term -- don't
13 │ give me the boilerplate objections:  Overly broad, unduly
14 │ burdensome, not calculated to lead to discovery,
15 │ blah-blah-blah.  These requests are all relevant.  They're not
16 │ unduly burdensome.  They go to the heart of at least part of
17 │ the theory of the case.

18 │ I acknowledge that your investigation may be ongoing,
19 │ and so, you know, it may be if it's appropriate under, you
20 │ know, whatever rules that apply to this for you to say, these
21 │ are our answers and there may be more when we get discovery.
22 │ I get that.  But you're going need to answer these things.
23 │ And don't even bother asking them for an extension because
24 │ they don't have the authority to give you one; only I do.
25 │ If your answer is, we have already answered this,

1  then -- listen to me carefully -- you're going to be stuck

2  with it.  Okay.  I had -- long before Mr. Desideri was giving

3  me a weird look right now and got into the case -- I had the

4  opportunity to look at the discovery responses, and we had

5  some long discussions about this both before and after and

6  during the settlement conferences.  The responses that exist

7  right now, to call them amorphous would be a bit of an

8  understatement.  I mean, there's certain things about them

9  that are specific and there's certain things about them that

10  are really amorphous.

11           And so aside from things that you legitimately --

12           And I know everybody is hanging on every word I'm

13  saying here because you all order all the transcripts, so I'm

14  picking my words really carefully here.  Except to the extent

15  that you legitimately discover something after the fact, you

16  are going to have these answers hung around your neck for the

17  balance of this trial, okay, or the balance of this case.  And

18  what's going to happen is that when you give them the

19  answers -- I mean, eventually one way or another, I'm going to

20  get summary judgment motions from the defendants -- you're

21  going to say, okay, Judge, this is what they told us; this is

22  what they told us the trade secrets are; and they're not trade

23  secrets for this reason or they're not misappropriated for

24  this reason or whatever other arguments they have.  And when

25  you come back in your response and say, well, it's not really

1    that, it's all these other things, too, any potentially
2    applicable provision of Title 28 of the Rules of Civil
3    Procedure that allow me to impose sanctions and attorney's
4    fees are going to be flowing out like waters running down from
5    wherever waters run down from, okay, and costs will be shifted
6    and attorney's fees will be shifted because what I am after
7    here is people need to have a stationary target to shoot at.
8    Up to this point in time, it's been less than stationary,
9    okay, and that's going to come to an end.

10    So that's the first deal on that. That's not going
11    to be in an order because you've got the transcript and you
12    can quote me.

13    As far as these dates are concerned, I'm going to
14    shave them somewhat because you're going to get a trial date
15    in August of 2012. Actually you're going to get a trial date
16    at the end of July of 2012, and that reply brief on the
17    summary judgment motion is going to be coming in more than --
18    earlier than late July because that basically gives me no time
19    and it gives you no time to do a pretrial order. So I'm going
20    to give you these.

21    All of the current schedules are vacated including
22    there's a trial date, I think, that I had set for November
23    something. So just make sure we vacate that, Augie.

24    Fact discovery -- I'm going to use the dates you give
25    me. Fact discovery is to be completed by the 18th of November

1  of 2011.

2         26(a)(2) disclosures for the party with the burden of
3  proof are due January the 13th of 2012. Rebuttal reports are
4  due February -- rebuttal 26(a(2) disclosures, rather, are due
5  February the 24th of 2012. Expert discovery is to be
6  completed by May the -- March the 23rd, March the 23rd.

7         The deadline for dispositive motions is April
8  the 23rd of 2012. The response to any dispositive motion is
9  due May the 21st of 2012. The reply is due June the 4th.

10         The case is set for trial on the 29th of July of
11  2012, and I set it for that date because I calculated out I
12  think that we have a new jury coming in. I assume the trial
13  will take more than a week. I'm going to assume for the time
14  being it's two weeks.

15         Now, these are all firm dates. They will not be
16  continued for any reason whatsoever. And when I say "any
17  reason whatsoever," I don't mean if people die; I don't mean
18  if people change lawyers. I don't care about any of that.
19  These are the dates. There's only one way the dates will
20  change, and that is if the president sees fit to nominate and
21  the Senate sees fit to confirm new district judges and one of
22  them is so unlucky as to draw this thing, okay.

23         MR. LEUIN: Can I ask one question about the dates,
24  your Honor?

25         THE COURT: These are all deadlines, and what I mean

1  by deadlines is, if you cross the line, you're dead.

2          Okay, go ahead.

3          MR. LEUIN: In the schedule that they had proposed,

4  when we met we talked about 45, 45 and 45 on the expert

5  schedule.

6          THE COURT: Go ahead.

7          MR. LEUIN: They ended up giving themselves nine

8  weeks after the close of discovery for -- they told us they

9  have four to five experts and then six weeks for the

10  responsive. You pushed that back to eight and five.

11         THE COURT: It's about seven and a half, and the

12  reason for that is the holidays that come in the interim.

13         MR. LEUIN: Okay. It seems like, given that they're

14  going to have five experts, that's time for our responsive.

15         THE COURT: It's parallel because you don't have

16  holidays in your period.

17         MR. LEUIN: Okay.

18         THE COURT: That's the deal.

19         MR. LEUIN: Very well, your Honor.

20         THE COURT: Okay, that's the deal.

21         So does anybody have anything else you want to bring

22  up? I'm going to give you a status date in about 60 days or

23  so. Okay.

24         MR. DESIDERI: Your Honor, on number 4, where it says

25  "all source code" --

```
 1              THE COURT:  This is on the discovery thing?
 2              MR. DESIDERI:  Yes.
 3              I understand, your Honor, on number 4 I might seek
 4    clarification from Lemko.  It seems, without consulting my
 5    client, awfully broad.  It seeks all source code used in
 6    Motorola phones or any other products.
 7              THE COURT:  Well, it's all source code relating to
 8    location-based services.
 9              MR. DESIDERI:  Location-based services used, okay.
10              THE COURT:  Which you guys have made an issue in this
11    case.
12              MR. DESIDERI:  Okay.
13              THE COURT:  Yes.  Like I say --
14              And the problem you have is you may get, you know, 49
15    terabytes, or whatever the next level above terabytes is, of
16    documents.  Well, you know, you get what you ask for.
17              MR. LEUIN:  As long as it is what we have asked for,
18    that's fine.
19              THE COURT:  So it goes, and nobody is going to be
20    extending any dates based on that.
21              So, Augie, let's set this out for about mid-August.
22              THE CLERK:  August 16th.
23              THE COURT:  August 16th at 9:30 for a status.  Have a
24    good day.
25              MR. DESIDERI:  Thank you, your Honor.
```

1        MR. PERSOON:  Thank you.

2        MR. LEUIN:  Thank you, your Honor.

3        MR. HALLIGAN:  Thank you.

4        MR. LEONARD:  Thank you.

5     (Which were all the proceedings had in the above-entitled

6   cause on the day and date aforesaid.)

7                    C E R T I F I C A T E

8

9        I hereby certify that the foregoing is a true and

10  correct transcript of the above-entitled matter.

11

12

13  /s/ Laura M. Brennan                    June 2, 2011

14

15  _____        _____

16  Laura M. Brennan
    Official Court Reporter                     Date
17  Northern District of Illinois

18

19

20

21

22

23

24

25