IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MOTOROLA, INC., <br><br> Plaintiff, <br><br> v. <br><br> LEMKO CORPORATION, XIAOHONG SHENG, SHAOWEI PAN, HANJUAN JIN, XIAOHUA WU, XUEFENG BAI, NICHOLAS LABUN, BOHDAN PYSKIR, HECHUN CAI, JINZHONG ZHANG, ANGEL FAVILA, ANKUR SAXENA, RAYMOND HOWELL, FAYE VORICK and NICHOLAS DESAI, <br><br> Defendants. | Case No. 1:08-cv-05427 <br><br> Judge Matthew F. Kennelly <br> Magistrate-Judge Geraldine Soat Brown |
| LEMKO CORPORATION, SHAOWEI PAN, XIAOHUA WU and XIAOHONG SHENG, <br><br> Counter-Plaintiffs, <br><br> v. <br><br> MOTOROLA, INC., <br><br> Counter-Defendant. | |

## **LEMKO'S OPPOSITION TO MOTOROLA'S MOTION TO RECONSIDER**

### **I.   INTRODUCTION**

Motorola's motion to reconsider (Dkt. 745) fails on a number of independent grounds. First, Motorola has not met the heavy burden necessary to justify reconsideration. Second, in response to the Court's comments at the June 2, 2011 hearing, Motorola's counsel agreed to provide the requested discovery without objection. Third, the location based services discovery is clearly relevant and necessary to Lemko's counterclaim. Motorola's motion to reconsider should accordingly be denied.

## II. MOTOROLA IGNORES THE HIGH STANDARD FOR RECONSIDERATION

A Court's rulings are "not mere first drafts subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Industries, Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1998). Here, the heavy burden is on Motorola, which must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." Ball Aerosol & Specialty Container, Inc. v. Ltd. Brands, Inc., 553 F.Supp.2d 939, 944 (N.D. Ill. 2008). Nothing in Motorola's reconsideration motion comes close to meeting this high standard.

## III. MOTOROLA'S COUNSEL ACCEPTED THIS COURT'S RULING WITHOUT OBJECTION

At the June 2, 2011 hearing, Motorola's counsel indicated that asking for all source code for all Motorola products would be overbroad, but then accepted this Court's ruling limiting Motorola's production to source code relating to location based services only:

> MR. DESIDERI: Yes. I understand your Honor, on number 4 I might seek clarification from Lemko. It seems, without consulting my client, awfully broad. It seeks all source code used in Motorola phones or any other products.
>
> THE COURT: Well, it's all source code relating to location-based services.
>
> **MR. DESIDERI: Location-based services used, okay.**
>
> THE COURT: Which you guys have made an issue in this case.
>
> **MR. DESIDERI: Okay.**
>
> THE COURT: Yes. Like I say – And the problem you have is you may get, you know, 49 terabytes, or whatever the next level above terabytes is, of documents. Well, you know, you get what you ask for.
>
> MR. LEUIN: As long as it is what we have asked for, that's fine.
>
> **THE COURT: So it goes, and nobody is going to be extending any dates based on that.**

(Dkt. 747, Motorola Exh. 1 at 17) (emphasis added).

Motorola's counsel raised no issue and made no objection to this ruling (or the thirty day timing for compliance), nor did they request further briefing. Now, through a motion to "reconsider," Motorola has already granted itself another sixty day delay, and counting.

## IV.     MOTOROLA ATTEMPTS TO OVERLY RESTRICT DISCOVERY ON LEMKO'S COUNTERCLAIM

Motorola repeatedly refers to Lemko's counterclaim as a "PDE counterclaim" related solely to "PDE." The term "PDE" appears nowhere in Lemko's counterclaim, and the parties certainly do not appear to have any mutual understanding in place as to the scope of what the term "PDE" encompasses. It is not uncommon for companies to refer to functionally equivalent technologies using different acronyms or monikers, as appears to be the case here. For example, Motorola instructed its employees to start using the acronym PDM rather than PDE (the "M" in "PDM" standing for module, as compared to the "E" in "PDE" standing for entity), presumably so that Motorola could avoid discovery on what it self-servingly chooses to characterize as Lemko's "PDE counterclaim." This semantic approach has been used by Motorola throughout the litigation to avoid producing legitimate and relevant discovery. The "name game" being played by Motorola must cease. The scope of the discovery order entered by the Court on June 2, 2011 is designed to do just that – to ensure that Lemko is provided access to the source code files that are relevant to its counterclaim.

Lemko's counterclaim is much more encompassing than Motorola contends, particularly from the standpoint of obtaining information reasonably calculated to lead to the discovery of admissible evidence. It is critical for discovery on Lemko's counterclaim that Motorola produce all source code maintained in its repositories relating to location based services, not merely what Motorola itself unilaterally elects to characterize as "PDE." The Court's existing discovery order aligns with this purpose, and the Court's use of the broader term "location based services" is

particularly warranted here, where there is a fundamental disagreement over what the term "PDE" encompasses.  As this Court has already concluded: "these requests are all relevant. They're not unduly burdensome.  They go to the heart of at least part of the theory of the case" (Motorola Exh. 1 at 12).  Ordering Motorola to produce its "location based services" source code will minimize, and hopefully alleviate, Lemko's concerns that Motorola is improperly limiting discovery which the Court has unequivocally deemed relevant.  Motorola should respond to the Court's prior discovery order without further delay.

V.     CONCLUSION

Motorola's motion demonstrates why this case is nearly three years old and rapidly approaching 800 docket entries.  A straightforward discovery issue was addressed, considered and decided by the Court, with Motorola's counsel acknowledging and accepting the ruling without objection.  A firm thirty day schedule was set with instructions that Motorola not seek an extension.

Rather than comply, Motorola instead granted itself an extension (almost sixty days so far) by filing a reconsideration motion unsupported by *any* new facts or evidence, or change in the law.  Lemko respectfully requests that Motorola's motion to reconsider be denied.

Dated:  July 28, 2011                                          Respectfully submitted,

                                                            */s/ Robert A. Conley*
Raymond P. Niro
Raymond P. Niro, Jr.
Robert A. Conley
Brian E. Haan
Joseph A. Culig
NIRO, HALLER & NIRO
181 W. Madison, Suite 4600
Chicago, IL 60602
(312) 236-0733
Fax: (312) 236-3137

- 5 -

RNiro@nshn.com; RNiroJr@nshn.com; RConley@nshn.com; BHann@nshn.com; JCulig@nshn.com

Attorneys for Lemko Corporation, Shaowei Pan, Xuefeng Bai, Nicholas Labun, Bohdan Pyskir, Hechun Cai, Jinzhong Zhang, Ankur Saxena, Faye Vorick and Nicholas Desai

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 28, 2011 the foregoing

### **LEMKO'S OPPOSITION TO MOTOROLA'S MOTION TO RECONSIDER**

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record.

*Counsel for Motorola*

| | | |
|---|---|---|
| Dan K. Webb | Robert M. Halligan | John A. Chatowski |
| James E. McComb | Deanna R. Swits | Robert A. Weikert |
| Joanna R. Travalini | Jason T. Kunze | NIXON PEABODY LLP |
| Lawrence R. Desideri | Jodi R. Wine | One Embarcadero Center, 18th Floor |
| Maureen L. Rurka | Michael C. Hallerud | San Francisco, CA 94111 |
| WINSTON & STRAWN LLP | NIXON PEABODY LLP | jchatowski@nixonpeabody.com |
| 35 West Wacker Drive | 300 South Riverside Plaza, 16th Floor | rweikert@nixonpeabody.com |
| Chicago, IL 60601-9703 | Chicago, IL 60606 | |
| dwebb@winston.com | rhalligan@nixonpeabody.com | |
| emccomb@winston.com | dswits@nixonpeabody.com | |
| jtravalini@winston.com | jkunze@nixonpeabody.com | |
| ldesideri@winston.com | jwine@nixonpeabody.com | |
| mrurka@winston.com | hallerud@nixonpeabody.com | |

*Counsel for Xiaohong Sheng*
Thomas Howard Geoghegan
Michael Paul Persoon
DESPRES SCHWARTZ & GEOGHEGAN
77 West Washington Street - Suite 711
Chicago IL 60602
admin@dsgchicago.com
mike.persoon@gmail.com

*Counsel for Hanjuan Jin*
Telly Stefaneas
TELLY STEFANEAS, ESQ.
53 West Jackson Boulevard - Suite 1437
Chicago, IL 60604
telly_stefaneas@me.com

*Counsel for Xiaohua Wu*
William J. Leonard
WANG, LEONARD & CONDON
33 North LaSalle Street - -Suite 2020
Chicago, IL 60602
williamjleonard@yahoo.com

*Counsel for Angel Favila*
Gregory Adam Adamski
ADAMSKI & CONTI
100 North LaSalle Street - Suite 1720
Chicago, IL 60602
GAAdamski@adamskiandconti.com

*Counsel for Raymond Howell*
Isabella I Wells
LAW OFFICES OF ISABELLA I. WELLS, P.C.
415 N. LaSalle - Suite 301
Chicago, IL 60654
isabellawells@gmail.com

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

                                              */s/ Robert A. Conley*
                                              NIRO, HALLER & NIRO