**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MOTOROLA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LEMKO CORPORATION, XIAOHONG SHENG, SHAOWEI PAN, HANJUAN JIN, XIAOHUA WU, XUEFENG BAI, NICHOLAS LABUN, BOHDAN PYSKIR, HECHUN CAI, JINZHONG ZHANG, ANGEL FAVILA, ANKUR SAXENA, RAYMOND HOWELL, FAYE VORICK, and NICHOLAS DESAI, | ) ) ) ) ) ) ) ) | Case No. 08 CV 5427 |
| Defendants. | ) ) | Judge Matthew F. Kennelly |
| * * * * * * * * * * * * * | ) | Magistrate Judge Geraldine Soat Brown |
| LEMKO CORPORATION, SHAOWEI PAN, XIAOHUA WU and XIAOHONG SHENG, | ) ) ) | |
| Counter-Plaintiffs, | ) | |
| v. | ) | |
| MOTOROLA, INC., | ) | |
| Counter-Defendant. | ) | |

**JOINT STATUS REPORT**

Plaintiff Motorola, Inc. (n/k/a Motorola Solutions, Inc., hereafter "Motorola"), by its counsel, and Defendant Lemko Corporation ("Lemko"), by its counsel, hereby submits their respective positions regarding both (a) the Protocol for the Prioritization of the Production of Materials necessary pursuant to Fed. R. Civ. P. 56(d) as ordered by the Court on September 26, 2011 (Dkt. 827) for Motorola to submit its Supplemental Response to Defendants' Motions for Summary Judgment (Dkts. 796, 800), as well as (b) the Protocol for the Production of Materials

ordered produced on September 26, 2011 (Dkt. 828), from Plaintiff's Motion to Compel heard that same day (Dkt. 813):

A. **Prioritization of the Production of Materials Pursuant to Fed. R. Civ. P. 56(d) as ordered by the Court on September 26, 2011.**

Pursuant to the Court's September 26 Order, the parties have agreed that the following discovery should be prioritized:

1. Adequate production of the documents previously scheduled on Lemko's Supplemental Privilege Log of Documents Withheld from Production by Lemko (served September 2, 2011), including those documents referenced in Exhibit A of Defendants Lemko Corporation's, Shaowei Pan's, and Nicholas Labun's Statement of Undisputed Facts in Support of Their Motion for Summary Judgment on Motorola's Declaratory Judgment Claim for Patent Ownership, Joint Declaration of Nicholas Labun and Shaowei Pan, paragraph 5, which Lemko claims "corroborate" the invention dates of the Lemko patents now at issue; and

2. Adequate production of documents pursuant to the subpoenas served on September 7, 2011 upon Jeffrey Toler and Toler Law Group;

3. The adequate production of materials responsive to the requests served by Motorola on September 7, 2011 (*see* Exhibits A - F, attached hereto);

4. The depositions of Nicholas Labun, Shaowei Pan, and Jeffrey Toler.

The parties have agreed that the responses to the requests in Item 1, 2, and 3 above will be provided by no later than Wednesday, October 5, 2011.

1. **Motorola's Position Regarding Additional Issues**

During their meet and confer, counsel for Lemko provided counsel for Motorola with the following schedule for discovery: Lemko will produce documents responsive to the requests referenced in Item 3 no later than middle of the week of October 10, 2011 and Lemko will provide multiple dates for the depositions of Pan, Labun, and Toler over the next two to three weeks. Motorola expects that the subject matter of these depositions will largely concern the

discovery produced in response to Items 1, 2, and 3 referenced above. Thus in order to give Motorola adequate time to prepare for depositions, Motorola requests that it not be required to take a deposition less than one week after the production of responsive documents, e.g., if document production is finished on October 12, 2011, then not before October 19, 2011. Should document production finish before the last date, the time can be accelerated. Moreover, Motorola's position is that the depositions of Pan, Labun, and Toler should not be limited to these topics or otherwise constrained beforehand, especially given the wide range of relevant topics about which these witnesses are knowledgeable. Motorola also reserves the right to depose these witnesses again following receipt of materials in response to other pending discovery requests outside of those referenced in Items 1-3. Motorola requests to file its Supplemental Responses to Defendants' Motions for Summary Judgment three weeks after completing the depositions.

Motorola has requested that certain documents scheduled on Lemko's Privilege Log of May 11, 2010 be produced. Though Lemko has agreed to the production of some of those documents, Lemko has not provided a response as to the others due to vendor issues (*see* correspondence of Robert Conley, attached hereto as Exhibit G.) Motorola requests that Lemko produce all documents listed on the Privilege Log of May 11, 2010 reflecting communications with Jeffrey Toler relating to intellectual property and/or patent issues.[1]

Motorola also requests that it be afforded a minimum of one week to review documents before proceeding with the depositions of Pan, Labun, and Toler. Motorola then requests three weeks after the conclusion of the last deposition to file its Supplemental Responses. Given the

---

[1] The meet and confer process regarding this issue has been delayed by Lemko because Lemko's current counsel does not have access to the documents for review. Motorola reserves the right to file a Motion to Compel seeking production of documents Motorola believes are not privileged from Lemko's May 11, 2010 Privilege Log, at a minimum requesting the Court's in camera review of documents 17044 and 17047.

complex and fact-intensive nature of the motions and the necessity that Motorola continue to proceed with discovery to meet the December 16, 2011 cut-off date, it is essential that Motorola have three weeks to complete the briefing.

### 2. Lemko's Position Regarding Additional Issues

Lemko will provide multiple dates for the depositions of Pan, Labun, and Toler, and Motorola is to complete those depositions by no later than October 14, 2011. For purposes of Motorola's requested 56(d) relief, the depositions of Pan and Labun are to be limited in scope to: (1) the statements made in their Joint Declaration and any documentary evidence which corroborates or relates to those statements, and (2) their work at Motorola prior to Motorola's termination of their employment. Similarly, the deposition of Toler is to be limited in scope to the dates of conception of the inventions defined by the claims of the Lemko Patents and Patent Applications and any documentary evidence which corroborates or relates to that topic. The depositions of Pan, Labun and Toler may be continued at a later date as to other topics. To the extent that Motorola elects to file a supplemental brief in response to either of the pending summary judgment motions, those briefs shall be filed no later than October 21, 2011. To the extent that Lemko elects to file a reply to any such supplemental brief filed by Motorola, such reply shall be filed by no later than October 26, 2011.

### B. Protocol for Production of Materials as Ordered Produced from Plaintiff's Motion to Compel on September 26, 2011.

The parties have, in large part, agreed on a protocol pursuant to this Court's order for the production of the materials from the Lemko backup server as ordered on September 26, 2011. This protocol is supplemental to the prior Clean Room 1 Protocol:

Step 1: Lemko will identify the filepath where all of the source code that is responsive to the requests within the Motion to Compel is located. Lemko has stated that "runscripts," which instruct which individual source code files are to be compiled into any given product, are only available for the "Node 1" and "Node 2" products and will be identified as well. Lemko also will provide a directory wherein documents responsive to the requests with the Motion to Compel are located. These identifications will be provided no later than Monday, October 3, 2011.

Step 2: Motorola's outside expert, Chad Gough, will access Clean Room 1 to obtain the source code and documents in the identified filepaths and directories. Lemko may have an expert present to supervise Mr. Gough's work. Motorola will advise Lemko 24 hours before Mr. Gough intends to access the clean room. Motorola will not be obligated to reschedule Mr. Gough's review based on the unavailability of Lemko's expert; if an expert is unavailable, Motorola requests that counsel for Lemko be present to, at minimum, open the door for Mr. Gough, as prior counsel for Lemko retained the keys for Clean Room 1. Those documents and source code from the identified filepaths and directories then will be transferred to the current Clean Room 3 for review by Motorola's attorneys and outside experts. Motorola previously has produced Motorola source code that it will compare against the backup server source code, and Motorola will provide the bates ranges for all the Motorola source code it intends to use in that comparison no later than Monday, October 3, 2011.[2] Motorola's expert also will execute a search for the terms "Huawei" and "SunKaisens" on the backup server. If the search results are of a manageable nature, for example approximately 1,000 or fewer files, then those files likewise will be transferred to Clean Room 3. If the results are unmanageable, counsel for Lemko and counsel for Motorola will consult regarding any further action. Gough will begin the searches on Tuesday, October 4, 2011, and counsel for Motorola will advise Lemko as to the number of files responsive to the searches immediately after the search finishes.

Step 3: Review will be accomplished through the use of standard industry source code comparison tools and other source code programs, in addition to hand review. Counsel for Motorola will provide a list of all such tools and programs to counsel for Lemko no later than Friday, October 7, 2011.

Step 4: If any backup server source code file is identified as a "match" (i.e., any file that has 10 or more identical lines or, for files having less than 25 lines, 20% or more identical lines) to Motorola source code, Motorola will identify any "matching source code file" to counsel for Lemko, along with the Motorola source code file to which it matches. Counsel for Lemko then will have three (3) days to either agree to a "Highly Confidential" designation for the identified Lemko source code files or file a motion with the Court requesting alternative confidentiality. Similarly, Counsel for Motorola will have three (3) days to either agree to a "Highly Confidential" designation for the identified Motorola source code files or file a motion with the Court requesting alternative confidentiality.

---

[2] Some of the production of source code files by Motorola is interspersed with non-source files, so Motorola will provide the entirety of the bates range for this code. Lemko can sort the files by file type to easily identify the source files within those ranges.

As to documents responsive to Item 3 of the Motion to Compel, documents related to Lemko's assertion that Motorola's source code at issue in this case is "open source," counsel for Lemko states that there are not specific documents or files on the Lemko backup server that can be identified, and that any attempt to make such an identification would in any event be unduly burdensome and of no relevance prior to Motorola's identification of "matching source code files" as articulated in Step 4 above.

### 1. Motorola's Position Regarding Additional Issues

During the meet and confer, counsel for Lemko stated that, with the exception of Node 1 and Node 2 products, no other information regarding what source code is used in what product exists. Motorola's position is that it is entitled to this information as ordered by the Court on September 26. Motorola will consult further with Lemko to determine whether there is another way to gather this product source code information. During the review of the backup server, Motorola requests that its experts be permitted to search for build logs and makefiles (i.e., files of type ".mak", ".dsp", "makefile") in order to test Lemko's assertion that no such information exists.

During review of the source code, if any code matches within a set of product source code, it is essential that any source code that "references" or "calls" that file, or is "referenced" or "called" by that file, also be produced. Motorola will need to question deponents regarding that interoperability within the files. Similar to if someone were to copy one puzzle piece, the follow-up question would be, "How did you design the rest of the pieces of the puzzle to fit that copied piece?"

Furthermore, as counsel advised the Court during the hearing of September 26, the examination in Clean Room 1 revealed the "Lemko Clean Script," which is essentially a custom

program that acts as a "Find and Replace function." The "Lemko Clean Script," for instance, finds and replaces "Motorola Confidential Proprietary" with "Lemko Confidential Proprietary." It also finds and replaces "Fei Wu," the Motorola employee who authored much of the source code that Motorola alleges was copied and misappropriated by Lemko, with "[blank]." Source code files generally include the name of the author of the file in the header located at the beginning of the file. Motorola's policy is that its engineers do so, and the Motorola code authored by Fei Wu that Motorola alleges was copied and misappropriated includes his name.

As to amending its Responses to Interrogatories Nos. 11 and 12, Motorola requests that Lemko provide any load files for those documents and the native files used in the document collection process. Motorola also requests that Lemko provide verified responses as to how each of the documents identified in the exhibit to the Interrogatories came into Lemko's possession. During settlement discussions, Lemko for the first time disclosed that the majority of the documents came into Lemko's possession through Motorola's production during discovery, through NDAs between Motorola and Lemko, or through public availability. If true, Motorola requests that Lemko provide sworn interrogatory responses indicating how each document came into its possession.

As to Lemko's assertion that no specific documents or files on the backup server can be identified as responsive to Motorola's requests regarding Lemko's assertions that Motorola's source code is "open source," Motorola requests that Lemko be required to amend its discovery responses to state "no responsive documents exist" and to provide a verified statement indicating that no responsive documents exist. Counsel for Lemko stated that to attempt to find evidence of every file as open source would be unmanageable. Motorola suggests that identifying documents

regarding the four source code files attached to the Third Amended Complaint would be manageable, in the alternative.

### 2. Lemko's Position Regarding Additional Issues

Lemko objects to any suggestion that additional access to Lemko's backup server is in any way necessary for Motorola to fully respond to Lemko's summary judgment motion directed at Motorola's failure to identify its alleged trade secrets with specificity. The alleged use of a trade secret once defined, and the alleged damage caused by any misappropriation does not define the trade secrets themselves. Discovery directed to any of these issues is simply not necessary to support Motorola's opposition to a motion seeking summary judgment because of Motorola's failure to specifically identify its trade secrets.

\* \* \*

Dated: September 30, 2011 　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　By: /s/ Maureen L. Rurka

| | |
|---|---|
| R. Mark Halligan | Dan K. Webb |
| Deanna R. Swits | Lawrence R. Desideri |
| Jason T. Kunze | Maureen L. Rurka (MRurka@winston.com) |
| NIXON PEABODY LLP | J. Ethan McComb |
| 300 South Riverside Plaza, 16th Floor | Joanna R. Travalini |
| Chicago, Illinois 60606 | WINSTON & STRAWN LLP |
| T: (312) 425-3900 | 35 West Wacker Drive |
| F: (312) 425-3909 | Chicago, Illinois 60601 |
| | T: (312) 558-5600 |
| | F: (312) 558-5700 |

　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff Motorola, Inc.*

- 9 -

## **CERTIFICATE OF SERVICE**

I, Maureen L. Rurka, an attorney, do hereby certify that I electronically filed the foregoing in compliance with the General Order on Electronic Case Filing, Section III(B)(1). As such, these documents were served on all counsel who are deemed to have consented to electronic service. Fed. R. Civ. P. 5(b)(2)(D) and Local Rule 5.9.

Date: September 30, 2011        */s/ Maureen L. Rurka*

*Attorney for Plaintiff Motorola, Inc.*