# Exhibit C

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MOTOROLA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| LEMKO CORPORATION, XIAOHONG ) | Case No. 08 CV 5427 |
| SHENG, SHAOWEI PAN, HANJUAN JIN, ) | |
| XIAOHUA WU, XUEFENG BAI, ) | |
| NICHOLAS LABUN, BOHDAN PYSKIR, ) | |
| HECHUN CAI, JINZHONG ZHANG, ) | |
| ANGEL FAVILA, ANKUR SAXENA, ) | |
| RAYMOND HOWELL, FAYE VORICK, ) | |
| NICHOLAS DESAI, and HUAWEI ) | |
| TECHNOLOGIES CO., LTD., a Chinese ) | |
| corporation, ) | |
| ) | |
| Defendants. ) | Judge Matthew F. Kennelly |
| ) | |
| * * * * * * * * * * * * * ) | Magistrate Judge Geraldine Soat Brown |
| LEMKO CORPORATION, SHAOWEI PAN, ) | |
| XIAOHUA WU and XIAOHONG SHENG, ) | |
| ) | |
| Counter-Plaintiffs, ) | |
| ) | |
| v. ) | |
| MOTOROLA, INC., ) | |
| ) | |
| Counter-Defendant. ) | |

**PLAINTIFF MOTOROLA'S FOURTH SET OF
INTERROGATORIES (NOS. 12-21) TO DEFENDANT SHAOWEI PAN**

Plaintiff Motorola, Inc. (now known as Motorola Solutions, Inc., hereinafter "Motorola"),

by and through its attorneys, pursuant to Federal Rule of Civil Procedure 33, hereby requests that

Defendant Shaowei Pan ("Pan") answer under oath each of the following Interrogatories set forth

-1-

below, in accordance with the Definitions and Instructions herein, and serve a copy of such answers within thirty (30) days of the date of service.

## DEFINITIONS AND INSTRUCTIONS

1.      The term "You," "Your" and "Pan" shall refer to Defendant Shaowei Pan, including his attorneys, agents, consultants, executive recruiters, and all other persons acting or purporting to act on his behalf.

2.      The term "Lemko" shall refer to Defendant Lemko Corporation including any affiliated or related companies or entities, any predecessors, current or former subsidiaries, or current or former parent companies, affiliated or divisions and their present and former officers, directors, employees, attorneys, agents, consultants, and all other persons acting or purporting to act on its behalf.  The term "Lemko personnel" shall refer to Defendant Lemko's present and former officers, directors, employees, consultants, attorneys, and agents, and all other persons acting or purporting to act on its behalf.

3.      The term "Motorola" shall refer to Plaintiff Motorola, Inc. (now known as Motorola Solutions, Inc.), including any affiliated or related companies or entities, any predecessors, current or former subsidiaries, affiliates or divisions and their present and former officers, directors, employees, attorneys, agents, consultants and all other persons acting or purporting to act on their behalf.

4.      The term "person" means person and persons or people, and includes any natural person and/or corporations, companies, associations, partnerships, firms, governmental bodies, hospital, charitable institutions, or any other organization or entity.

-2-

5. The term "document" means, but is not limited to, the original and any non-identical copy of any written, printed, or graphic material, photographic matter, sound reproduction, or computer input, output or extract (whether image, data, or code), including any correspondence, teletype message, memorandum of oral statements, conversations, and/or events, letters, emails, facsimiles, telegrams, personnel files, notes, reports, compilations, studies, tabulations, tallies, maps, diagrams, sketches, graphs, plans, pictures, records, securities, certificates, certificates of deposit, agreements, contracts, and licenses, however produced, reproduced or recorded, whether physically, mechanically, or electronically, which: 1) is now or was formerly in Your possession, custody, or control, or 2) is known or believed to be responsive to any of the following requests, regardless of who now has or formerly had custody, possession, or control.

6. The words "identify" or "identity," when used with regard to a person, require that the full name, address, and telephone number of such persons be provided, together with the identity of said person's employer, business address, and the business telephone number. When used with regard to a business organization, "identity" or "identify" requires that the organization's name and business address be stated.

7. The words "identify," "identity," or "identification," when used in reference to a document, mean that the respondent is required to state its date, its subject matter and substance, its author and each addressee and copy, and the type of document (e.g. letter, memorandum, telegram, chart, computer input or output, photograph, sound reproduction, etc.) or, if the above information is not available, some other means of identifying it, and its present location and the name of each of its present custodians.

-3-

8.     "Related" "relates" or "relating" shall each mean and include contain or containing, constitute or constituting, comprise or comprising, refer or referring, represent or representing, describe or describing, discuss or discussing, and record or recording, explain or explaining, portray or portraying, and depict or depicting.

9.     "Date" means the exact day, month, and year if ascertainable, or if not ascertainable, the best approximation of the date. An approximation may include explaining the date in terms of relationship to other events.

10.     Unless the text clearly requires otherwise, You should interpret:

    a.     The singular form of a word to include the plural and vice versa;

    b.     the conjunctive "and" to include the disjunctive "or" and vice versa;

    c.     the word "any" to include the word "all" and vice versa; and

    d.     the past tense of a word to include the present tense and vice versa.

11.     If You assert that an interrogatory is objectionable, please state with specificity, according to Federal Rule of Civil Procedure 33(b)(4), the grounds for objecting, which parts of the interrogatory You object to, or the response it requires, and why. If You assert that part of an interrogatory is objectionable, please respond to the remaining parts of the interrogatory to which You do not object.

12.     In the event that You wish to assert either attorney-client privilege, work-product, and/or any other privilege as to any document for which identification and production has been requested by and of the following document requests, then as to each document subject to such assertion, Motorola requests that You provide such identification to include:

    a.     the nature of the document;

    b.     the sender, author, and recipient of any and all copies;

c.   the date of the document;

d.   the name of each person to whom the original or any copy was circulated;

e.   the names appearing on any circulation list associated with such document;

f.   a summary statement of the subject matter(s) of such document in sufficient detail to enable the Court to conduct an analysis to reach a determination of any claim of privilege or work product; and

g.   a separate indication of the basis of privilege or work product for each such document.

## INTERROGATORIES

12.    For each patent or patent application listed below, describe in detail the circumstances under which you conceived of the claims listed therein:

| Patent | Title | Inventor(s) | Filing Date | No. of Claims |
|---|---|---|---|---|
| 7,486,967 B2 | System, method, and device for providing communications using a distributed mobile architecture | Shaowei Pan, Nicholas Labun | 04/13/05 | 24 |
| 7,539,158 B2 | System, method and device for providing communications using a distributed mobile architecture | Shaowei Pan | 11/08/04 | 15 |
| 7,548,763 B2 | System, method, and device for providing communications using a distributed mobile architecture | Shaowei Pan | 04/13/05 | 18 |
| 7,653,414 B2 | System, method, and device for providing communications using a distributed mobile architecture | Shaowei Pan | 02/24/06 | 21 |
| 7,840,230 B2 | Communications using a distributed mobile architecture | Shaowei Pan | 05/22/09 | 18 |
| 7,855,988 B2 | System, method, and device for routing calls using a distributed mobile architecture | Shaowei Pan | 07/14/08 | 45 |
| 7,856,233 B2 | System, method, and device for providing communications using a distributed mobile architecture | Shaowei Pan | 03/30/06 | 17 |
| 7,979,066 B2 | Multiple IMSI connections | Shaowei Pan | 09/25/08 | 21 |

| Application | Title | Inventor(s) | Filing Date | No. of Claims |
|---|---|---|---|---|
| 11/451,238 | Roaming mobile subscriber registration in a distributed mobile architecture | Shaowei Pan | 06/12/06 | 27 |
| 11/858,762 | System, method, and device for providing communications using a distributed mobile architecture | Shaowei Pan, Nicholas Labun | 09/20/07 | 24 |
| 11/955,017 | System, method, and device to control wireless communications | Shaowei Pan, Nicholas Labun | 12/12/07 | 25 |
| 12/108,209 | System and method to control wireless communications | Shaowei Pan | 04/23/08 | 25 |
| 12/146,618 | System and method to control wireless communications | Shaowei Pan | 06/26/08 | 25 |
| 12/163,601 | Fault Tolerant Distributed Mobile Architecture | Shaowei Pan | 06/27/08 | 34 |
| 12/171,840 | OAMP for distributed mobile architecture | Shaowei Pan | 07/11/08 | 30 |
| 12/425,147 | Providing communication using a distributed mobile architecture | Shaowei Pan | 04/16/09 | 20 |
| PCT/US2009/ 045951 | System and method to control wireless communications | Shaowei Pan | 06/02/09 | 25 |
| PCT/US2009/ 045957 | Fault tolerant distributed mobile architecture | Shaowei Pan | 06/02/09 | 34 |

13. Identify by patent and/or application number and describe in detail the "patents," "patent submissions," and/or "12 key patent applications which are in the filing process" referred to within Documents 17011, 25424, 11535, 10983, and LEM 112756.

14. Identify any and all documents supporting and describe in detail your contention in paragraph 4 of the Joint Declaration of Nicholas Labun and Shaowei Pan of August 15, 2011 that you "conceived the inventions defined in the 8 patents and 10 patent applications listed above [in paragraph 2 of the Joint Declaration]] after we left Motorola."

15. Identify any and all documents supporting and describe in detail your contention in paragraph 4 of the Joint Declaration of Nicholas Labun and Shaowei Pan of August 15, 2011 that you "used Lemko's facilities to invent the above-identified inventions [in paragraph 2 of the Joint Declaration] while [you] were employed by Lemko."

16. Identify and describe in detail any and all documents constituting, referring, or relating to the "[r]ecords in our patent application files [that] prove corroboration" as contended in paragraph 5 of the Joint Declaration of Nicholas Labun and Shaowei Pan of August 15, 2011.

17. Identify any and all documents that support and describe in detail your contention in paragraph 7 of the Joint Declaration of Nicholas Labun and Shaowei Pan of August 15, 2011 that "[w]e believe Motorola knew of the technology we were developing at Lemko…"

18. Describe in detail any and all communications between you and any of the individuals listed in the chart below (taken from paragraph 42 of Defendants Lemko Corporation's, Shaowei Pan's, and Nicholas Labun's Statement of Undisputed Facts in Support of Their Motion for Summary Judgment on Motorola's Declaratory Judgment Claim for Patent Ownership), from 2001 to the present, including the date(s) of communication, the manner in

which the communication took place, the information conveyed, any other persons aware of the communication, and any and all documents constituting, or referring or relating to, that communication.

| Motorola Officer or Employee | Title |
|---|---|
| Ed Zander | Chairman, CEO |
| Richard N. Nottenburg | Executive VP and Chief Strategy Officer |
| Simon Leung | President Asia Pacific - Motorola |
| Pat Canavan | Senior VP, Global Governance |
| Raghu Rau | Senior VP, Strategy and Business Development |
| Warren Holtsberg | Corporate VP, Motorola Ventures |
| Mohammad Akhtar | VP GSM/UMTS Infrastructure |
| Mel Gaceta | Investment Manager Motorola Ventures |
| Paul Steinberg | Chief Technology Officer - Motorola Solutions |
| Jim O'Connor | Corporate VP, Technology Acceleration |
| Dan Tell | Fellow of Technical Staff |
| Joe Goldberg | Senior Director, Corporate Intelligence Strategy Office |
| David Findling | Senior Director Systems Research |
| Tony Kobrinetz | VP - WiMAX group |
| Tony Palcheck | Managing Director - Motorola Ventures |
| John Kelly | Director Engineering |
| Reese Schroeder | Director, Corporate Development |

19.     Describe in detail the "numerous business ventures and proposals" between Motorola and Lemko as contended in paragraph 40 of Defendants Lemko Corporation's, Shaowei Pan's, and Nicholas Labun's Statement of Undisputed Facts in Support of Their Motion for Summary Judgment on Motorola's Declaratory Judgment Claim for Patent Ownership, including for each "business venture or proposal," the date(s) of the "business venture or proposals," the persons involved in or otherwise aware of the "business venture or proposal," the nature of the "business venture or proposal," any and all information conveyed in support of the

"business venture or proposal," and any and all documents constituting, or referring or relating to, the "business venture or proposal."

20.     Describe in detail any and all communications between you and any of the individuals listed in the chart below (taken from paragraph 43 of Defendants Lemko Corporation's, Shaowei Pan's, and Nicholas Labun's Statement of Undisputed Facts in Support of Their Motion for Summary Judgment on Motorola's Declaratory Judgment Claim for Patent Ownership), from 2001 to the present, including the date(s) of communication, the manner in which the communication took place, the information conveyed, any other persons aware of the communication, and any and all documents constituting, or referring or relating to, that communication.

| Motorola Officer or Employee | Involvement |
|---|---|
| Sandep Gupta | Attended 9/16/05 meeting with Lemko |
| John Kelly | Attended 9/16/05 meeting with Lemko |
| Dan Tell | Attended 9/16/05 meeting with Lemko |
| Manish Watwani Mohammad Akhtar | Not disclosed |
| Conroy Brown | Talks with Lemko in 2005/2006 |
| Dan Coombes | Copied on inquiry about Lemko in 2007 |
| Troy Dixler | Copied on inquiry about Lemko in 2007 |
| Paul Flynn | Talks with Lemko in 2005/2006 |
| Dennis Gilliland | Copied on inquiry about Lemko in 2007 |
| Brenda Herold | Talks with Lemko in 2005/2006 |
| Tim Jeanes | Talks with Lemko in 2005/2006 |
| Rick Keith | Copied on inquiry about Lemko in 2007 |
| Anthony Kobrinetz | Copied on inquiry about Lemko in 2007 |
| Adolfo Masini | Copied on inquiry about Lemko in 2007 |
| Tony Palcheck | July 2008 communications with Lemko |
| Bill Reinsch | Sent inquiry about Lemko in late 2007 |
| Ray Sokola | Copied on inquiry about Lemko in 2007 |
| Paul Steinberg | Received presentation from Lemko in July 2008; copied on communications in 2005 |
| Bruce Stone | Copied on inquiry about Lemko in 2007 |
| Subodh Vardhan | 2005 communications with Lemko |
| Dave Wangrow | Talks with Lemko in 2005 |

| Reese Schroeder | Talks with Lemko |
|---|---|

21.     Describe in detail any disclosure by you or others of the "Lemko technology embodied in the disputed patents and patent applications," as referenced in paragraph 44 of Defendants Lemko Corporation's, Shaowei Pan's, and Nicholas Labun's Statement of Undisputed Facts in Support of Their Motion for Summary Judgment on Motorola's Declaratory Judgment Claim for Patent Ownership, to any Motorola officer or key employee, including the date(s) of the disclosure, the manner in which the disclosure took place, the information conveyed, any other persons aware of the disclosure, and any and all documents constituting, or referring or relating to, that disclosure.

DATED:  September 7, 2011

Respectfully Submitted,

By: _J. Eth McC__

Dan K. Webb
Lawrence R. Desideri
Maureen L. Rurka
J. Ethan McComb
Joanna R. Travalini
WINSTON & STRAWN LLP
West Wacker Drive
Chicago, Illinois 60601
T: (312) 558-5600
F: (312) 558-5700

R. Mark Halligan
Deanna R. Swits
Jason T. Kunze
NIXON PEABODY LLP
300 South Riverside Plaza, 16th Floor
Chicago, IL 60606
T: (312) 425-3900
F: (312) 425-3909

*Attorneys for Plaintiff Motorola, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was served via hand delivery, this 7th day of September, 2011, upon:

Raymond P. Niro (rniro@nshn.com)
Raymond P. Niro, Jr. (rnirojr@nshn.com)
Robert A. Conley (rconley@nshn.com)
Brian E. Haan (bhaan@nshn.com)
Joseph A. Culig (jculig@nshn.com)
Niro, Haller & Niro
181 West Madison Street, Suite 4600
Chicago, Illinois 60602

and via email, this 7th day of September, 2011, upon:

William J. Leonard (williamjleonard@yahoo.com)
Wang, Leonard & Condon
33 N. LaSalle Street
Suite 2020
Chicago, Illinois 60602

Michael Paul Persoon (mike.persoon@gmail.com)
Jorge Sanchez (attysanchez@gmail.com)
Thomas Howard Geoghegan (dsg77@aim.com)
Despres Schwartz & Geoghegan, Ltd.
77 W. Washington St., Suite 711
Chicago, Illinois 60602

Karen Beverly (KBeverly@adamskiandconti.com)
Adamski & Conti
100 N. LaSalle Street
Suite 1720
Chicago, Illinois 60602

Isabella I. Wells (isabellawells@gmail.com)
Law Offices of Isabella I. Wells, P.C.
415 N. LaSalle Street, Suite 301
Chicago, Illinois 60654

/s/ S. J. McCod

An Attorney for Plaintiff Motorola, Inc.