IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MOTOROLA, INC.,<br><br>                 Plaintiff,<br><br>   v.<br><br>LEMKO CORPORATION, XIAOHONG SHENG, SHAOWEI PAN, HANJUAN JIN, XIAOHUA WU, XUEFENG BAI, NICHOLAS LABUN, BOHDAN PYSKIR, HECHUN CAI, JINZHONG ZHANG, ANGEL FAVILA, ANKUR SAXENA, RAYMOND HOWELL, FAYE VORICK and NICHOLAS DESAI,<br><br>                 Defendants. | Case No. 1:08-cv-05427<br><br>Honorable Matthew F. Kennelly<br>Magistrate-Judge Geraldine Soat Brown |
| LEMKO CORPORATION, SHAOWEI PAN, XIAOHUA WU and XIAOHONG SHENG,<br><br>                 Counter-Plaintiffs,<br><br>   v.<br><br>MOTOROLA, INC.,<br><br>                 Counter-Defendant. | |

**LEMKO'S COMBINED RESPONSE TO MOTOROLA'S
RULE 26(B)(5)(A) MOTION AND REPLY SUPPORTING ITS
<u>MOTION TO COMPEL MOTOROLA TO ADHERE TO DEPOSITION SCHEDULE</u>**

      Desperate to delay the depositions it claimed it needed so badly to respond to the two pending motions for summary judgment, Motorola now manufactures yet another dispute that has nothing whatever to do with the discovery actually needed to respond to the two pending motions. No discovery is needed to define Motorola's trade secrets. And Motorola provides virtually no explanation as to why the documents sought by way of its Rule 26(B)(5)(A) motion are believed to have anything to do with corroborating the conception of the claimed inventions

recited in the Lemko Patents. Indeed, nearly all of the documents which Motorola is seeking post-date the July 16, 2004 corroborated conception date of the earliest Lemko Patent. The timing of Motorola's motion – filed approximately ten minutes before midnight on the same day that Lemko had filed its motion to compel the Court-Ordered depositions of Messrs. Pan, Labun and Toler– speaks volumes. Motorola's intent here is to delay, plain and simple.[1]

As an initial matter, two of the allegations set forth in Motorola's motion are incorrect. First and foremost, Lemko has not "refused" to pay its litigation support vendor, as Motorola falsely alleges in a footnote at page 2 of its motion. This is not a matter of Lemko wanting or not wanting to pay its vendor. Rather, Lemko's present inability to pay its vendor is a direct result of Motorola having bled Lemko's financial resources to death over the past three years. The black cloud which this litigation has created over Lemko's head continues to hamper Lemko's ability to secure investments and customers. Motorola's suggestion that Lemko has "refused" to pay its vendor as part of some calculated effort to forego the production of documents from its May 11, 2010 privilege log is unfounded.

Second, the documents listed on Lemko's May 11, 2010 privilege log were not "generated from the May 29 [2009] images of Defendant Pan and Defendant Wu's [home] computers," as Motorola states at page 2 of its motion. Of the 169 entries on the May 11, 2010 privilege log, Lemko believes that the only documents which were generated by the Pan/Wu home computers are those documents identified in the log by a 5-digit reference number. This constitutes a total of 6 documents, not all of which are the subject of Motorola's motion. Lemko has been able to

---

[1] One member of Motorola's counsel of record has informed counsel for Lemko that she is on trial in New Jersey this week. Even so, that still leaves 11 attorneys of record from the Winston & Strawn and Nixon Peabody law firms, any one of whom could have handled the depositions of Messrs. Pan, Labun and Toler that were to go forward this week.

track down what it believes to be correct copies of those documents and is providing them to counsel for Motorola today.

As for the remaining entries on the May 11, 2010 privilege log which are the subject of Motorola's motion, many of those documents have already been produced by Lemko a full week prior to the filing of Motorola's motion. Indeed, on September 30, 2011, counsel for Lemko sent counsel for Motorola an email which stated the following in reference to a document production CD which had been sent out that day:

> The CD also includes the documents (see LEMKO1001955 – LEMKO1001981) which were previously identified as entries 91, 92, 94, 97, 98, 111, 114, 115, 117, 119, 122 and 124 on Lemko's May 11, 2010 privilege log.

Motorola provides no explanation why it has now filed a motion seeking production of these documents from Lemko. Along the same lines, many entries from the May 11, 2010 privilege log are derived from underlying documents generated by Jeff Toler as indicated by the description "Email forwarding email from Jeff Toler." (See, e.g., May 11, 2010 Privilege Log, Ref. Nos. 5, 7, 9, 10, 32, 33, 34, 36, 46, 47, 53, 54, 59, 61, 64, 80, 83, etc.). Mr. Toler has already produced his responsive documents to Motorola, and any information that could conceivably relate to either of the pending summary judgment motions – even under Motorola's incredibly strained interpretation of relevance – would be reflected in those documents.

Further, most of the entries from the May 11, 2010 privilege log which are the subject of Motorola's motion clearly have no relevance to either of the two pending summary judgment motions. Here are but a few examples:

- December 8, 2004 email from Nicholas Labun to Ray Howell responding to forwarded email from Jeff Toler, Esq. to R. Howell providing **legal advice on trademark registration**. (May 11, 2010 Privilege Log, Ref. No. 4);

- December 9, 2004 email from Nicholas Labun to Ray Howell forwarding email from Jeff Toler, Esq. to R. Howell providing **legal advice on trademark registration**. (May 11, 2010 Privilege Log, Ref. No. 5);

- July 1, 2006 email from Ray Howell to Bo Pyskir forwarding email from Jeff Toler, Esq. requesting information in order to provide **legal advice regarding Ericsson**. (May 11, 2010 Privilege Log, Ref. No. 32);

- July 17, 2006 email from Ray Howell to Bo Pyskir forwarding email from Jeff Toler, Esq. reflecting **legal advice regarding trademark applications**. (May 11, 2010 Privilege Log, Ref. No. 33);

- June 15, 2007 email exchange between Shaowei Pan and various Lemko engineers regarding request for legal advice from M. Davidson, Esq. **regarding immigration status and process**. (May 11, 2010 Privilege Log, Ref. No. 55);

- June 29, 2007 email from Faye Vorick to the Lemko technology development team conveying legal advice received from Mark Reed, Esq. on status and **strategy as to ongoing trademark prosecution**. (May 11, 2010 Privilege Log, Ref. No. 57);

- July 1, 2008 email from Faye Vorick to Bo Pyskir forwarding email from F. Vorick to Jeff Toler, Esq. seeking **legal advice regarding trademark filings**. (May 11, 2010 Privilege Log, Ref. No. 116);

Trademark registrations and employee immigration status – these are the documents which Motorola alleges to be so critical to its ability to respond to the pending summary judgment motions. The writing is on the wall as to what Motorola's intentions are here.

Finally, Lemko is in the process of trying to track down each and every document that is the subject of Motorola's motion. This is not a simple process. To the extent that documents which align with the sought-after privilege log entries can be located, they will be produced immediately to Motorola. In the meantime, Lemko submits that there is no rational in holding up the depositions of Messrs. Pan, Labun and Toler on this basis. Indeed, nearly all of the documents which Motorola is seeking post-date the July 16, 2004 corroborated conception date of the earliest Lemko Patent. In the extremely unlikely event that the sought-after documents reveal some landmark piece of evidence which Motorola considers to be highly pertinent to either of the two pending summary judgment motions, the depositions can be continued as to

- 5 -

those documents, and the summary judgment briefing schedule adjusted accordingly. At present, however, there is no justification to do so.

                                        Respectfully submitted,

                                        */s/ Raymond P. Niro*
Raymond P. Niro
Raymond P. Niro, Jr.
Robert A. Conley
Brian E. Haan
Joseph A. Culig
NIRO, HALLER & NIRO
181 W. Madison, Suite 4600
Chicago, IL 60602
(312) 236-0733
Fax: (312) 236-3137
RNiro@nshn.com; RNiroJr@nshn.com;
RConley@nshn.com; BHaan@nshn.com;
JCulig@nshn.com

Attorneys for Lemko Corporation, Shaowei Pan, Xuefeng Bai, Nicholas Labun, Bohdan Pyskir, Hechun Cai, Jinzhong Zhang, Ankur Saxena, Faye Vorick and Nicholas Desai

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 10, 2011 the foregoing

### LEMKO'S COMBINED RESPONSE TO MOTOROLA'S RULE 26(B)(5)(A) MOTION AND REPLY SUPPORTING ITS MOTION TO COMPEL MOTOROLA TO ADHERE TO DEPOSITION SCHEDULE

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record.

*Counsel for Motorola*

| | | |
|---|---|---|
| Dan K. Webb | R. Mark Halligan | John A. Chatowski |
| James E. McComb | Deanna R. Swits | Robert A. Weikert |
| Joanna R. Travalini | Jason T. Kunze | NIXON PEABODY LLP |
| Lawrence R. Desideri | Jodi R. Wine | One Embarcadero Center, 18th Floor |
| Maureen L. Rurka | Michael C. Hallerud | San Francisco, CA 94111 |
| WINSTON & STRAWN LLP | NIXON PEABODY LLP | jchatowski@nixonpeabody.com |
| 35 West Wacker Drive | 300 South Riverside Plaza, 16th Floor | rweikert@nixonpeabody.com |
| Chicago, IL 60601-9703 | Chicago, IL 60606 | |
| dwebb@winston.com | rhalligan@nixonpeabody.com | |
| emccomb@winston.com | dswits@nixonpeabody.com | |
| jtravalini@winston.com | jkunze@nixonpeabody.com | |
| ldesideri@winston.com | jwine@nixonpeabody.com | |
| mrurka@winston.com | hallerud@nixonpeabody.com | |

*Counsel for Xiaohong Sheng*
Thomas Howard Geoghegan
Michael Paul Persoon
DESPRES SCHWARTZ & GEOGHEGAN
77 West Washington Street - Suite 711
Chicago IL 60602
admin@dsgchicago.com
mike.persoon@gmail.com

*Counsel for Hanjuan Jin*
Telly Stefaneas
TELLY STEFANEAS, ESQ.
53 West Jackson Boulevard - Suite 1437
Chicago, IL 60604
telly_stefaneas@me.com

*Counsel for Xiaohua Wu*
William J. Leonard
WANG, LEONARD & CONDON
33 North LaSalle Street - Suite 2020
Chicago, IL 60602
williamjleonard@yahoo.com

*Counsel for Angel Favila*
Karen Beverly
ADAMSKI & CONTI
100 North LaSalle Street - Suite 1720
Chicago, IL 60602
kbeverly@adamskiandconti.com

*Counsel for Raymond Howell*
Isabella I Wells
LAW OFFICES OF ISABELLA I. WELLS, P.C.
415 N. LaSalle - Suite 301
Chicago, IL 60654
isabellawells@gmail.com

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

                                               */s/ Raymond P. Niro*
                                               NIRO, HALLER & NIRO