**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MOTOROLA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LEMKO CORPORATION, XIAOHONG SHENG, SHAOWEI PAN, HANJUAN JIN, XIAOHUA WU, XUEFENG BAI, NICHOLAS LABUN, BOHDAN PYSKIR, HECHUN CAI, JINZHONG ZHANG, ANGEL FAVILA, ANKUR SAXENA, RAYMOND HOWELL, FAYE VORICK, and NICHOLAS DESAI, | ) ) ) ) ) ) ) ) | Case No. 08 CV 5427 |
| Defendants. | ) | Judge Matthew F. Kennelly |
| * * * * * * * * * * * * * * | ) ) | Magistrate Judge Geraldine Soat Brown |
| LEMKO CORPORATION, SHAOWEI PAN, XIAOHUA WU and XIAOHONG SHENG, | ) ) ) | |
| Counter-Plaintiffs, | ) ) | |
| v. | ) ) | |
| MOTOROLA, INC., | ) ) | |
| Counter-Defendant. | ) | |

**XIAOHUA WU'S AMENDED MOTION TO COMPEL
DISCOVERY FROM MOTOROLA**

Defendant/Counter-Plaintiff Xiaohua Wu (hereinafter referred to as "Wu"), by her attorney and pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(iii) and (iv), hereby moves this Court to compel Plaintiff/Counter-Defendant Motorola, Inc. (n/k/a Motorola Solutions, Inc. and hereinafter referred to as "Motorola"), to answer and respond to Wu's discovery, and in support thereof, states as follows:

1.      On September 21, 2010, Wu propounded interrogatories and requests for production on Motorola. See Xiaohua Wu's First Set of Interrogatories to Motorola attached as Exhibit A and Xiaohua Wu's First Set of Requests for Production to Motorola attached as Exhibit B.

2.      At the request of Motorola's counsel, Mr. Michael Hallerud, the deadline for Motorola's responses to Wu's discovery was extended to November 9, 2010. See email from Mr. Hallerud confirming extension of time attached as Exhibit C.

3.      Motorola served its answers and responses to Wu's discovery on November 9, 2010. See Motorola, Inc.'s Objections and Responses to Xiaohua Wu's First Set of Interrogatories to Motorola attached as Exhibit D and Motorola, Inc.'s Responses and Objections to Xiaohua Wu's First Set of Requests for Production to Motorola attached as Exhibit E.

4.      Pursuant to Local Rule 37.2, the undersigned counsel certifies that he conferred in good faith with Motorola's counsel, Mr. Michael Hallerud, on November 15, 2010, in an effort to obtain complete answers and responses from Motorola to Wu's discovery without the need for action by the Court.

5.      The undersigned sent follow-up e-mails to Mr. Hallerud on December 6, 2010 and February 9, 2011, and received a responding email on February 16, 2011, in which Mr. Hallerud acknowledged owing "a response, after the court's stay is lifted, outlining Motorola's positions with respect to the points raised in our Rule 37 conference." See emails between counsel attached (in reverse chronological order) as Exhibit F.

6.      Following the lifting of the stay on general discovery, the undersigned sent follow-up e-mails to Mr. Hallerud on August 5, 2011 and August 22, 2011, regarding Motorola's

response to Wu's discovery. See emails to Mr. Hallerud attached (in reverse chronological order) as Exhibit G.

7. On August 23, 2011, the undersigned spoke to Mr. Hallerud who promised to provide Motorola's response by the following day. See confirming email to Mr. Hallerud attached as Exhibit H.

8. On August 24, 2011, Mr. Hallerud sent a letter detailing Motorola's response to the issues raised by the undersigned on the Rule 37 conference. In particular, Mr. Hallerud, on behalf of Motorola, agreed to "report its prior production of responsive documents by Bates numbers and, if that production is incomplete, [to] supplement its prior production" for Requests for Production Nos. 1, 2, 4, 5, 7, 8 and 9, and to produce documents responsive to Request for Production No. 10 as limited. In addition, Mr. Hallerud, on behalf of Motorola, agreed to answer Interrogatory No. 4 as described in the letter, to either supplement its response to Interrogatory No. 6 "or advise otherwise," to supplement its response to Interrogatory No. 12, and "to investigate anew, including contacting the sources [suggested by the undersigned], to determine whether there are persons whom Interrogatory No. 13 requests be identified." See Mr. Hallerud's letter attached as Exhibit I.

9. The undersigned sent e-mails with attached letters to counsel for Motorola on November 29, 2011 and December 2, 2011, and a follow-up e-mail to Mr. Hallerud on December 7, 2011, requesting the supplemental responses to Wu's discovery as promised in Mr. Hallerud's letter. Mr. Hallerud responded with an e-mail to the undersigned on December 7, 2011, stating, "You can expect that Motorola will, to the best of its ability and as timely as possible, supplement its discovery responses as committed. However, some information

requested by Dr. Wu is not within Motorola's possession." See emails between counsel attached (in reverse chronological order) as Exhibit J.

10. The undersigned spoke to Mr. Hallerud at the conclusion of Wu's second deposition taken on December 8, 2011, and asked when the supplemental responses from Motorola could be expected. Mr. Hallerud advised that he had been working diligently on this matter since August 24, 2011, but could not provide a firm date for Motorola's supplemental response. He also advised that some of the responsive information was with the "other" Motorola entity, complicating Motorola Solutions' ability to supplement its discovery responses.

11. The undersigned originally filed this Motion to Compel on December 14, 2011, with a notice date of December 20, 2011. Since that time, Motorola has supplemented its responses four times, on December 16, 2011 (see first supplement attached as Exhibit K), on January 3, 2012 (see second supplement attached as Exhibit L), on January 9, 2012 (see third supplement attached as Exhibit M), and on January 18, 2012 (see fourth supplement attached as Exhibit N).

12. Despite being supplemented four times, Motorola's responses to Wu's discovery requests are still deficient on several points as described below.

13. First, Wu's Interrogatory Nos. 4 and 6 ask Motorola to identify each person whose network activity records and emails were reviewed as part of the internal investigation commenced by Motorola allegedly as a result of the Hanjuan Jin affair. (See Exhibit A, p. 3.) In its initial answers to said interrogatories, among other objections, Motorola objected on the basis that to identify the persons who were investigated as a result of the Jin affair would invade such persons' privacy. Notwithstanding said objections, Motorola identified the persons named as defendants in the present suit who were active employees at the time of the Jin affair (namely

4

defendants Wu, Sheng, Bai and Jin). In its only supplement of its answers to Interrogatory Nos. 4 and 6, Motorola stated that the emails of persons identified by code as E, I, V, X, Y, Z and AA were examined and that the Compass access records and/or other network logs for the person identified by code I were examined and the Compass access records and/or other network logs of the persons identified by code as E, V, X, Y, Z and AA "may have been" examined as part of Motorola's internal investigation. (See Exhibit L, pp. 3-4.) The undersigned spoke to Ms. Wine and Ms. Rurka about this issue on Jan. 10, 2012, at which time Ms. Rurka suggested that if Ms. Wu agreed in advance that she would not seek to depose any of the persons currently identified only by code in Motorola's answers, Motorola may be willing to disclose those persons' identities. Earlier today, January 19, 2012, the undersigned advised Ms. Wine and Ms. Rurka that Ms. Wu would agree to Ms. Rurka's suggestion, but the undersigned has not heard back from Motorola's counsel on this issue. If Motorola does not voluntarily agree to identify the other persons it investigated along with Wu, subject to Wu's agreement not to seek to depose said persons based on Motorola's claim that it would invade their privacy, the Court should order Motorola to do so without any restriction on Wu's ability to depose such persons. The protective order in place in this case is sufficient to protect any legitimate privacy concerns the unknown investigatees may have.

14. Second, but related to the first point above, Wu's Requests for Production Nos. 2 and 5 seek the production of all network activity records and emails (other than Wu's) reviewed by Motorola as part of the internal investigation allegedly resulting from the Jin affair. (See Exhibit B, p. 4.) Motorola's response to RFP No. 2, which was never supplemented and is false, stated that "Motorola has previously produced all responsive documents which are not privileged or protected from disclosure under the work product doctrine as attorney work product." (See

5

Exhibit E, p. 4.) Similarly, Motorola's response to RFP No. 5, which was never supplemented and is incomplete, stated that "Motorola has previously produced all responsive documents pertaining to Defendants." (See Exhibit E, p. 5.) Motorola's response to RFP No. 2 is clearly false because Motorola has not produced the network activity records of all of the persons besides Wu who were investigated by Motorola after Jin was detained at O'Hare airport, and the withheld records cannot be claimed as privileged or as work product. Motorola should be ordered to produce all such records immediately. Likewise, Motorola has no justification to withhold the emails that it reviewed as part of its Jin investigation. It should be ordered to produce all of the emails, not just the ones pertaining to the named defendants.

15. Third, Wu's Interrogatory No. 12 asks Motorola to identify and provide other information for each person who participated in or became aware of the substance of a key May 17, 2007, conference call involving Wu, a Motorola attorney and others. (See Exhibit A, p. 4.) In its initial answer to said interrogatory, after again raising many objections, Motorola listed the names of seventeen persons who "were invited to participate in said conference call." (See Exhibit D, p. 10.) Upon being asked to provide more specifics, Motorola has supplemented its answer to Interrogatory No. 12 three times. (See Exhibit L, pp. 5-6, Exhibit M, pp. 5-6, and Exhibit N, pp. 3-5.) The upshot of all of the supplements is that Motorola has identified three persons as being involved in the conference call, has listed several others who may have been involved, but don't recall, and others still who recently left Motorola's employ and Motorola apparently did not consult with them about this interrogatory while they were still with the company. It should be noted that the email invitation circulated prior to the subject conference call stated that all but one of the invitees were required to attend. (MOT 2769006.) In addition, on information and belief, all such conference calls during that time frame of Wu's employment

6

at Motorola were recorded, both by AT&T, the telephony provider for Motorola, and by Motorola's own internal IT system. To the extent Motorola claims that individuals no longer recall participating in a conference call they were required to attend or that it never got around to trying to obtain the information necessary to answer Interrogatory No. 12 until many of the probable participants had left Motorola's employ, it should be ordered to produce any records it has, including actual audio recordings of the conference call itself, that would confirm the persons who participated in the call.

16. Fourth, in Motorola's response to Wu's Request for Production No. 10, Motorola stated that, "..., Motorola will produce, subject to the highest level of security afforded by applicable protective orders in the action, all documents comprising or relating to the disclosure and the Patent Committee consideration and disposition of Innovation Disclosure No. CML06366 (51761). (See Exhibit E, p. 7.) Despite this statement, Motorola has not produced any documents responsive to RFP No. 10. It should be ordered to do so immediately.

17. Fifth, Wu's Request for Production No. 12 seeks all documents related to Wu that were created, received, possessed or seen by, or communicated to in any way, any person who participated in or became aware of the substance of any discussions between Motorola and representatives of Company A in 2007 regarding the IPR review performed, in part, by Wu. (See Exhibit B, p.5.) In its supplemental response to said RFP, Motorola states that "documents responsive to this request, if any, are not within the possession, custody, or control of Motorola Solutions, Inc. Motorola has requested the cooperation and assistance of third party Nokia Siemens Networks to search for responsive documents, and will produce responsive documents if and when any are located after a reasonable search." (See Exhibit K, p. 14.) Wu has requested a complete response, given that her requests were served, and the subsequent Rule 36 conference

was held, well before Motorola sold its network business to NSN in July of 2011. Motorola insists it cannot be forced to produce items which it does not currently possess or control. Wu believes Motorola must have entered into cooperation agreement with NSN and, therefore, is capable of producing documents responsive to RFP No. 12, and should be ordered to do so immediately.

WHEREFORE, Wu respectfully requests that this Court grant her motion and compel Motorola Solutions, Inc. to supplement its discovery responses by a date certain as follows:

a. fully answer Wu's Interrogatory Nos. 4 and 6;

b. provide a full response to Wu's RFP Nos. 2 and 5;

c. fully answer Wu's Interrogatory No. 12;

d. provide a full response to Wu's RFP No. 10;

e. provide a full response to Wu's RFP No. 12; and

grant Wu such other and further relief as the Court deems appropriate and just.

Date: January 19, 2012              Respectfully submitted,

                                    /s/    William J. Leonard
                                    Attorney for Xiaohua Wu

William J. Leonard
bill.wlc@gmail.com
Wang, Leonard & Condon
33 N. LaSalle St., Ste.2020
Chicago, IL 60602
(312)382-1668

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Motion to Compel was served on all counsel who are deemed to have consented to electronic service. Fed. R. Civ. P. 5(b)(2)(D) and Local Rule 5.9.

Date: January 19, 2012                    Respectfully submitted,

/s/    William J. Leonard
Attorney for Xiaohua Wu

William J. Leonard
bill.wlc@gmail.com
Wang, Leonard & Condon
33 N. LaSalle St., Ste.2020
Chicago, IL 60602
(312)382-1668