# EXHIBIT B

to Xioahua Wu's Amended Motion to Compel Discovery from Motorola

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MOTOROLA, INC., a Delaware corporation, ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | Case No. 08 CV 5427 |
| ) | |
| XIAOHUA WU, et al., ) | Judge Matthew F. Kennelly |
| ) | |
| Defendants/Counter-Plaintiffs, ) | Magistrate Judge Geraldine Soat Brown |
| ) | |
| and ) | |
| ) | |
| HANJUAN JIN, et al., ) | |
| ) | |
| Defendants. ) | |

## XIAOHUA WU'S FIRST SET OF REQUESTS FOR PRODUCTION TO MOTOROLA

Pursuant to Fed. R. Civ. P. 34, Defendant/Counter-Plaintiff Xiaohua Wu ("Wu") hereby requests that Plaintiff/Counter-Defendant Motorola, Inc. ("Motorola") produce the documents and things requested below, in accordance with the Definitions and Instructions herein, at the office of the undersigned attorney for Xiaohua Wu within thirty (30) days of the date of service.

### Definitions and Instructions

1. The term "Motorola" shall refer to Plaintiff/Counter-Defendant Motorola, Inc., and any current or former affiliated or related entities, including, but not limited to, parent companies, subsidiaries, predecessors and joint ventures, as well as any of their current or former officers, directors, employees, attorneys, agents, consultants and other persons acting or purporting to act on Motorola's behalf.

2. The term "Wu" shall refer to Defendant/Counter-Plaintiff Xiaohua Wu.

3. The term "person" means any natural person, corporation, company, association, partnership, firm, governmental body, hospital, charitable institution or other entity.

4. The term "document" means the original and any non-identical copy of any written, printed or graphic material, photographic matter, sound reproduction, or computer input, output or extract

(whether image, data, or code), including any correspondence, teletype message, memorandum of oral statements, conversations and/or events, letters, emails, facsimiles, telegrams, personnel files, notes, reports, compilations, studies, tabulations, tallies, maps, diagrams, sketches, graphs, plans, pictures, records, securities, certificates, certificates of deposit, agreements, contracts, or licenses, however produced, reproduced or recorded, whether physically, mechanically, or electronically, which: 1) is now or was formerly in the possession, custody or control of Motorola, or 2) is known or believed to be responsive to any of the following requests, regardless of who now has or formerly had custody, possession or control.

5. The term "electronic media" means video, CD-ROM, DVD, floppy diskette, tape, zip disk, thumb drive, video or audio recordings or other type of media, whether in analog or digital format.

6. The term "communication" means the transmittal of information, including, but not limited to, documents, writings, recordings, correspondence, computer files and printouts, and email.

7. If any document would be responsive to any request, and the document was at one time in existence, but has been lost, discarded, or destroyed, identify such document as completely as possible, providing as much of the following information as possible:

    a.    the type of document;
    b.    its date;
    c.    the date or approximate date the document was lost, discarded, or destroyed;
    d.    the reason or reasons for its loss or destruction;
    e.    the circumstances and manner in which it was lost, discarded, or destroyed;
    f.    the identity of each person who authorized the disposal or destruction of the document and/or has knowledge of the circumstances surrounding the disposal or destruction of the document;
    g.    the identity of each person who lost, discarded, or destroyed the document; and
    h.    the identity of each person who has knowledge of the contents of the document.

8. The words "identify" or "identity," when used with regard to a natural person, require that the full name, current or last known residential address, and current or last known residential and cellular telephone number of such person be provided, along with the name, address and telephone number of such person's current or last known employer.

9. The words "identify" or "identity," when used with regard to a person (other than a natural person) as defined herein, require that the current or last known legal name, current or last known corporate headquarters, principal place of business or primary office address and telephone number be provided.

10. The words "identify," "identity" or "identification," when used with regard to a document, mean that the date, description, subject matter, substance, name of author or creator, and name of each known or intended recipient of such document be provided. If the above information is not available, some other means of identifying it, and its present location and the name of each of its present custodians should be provided.

11. "Relate" "relates" or "relating" shall each mean and include contain or containing, constitute or constituting, comprise or comprising, refer or referring, represent or representing, describe or describing, discuss or discussing, and record or recording, explain or explaining, portray or portraying, and depict or depicting.

12. "Date" means the exact day, month, and year if ascertainable, or if not ascertainable, the best approximation of the date. An approximation may include explaining the date in terms of relationship to other events.

13. Unless the text clearly requires otherwise, you should interpret the singular form of a word to include the plural and vice versa; the conjunctive "and" to include the disjunctive "or" and vice versa; the word "any" to include the word "all" and vice versa; and the past tense of a word to include the present tense and vice versa.

14. If you assert that any request is objectionable, please specify according to Federal Rule of Civil Procedure 34(b)(2)(C) which part is objectionable and the reasons. If you assert that part of a request is objectionable, please permit inspection to the rest.

15. For each document withheld by Motorola pursuant to any claim of privilege, work product or otherwise, state:

    a.    the identity of each person who authored or created the document;
    b.    the date the document was authored or created by each person identified in a. above;
    c.    the identity of each recipient of the document;
    d.    the date the document was received by each person identified in c. above;
    e.    the identity of each person not already identified in a. or c. above who has ever seen or possessed the document;
    f.    the date the document was seen or possessed by each person identified in e. above.
    g.    a description of the document in sufficient detail to enable the Court and the other parties to evaluate Motorola's claim of privilege or work product; and
    h.    the basis of the claim of privilege or work product.

## Requests for Production

1.    A true and accurate copy of all documents and communications that relate or refer to Motorola's internal investigation of Wu ("the Investigation"), including, but not limited to, Motorola's network activity records for Wu, the forensic images of Wu's computers, Wu's e-mail traffic, and all e-mails between and among any or all of the persons involved in the Investigation that relate or refer to Wu in any way.

**RESPONSE:**

2. A true and accurate copy of all network activity records (other than Wu's) reviewed by Motorola as part of any or all internal investigations commenced by Motorola as a result of the detention of Hanjuan Jin at O'Hare Airport in February, 2007.

**RESPONSE**:


3. A true and accurate copy of all network activity records (other than those reviewed by Motorola as part of any or all internal investigations commenced by Motorola as a result of the detention of Hanjuan Jin at O'Hare Airport in February, 2007) for any and all engineers employed by Motorola Labs in Schaumburg, Illinois from January 1, 2005 to the present.

**RESPONSE**:


4. A true and accurate copy of all forensic images (other than of Wu's computers) captured by Motorola as part of any or all internal investigations commenced by Motorola as a result of the detention of Hanjuan Jin at O'Hare Airport in February, 2007.

**RESPONSE**:


5. A true and accurate copy of all e-mail traffic (other than Wu's) accessed and/or reviewed by Motorola as part of any or all internal investigations commenced by Motorola as a result of the detention of Hanjuan Jin at O'Hare Airport in February, 2007.

**RESPONSE**:


6. A true and accurate copy of all e-mail traffic (other than that accessed and/or reviewed by Motorola as part of any or all internal investigations commenced by Motorola as a result of the detention of Hanjuan Jin at O'Hare Airport in February, 2007) for any and all engineers employed by Motorola Labs in Schaumburg, Illinois from January 1, 2005 to the present.

**RESPONSE**:


7. A true and accurate copy of all documents and communications that relate or refer to Wu in any way and that were created, received, possessed or seen by, or communicated to in any way, from January 1, 2007 to December 13, 2007, any person identified by Motorola in its answer to Interrogatory 2 of Wu's First Set of Interrogatories to Motorola.

**RESPONSE**:

8. A true and accurate copy of all documents and communications that relate or refer to Wu in any way and that were created, received, possessed or seen by, or communicated to in any way, from January 1, 2007 to December 13, 2007, any person identified by Motorola in its answer to Interrogatory 8 of Wu's First Set of Interrogatories to Motorola.

**RESPONSE**:

9. A true and accurate copy of all documents and communications that relate or refer to Wu in any way and that were created, received, possessed or seen by, or communicated to in any way, from January 1, 2007 to December 13, 2007, any person identified by Motorola in its answer to Interrogatory 9 of Wu's First Set of Interrogatories to Motorola.

**RESPONSE**:

10. A true and accurate copy of all documents and communications that relate or refer to Wu in any way and that were created, received, possessed or seen by, or communicated to in any way, from January 1, 2007 to December 13, 2007, any person identified by Motorola in its answer to Interrogatory 10 of Wu's First Set of Interrogatories to Motorola.

**RESPONSE**:

11. A true and accurate copy of all documents and communications that relate or refer to Wu in any way and that were created, received, possessed or seen by, or communicated to in any way, from January 1, 2007 to December 13, 2007, any person identified by Motorola in its answer to Interrogatory 12 of Wu's First Set of Interrogatories to Motorola.

**RESPONSE**:

12. A true and accurate copy of all documents and communications that relate or refer to Wu in any way and that were created, received, possessed or seen by, or communicated to in any way, from January 1, 2007 to December 13, 2007, any person identified by Motorola in its answer to Interrogatory 13 of Wu's First Set of Interrogatories to Motorola.

**RESPONSE**:

13. A true and accurate copy of all documents and communications that relate or refer to any and all patent disclosures submitted to a Motorola Intellectual Property Award Plan Committee involving source code and algorithmic innovation similar to Wu's innovation between January 1, 2000, and the present.

**RESPONSE**:

14. A true and accurate copy of all documents and communications that relate or refer to any and all instances when a Motorola employee e-mailed or otherwise took work home and/or linked to the Motorola network using a non-Motorola computer.

**RESPONSE**:

15. A true and accurate copy of all documents and communications that relate or refer to the grand jury subpoenas received by Motorola related to Wu, including, but not limited to, all documents and other things produced by Motorola in response to said subpoenas.

**RESPONSE**:

16. A true and accurate copy of all documents and communications from February 1, 2007 to December 13, 2007, between and among any persons identified by Motorola in its answers to Interrogatories 2, 8, 9, 10, 12 and/or 13 of Wu's First Set of Interrogatories to Motorola.

**RESPONSE**:

Date: September 21, 2010    /s/   William J. Leonard

William J. Leonard (IL Atty No. 6225444)
williamjleonard@yahoo.com

**Wang, Leonard & Condon**
33 N. LaSalle Street, Suite 2020
Chicago, Illinois 60602
Off: (312) 782-1668
Fax: (312) 782-1669

*Attorney for Defendant/Counter-Plaintiff Xiaohua Wu*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the attached **XIAOHUA WU'S FIRST SET OF REQUESTS FOR PRODUCTION TO MOTOROLA** was served via electronic mail, this 21st day of September, 2010, upon the following:

> Robert Mark Halligan  rhalligan@nixonpeabody.com
> Jodi Rosen Wine  jwine@nixonpeabody.com
> Deanna R. Swits  dswits@nixonpeabody.com
> Jason T. Kunze  jkunze@nixonpeabody.com
> Michael Christian Hallerud  hallerud@nixonpeabody.com
> Nixon Peabody LLP
> 300 S. Riverside Plaza, Suite 1600
> Chicago, IL 60601-3213
>
> Michael Dean Karpeles  karpelesm@gtlaw.com
> Charles B. Leuin  leuinc@gtlaw.com
> Jonathan Hale Claydon  claydonj@gtlaw.com
> Richard Daniel Harris  harrisr@gtlaw.com
> Barry Ryan Horwitz  horwitzb@gtlaw.com
> Greenberg Traurig
> 77 W. Wacker Dr., Suite 3100
> Chicago, IL 60601
>
> Michael Paul Persoon  mike.persoon@gmail.com
> Jorge Sanchez  attysanchez@gmail.com
> Thomas Howard Geoghegan  dsg77@aim.com
> Despres Schwartz & Geoghegan, Ltd.
> 77 W. Washington St., Suite 711
> Chicago, IL 60602
>
> Telly Stefaneas  telly_stefaneas@me.com
> Cantwell & Cantwell
> 30 N. LaSalle St., Suite 2850
> Chicago, IL 60602
>
> Gregory Adam Adamski  GAAdamski@adamskiandconti.com
> Adamski & Conti
> 100 N. LaSalle St., Suite 1720
> Chicago, IL 60602
>
> Isabella I. Wells  isabellawells@gmail.com
> Isabella I. Wells, P.C.
> 415 N. LaSalle St., Suite 301
> Chicago, IL 60654

H. Michael Hartmann   mhartmann@leydig.com
David M. Airan   dairan@leydig.com
Leydig Voit & Mayer Ltd.
Two Prudential Plaza
180 North Stetson Avenue, Suite 4900
Chicago, IL 60601-6731

Stanley Young   syoung@cov.com
Robert T Haslam   rhaslam@cov.com
Ashley Elizabeth Miller   amiller@cov.com
Matthew James Hawkinson   mhawkinson@cov.com
Michael Patrick Wickey   mwickey@cov.com
Nitin Subhedar   nsubhedar@cov.com
Covington & Burling LLP
333 Twin Dolphin Dr., Suite 700
Redwood Shores, CA 94065